UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHARLES R. BEMBRY and MICHAEL POOLE

            Plaintiffs,

    - against -

NEW YORK METRO AREA POSTAL UNION,
AMERICAN POSTAL UNION, AFL-CIO,
CLARICE TORRENCE,

            Defendants
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**



08 CV 02369 (VM)(FM)
RECEIVED
JUN 0 6 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, Charles R. Bembry ("Bembry") and Michael Poole ("Poole") by their attorney, Robert N. Felix, Esq., for their First Amended Complaint against Defendants allege as follows:

### INTRODUCTION AND SUMMARY OF ACTION

1. This civil action arises pursuant to Section 201(c) of the Labor-Management Reporting and Disclosure Act of 1959, as amended, ("LMRDA") 29 U.S.C. § 431(c), and involves a dispute over access by plaintiffs to financial books, records and accounts of defendants, New York Metro Area Postal Union, American Postal Workers Union, AFL-CIO, (the "Union" or "NY Metro") and Clarice Torrence, ("Torrence"), an officer and President of the Union, and seeks to enforce a duty imposed by law upon defendants.

2. Plaintiffs, union members and elected officers of NY Metro, seek access to certain records and a permanent injunction against NY Metro, preventing it, and its officers, from refusing to furnish plaintiffs with the information they seek in this action.

3. Pursuant to section 201(b) of the LMRDA, every labor organization must file an annual LM-2 Report with the Secretary of Labor. This Report must

1

      disclose the organization's financial condition and operations for the preceding year, detailing the union's assets, liabilities, and disbursements. 29 U.S.C. § 431(b).

4. Section 201(c), LMRDA, is intended to insure that the information that unions report in its LM-2 Labor Organization Annual Report to the United States Department of Labor is verifiable and that such information, along with the ability to examine books, records and accounts are open to union members upon a showing of just cause.

5. Specifically, section 201(c), LMRDA provides in pertinent part that "[e]very labor organization required to submit a report . . . shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

6. By this suit, plaintiffs who are members and officers of NY Metro, seek to enforce the duty imposed by law upon defendants NY Metro and Clarice Torrence, ("Torrence"), an officer and President of the Union, to permit plaintiffs, who have just cause, to examine and copy relevant books, records, and accounts necessary to verify the Union's receipts and expenditures regarding rental property and a cell phone tower as they relate to the Union's LM-2 Reports for the following periods: from April

2

1, 2006 through March 31, 2007, from April 1, 2005 through March 31, 2006, from April 1, 2004 through March 31, 2005 and seek all remedies provided by law, including reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

7. Jurisdiction and venue is conferred on this Court pursuant to 28 U.S.C. § 1331 and §201(c) of the LMRDA (29 U.S.C. § 431(c)).

## PARTIES

8. Plaintiff Bembry is a citizen of the United States and a resident of the State of New Jersey.

9. Bembry is a member in good standing of NY Metro and holds the elective officer position of Executive Secretary, NY Metro.

10. Plaintiff Poole is a citizen of the United States and a resident of the State of New York.

11. Poole is a member in good standing of NY Metro and holds the elective officer position of Coordinating Vice President, NY Metro.

12. Defendant NY Metro is a labor union, and is an affiliated Local of the American Postal Workers Union, AFL-CIO.

13. Defendant NY Metro's principle place of business is 350 West 31st Street, New York, New York 10001

14. Defendant Torrence is the elected President of NY Metro and is responsible for the daily operations of the Union and *inter alia* is required to "countersign all checks drawn on the union, examine all contracts to which the Union and sign all contracts and other obligations of the Union" as set forth in NY Metro Constitution, Article 7, Section 2.

15. As set forth in NY Metro Constitution, Article 7, Section 2, the President is "responsible for the effective enforcement of the provisions of [the]

Constitution and By-Laws and for ensuring that the rights of the members as individuals and as a group . . . are duly protected and enforced."

## STATEMENT OF FACTS

16. On or about June 28, 2007, defendants filed the LM-2 covering the period April 1, 2006 through March 31, 2007.

17. On or about July 11, 2006, defendants filed the LM-2 covering the period April 1, 2006 through March 31, 2007.

18. On or about June 28, 2005, defendants filed the LM-2 covering the period April 1, 2006 through March 31, 2007.

19. By letter dated August 21, 2007, plaintiffs sought from defendant Torrence, various documents for review, including, so far as relevant herein, (a) an accounting of monies received and spent relating to a cell phone tower at 350 West 31st Street, NYC; (b) details of rents received concerning the operation of floors 1-8 for the Local 10 Building Corporation; (c) all minutes for Local 10 Building Corporation Board of Directors; and (d) a copy of the most recent Trustee Board Report with the names of the Trustees attending.

20. By letter dated August 24, 2007, Torrence denied in its entirety the request for documents and information contained in plaintiffs' August 21, 2007 letter.

21. By letter dated November 9, 2007, plaintiffs made a second request to Torrence, seeking, as is pertinent to this civil action: (a) contracts for the cell phone tower located on the roof at 350 W. 31st Street, New York, NY 10001; (b) financial statements concerning the cell phone tower; and (c) the dates and amounts of the deposits for the money received from the cell phone towers.

22. Plaintiffs in the November 9, 2007 letter claimed that no current or prior LM-2s addressed the cell phone tower.

23. Plaintiffs in the November 9, 2007, as is pertinent to this civil action, also sought and seek herein financial reports for the Local 10 Building Corporation regarding rental income concerning the operation of floors 1-8 for the Local 10 Building Corporation.

24. The last two LM-2s (for years 05-06 and 06-07) do not contain specific financial information for the Local 10 Building Corporation.

25. Receipts stemming from rents are income to the Union; however it is not reflected on the LM-2s filed on July 11, 2006 and June 28, 2007 but is reflected on the LM-2 filed on June 28, 2005 where an amount of $816,585 is recorded.

26. Plaintiffs in the November 9, 2007, as is pertinent to this civil action, also sought and seek herein all minutes for Local 10 Building Corporation Board of Directors; and a copy of the most recent Trustee Board Report with the names of the Trustees attending.

27. By letter dated November 13, 2007, Torrence denied in its entirety the request for documents and information contained in plaintiffs' November 13, 2007, including the items specified above.

28. Per the Union Constitution, the Trustee Board should have meetings at least 4 times per year.

29. There was not a Trustee Board meeting for over a year until January 2008.

30. It has been over a year since there had been a report from the Trustee Board.

31. When the Union bought its building at 350 W. 31st Street, NYC 10001, it established an agreement in 1998 with the Sprint Company to have a cell tower erected atop the building. At that time, then Vice President Tony

5

       Caniano announced at a Union meeting that the Union would be receiving $35,000 per year for the tower which later increased to $60,000 per year.

32. Receipts stemming from its cell tower contracts are income to the Union; however it is not reflected on the LM-2s filed on June 28, 2005, July 11, 2006 and June 28, 2007.

33. Although there is a contract with Sprint for the tower, when plaintiff Bembry was on the Local 10 Building Corporation Board of Directors, President Torrence refused to answer his inquiries about the cell phone towers.

34. Plaintiffs are concerned since there has not been a Building Corporation report or financial accounting for office rents, cell phone tower rents and other assets which could possibly be misappropriated.

35. The chief officers of the Building Corporation are President Torrence, Executive Vice President Clarence Wall and Treasurer Wilfredo Figueroa.

36. Plaintiffs want to verify the payments from the Sprint contract and whether and to which account the monies are deposited.

37. For the period of time plaintiff Bembry was last on the Building Corporation Board of Directors, which is two years ago, there were no meetings or subsequent Minutes recorded or distributed.

38. There are no records of rents collected or how monies are disbursed for the Building Corporation.

39. Plaintiff has exhausted all possible avenues of address with NY Metro and Torrence with respect to claims under the LMRDA.

## DAMAGES

40. As a direct and proximate consequence of defendants' unlawful actions, plaintiffs has suffered an infringement of important federal statutory rights

and have incurred attorney's fees and costs to vindicate their rights under the LMRDA.

## AS AND FOR A CLAIM FOR RELIEF

41. Plaintiffs reallege each of the allegations set forth in all prior paragraphs as if fully set forth here.

42. At all relevant time's plaintiffs are and were members of NY Metro and elected officers of said union and are and were entitled to the rights, protections and benefits provided under the LMDRA.

43. Because union members are often in the best position to discover union corruption and have a vested interest in honest union leaders, Section 201(c), LMRDA requires unions to make available to their members those records which purportedly corroborate the LM-2 reports.

44. Plaintiffs have met the "just cause" requirement of the LMRDA and are entitled to examine the books, records and accounts and related records of NY Metro to verify the last three (3) LM-2 Reports filed by the Union.

45. The just cause requirement under LMRDA simply entails a showing that the union members have some reasonable basis to question the accuracy of the union's annual financial reports submitted to Secretary of Labor, or the documents on which it was based, or that information in the annual report has raised reasonable questions about the way union funds were handled. Plaintiffs have met their burden.

46. The Union and Torrence's failure to allow plaintiff's to examine the books, records and accounts and related records of NY Metro to verify the last three (3) LM-2 Reports filed by the Union infringes on protected rights under the LMRDA.

47. Defendants' actions constitute a violation of Section 201(c) of the LMRDA, 29 U.S.C. § 431(c).

48. Plaintiffs request that defendants be required to allow plaintiffs to examine the Union records and further allow plaintiffs to have an accountant and attorney they retain, to be present with them at the time of examination and be permitted to copy such records.

**WHEREFORE** plaintiffs pray that the Court:

a. assume jurisdiction over this action;

b. enjoin defendants and issue a declaratory judgment that the acts, policies, practices and procedures of defendants complained of herein violated plaintiff's rights under § 201 (c) of the LMRDA, 29 U.S.C. §431(c).

c. enter judgment in favor of the plaintiffs, for their claims for relief and order defendants to provide access to plaintiffs of the applicable financial books, records and accounts of defendants, permitting plaintiffs to examine the Union records with an accountant and attorney, of their choosing, and permitting plaintiff's to copy the applicable records;

d. award plaintiffs all costs, expenses, and reasonable attorneys' fees associated with the prosecution of this civil action; and

e. grant such additional or alternative relief as may appear to the Court to be just and proper.

Dated: New York, New York
June 6, 2008

Robert N. Felix **(RF 4229)**
Attorney for Plaintiffs
11 Broadway, Suite 715
New York, N.Y. 10004
(212) 747-1433

<u>CERTIFICATE OF SERVICE</u>

I, Robert N. Felix, Attorney for the Plaintiffs, do hereby certify that on June 6, 2008, Plaintiffs' First Amended Complaint was served by: Mail service: Regular, first class United States mail, postage fully-pre-paid, addressed to:

CARY KANE LLP
Attorney for Defendants
1350 Broadway, Suite 815
New York, NY 11530
212-868-6300

ROBERT N. FELIX **(RF 4229)**
Attorney for Plaintiffs
11 Broadway, Suite 715
New York, New York  10004
Tel.: 212-747-1433
Fax: 212-943-1238
e-mail: felixlaw@yahoo.com