# CARY KANE LLP

ATTORNEYS AT LAW
1350 BROADWAY, SUITE 815
NEW YORK, N.Y. 10018
TELEPHONE (212) 868-6300
FACSIMILE (212) 868-6302
WWW.CARYKANELAW.COM



June 26, 2008

<u>Via ECF and Overnight Mail</u>
Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Room 660
New York, NY 10007-1312

Re:  Bembry et ano. v. New York Metro Area Postal Union et ano.
<u>Case No. 08-CV-2369</u>

Dear Judge Marrero:

This firm represents the New York Metro Area Postal Workers Union, APWU, AFL-CIO (the "Union") and Clarice Torrence (collectively, "defendants") in the referenced matter. We write, pursuant to Your Honor's direction, to respectfully seek dismissal of plaintiffs' Amended Complaint, which was filed in this action on June 9.

Plaintiffs' Amended Complaint purports to seek verification of the Union's LM-2 Reports as to certain information concerning the receipts and disbursements of the Local 10 Building Corporation (the "Building Corporation") for the years 2004-2005, 2005-2006 and 2006-2007.[1] *See* Amended Complaint ¶¶16-19, 21-27, 31-34, and 36.  However, as set forth more fully below, plaintiffs' claims must fail. First, for the period 2005-2006 and 2006-2007, the items plaintiffs claim to seek to verify were not required to be reported on the Union's LM-2 Reports, and were not so reported. There is, therefore, nothing on those LM-2s concerning the Building Corporation which is subject to verification. Second, as to the LM-2 for the period

---

[1] Defendants note that the Statement of Facts incorrectly identifies the periods for all three LM-2s as April 1, 2006 through March 31, 2007. *See* Amended Complaint, ¶¶16-18. However, given the context, defendants assume that plaintiffs intended to identify the periods 2004-2005, 2005-2006 and 2006-2007. Defendants do not state whether they have, in fact reviewed these reports prior to making demands for documents purportedly for use in verifying these reports. The Union's 2004-2005, 2005-2006, and 2006-2007 LM-2 forms are attached herewith as Exhibits A, B, and C, respectively. The Court may consider these documents in the instant motion because they were specifically referenced in the Amended Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *International Audiotext Network, Inc. v. American Telephone and Telegraph Co.*, 62 F.3d 69 (2d Cir. 1995).

# CARY KANE LLP

Honorable Victor Marrero
June 26, 2008
Page 2 of 6

2004-2005, plaintiffs claim to seek verification on the basis that rents and disbursements were not reported, but a review of the LM-2 report in question shows that these amounts were indeed reported as required. Accordingly, plaintiffs' Amended Complaint should be dismissed.

### The LM-2 Reporting Requirements Concerning the
### Building Corporation Have Changed During the 2004-2007 Period

The Building Corporation is a separate corporation from the Union. Up until the 2005-2006 reporting cycle, the Department of Labor required that each union identify whether it had any "subsidiary organizations", which was defined so as to include entities such as the Building Corporation, and further required that each union provide information concerning such corporations by filing a "Subsidiary Report" as an appendix to the Union's LM-2. *See, e.g.,* the Union's 2004-2005 LM-2, p. 1, item 10, and Subsidiary Report appended thereto, attached hereto as Exhibit A.

In 2003, the Department of Labor issued new regulations which required that unions report such information on a "T-1" form, instead of an LM-2 Subsidiary Report. *See* Labor Organization Annual Financial Reports, 68 Fed. Reg. 58374, 58429-30 (October 9, 2003).[2] Under these regulations, the LM-2 was changed such that that financial information concerning any trust "in which a labor organization is interested" (defined so as to include entities such as the Building Corporation) was to be excluded from the LM-2 and instead reported on the T-1 form. *See id.* at 58413. As a result, the Union was no longer required to disclose financial information concerning the Building Corporation with the filing of the LM-2 Form.[3]

---

[2] These regulations were to have taken effect for fiscal years beginning after January 1, 2004. *See* 68 Fed. Reg. at 58374. However, after the decision in *AFL-CIO v. Chao,* 409 F.3d 377 (D.C. Cir. 2005) *(Chao I)* vacated the provisions of the regulations relating to the T-1 report, the changes to the LM-2 Form were apparently delayed. Nonetheless, the revised LM-2 form was in effect when the Union filed its 2005-2006 LM-2. *See* Exhibit B. It should be noted that each year's LM-2 form is provided by the Department of Labor, so the Union was bound to complete the form provided by the Department.

[3] However, to the extent that an entity serves as an investment vehicle for the union, such investments are to be reported as Investments in Schedule 5 of the LM-2. *See* Instructions for Electronic Form LM-2 Labor Organization Annual Report, ("LM-2 Instructions") dated March 3, 2004, available on the internet at http://www.dol.gov/esa/regs/compliance/olms/erds/LM2Instr2-2-04koREVISED.pdf, last accessed June 20, 2008, pages 4-5, 16-17, attached hereto as Exhibit D. As the Building Corporation was such an investment, the Union reported it as such on its 2005-2006 LM-2 and its 2006-2007 LM-2. *See* Exhibit B at Schedule 5, page 8, and Exhibit C at Schedule 5, page 8.

12286_1

CARY KANE LLP

Honorable Victor Marrero
June 26, 2008
Page 3 of 6

The legality of the new rules and regulations concerning the T-1 form was quickly questioned, and, as a result, the T-1 reporting requirements were not implemented. *See AFL-CIO v. Chao*, 409 F.3d 377 (D.C. Cir. 2005) *(Chao I)*. The Department of Labor subsequently reissued the rule requiring T-1 filings in modified form, but the United States District Court for the District of Columbia again invalidated the Department of Labor's T-1 requirement. *See AFL-CIO v. Chao*, 496 F. Supp. 2d 76 (D.D.C. 2007) *(Chao II)*. The T-1 reporting requirements have never been implemented, though as of the date of this letter, the Department of Labor has once again proposed a rule implementing the T-1 reporting requirements. *See* U.S. Department of Labor Electronic Form T-1 Download Page, available on the internet at http://www.dol.gov/esa/regs/compliance/olms/newt1.htm, last accessed June 10, 2008, attached hereto as Exhibit E; *see also* Labor Organization Annual Financial Reports, 73 Fed. Reg. 11754 (March 4, 2008). The Department of Labor did not, however, change the LM-2 form, or the LM-2 Instructions, to once again require that unions disclose information concerning subsidiary companies as part of its LM-2 filing. *See generally* LM-2 Instructions, Exhibit D, and the Union's 2005-2006 and 2006-2007 LM-2 Reports, Exhibits B and C.

As a result of the constant flux concerning the T-1 reporting requirements, unions have not been required to report subsidiary corporations such as the Building Corporation on their LM-2 reports since the 2004-2005 reporting cycle. Nor have unions been required to file the T-1 reports.

### There is Nothing Concerning the Building Corporation in Need of Verification for the 2005-2006 and 2006-2007 LM-2 Periods

Thus, plaintiffs are correct when they state in paragraph 24 that the "last two LM-2s", for the years 2005-2006 and 2006-2007 do not include specific financial information for the Building Corporation.[4] The Department of Labor did not seek such financial information, and there is no place on the LM-2 where such information could be provided. Since financial information concerning the Building Corporation was not required to be provided on the LM-2 forms during the 2005-2006 and 2006-2007 reporting periods, there is nothing on those LM-2s concerning the Building Corporation that can be verified by a review of the financial records of the Building Corporation. As set forth in defendants' motion to dismiss, in addition to establishing "just cause," the records sought must be relevant to verification of the accuracy of the LM-2. The statute provides:

---

[4] As set forth above, however, the Building Corporation is identified in the two most recent LM-2 forms as an investment of the Union in Schedule 5.

CARY KANE LLP

Honorable Victor Marrero
June 26, 2008
Page 4 of 6

> Every labor organization required to submit a report under this title shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty . . . to permit such member for just cause to examine any books, records and accounts necessary to verify such report.

29 U.S.C. §431(c).

Since the 2005-2006 and 2006-2007 LM-2 reports do not provide financial information concerning the Building Corporation, there is nothing for plaintiffs to verify. Therefore, plaintiffs' requests must fail as regards the 2005-2006 and 2006-2007 LM-2s. *See, e.g., Ellis v. Civil Service Employees Association, Inc.,* 1995 U.S. Dist. LEXIS 19673 at 11. ("[T]he information requested for examination must be relevant to the verification of the questionable LM-2 data. The union member must state 'what he wishes to verify in the LM-2 Reports and how the particular union records he is requesting are expected to assist him in doing so' . . . . The right to inspect does not extend to 'wholesale random audits' of a union's financial record.") (citations omitted). Accordingly, plaintiffs' request for the records of the Building Corporation for the years April 1, 2005 through March 31, 2007 must be denied.

**Plaintiffs' Amended Complaint Fails to Provide Just
Cause for Verification of the 2004-2005 LM-2**

To the extent plaintiffs' Amended Complaint seeks to verify the LM-2 report for the period 2004-2005 as it relates to the Building Corporation, the Amended Complaint fails to set forth any facts showing just cause to do so. Plaintiffs' basis for such verification rests upon allegations that certain information was not reported on the Union's LM-2 Report. However, the information that plaintiffs claim was not reported was, in fact, clearly reported on the 2004-2005 LM-2 Report, (and, as set forth above, was not required on the 2005-2006 and 2006-2007 LM-2 Reports), which negates plaintiffs' claimed basis for seeking verification.

Specifically, the only allegations in the Amended Complaint that identify the items which plaintiffs seek to verify are in paragraphs 32, 36 and 38 of the Amended Complaint. Paragraph 32 states: "Receipts stemming from [contracts for rental of space on the building to place a cell phone tower] are income to the Union; however it is not reflected on the LM-2s filed on June 28, 2005, July 11, 2006 and June 28, 2007." Paragraph 36 merely reiterates this request, stating that plaintiffs "want to verify the payments from the Sprint [cellphone tower] contract." And paragraph 38 states, "There are no records of rents collected of how monies are disbursed for the Building Corporation."

12286_1



CARY KANE LLP

Honorable Victor Marrero
June 26, 2008
Page 5 of 6

However, plaintiffs concede in paragraph 25 that rental receipts were included in the 2004-2005 LM-2. Indeed, Statement B of the Subsidiary Report filed with the Union's 2004-2005 LM-2 clearly sets forth the amount received for rents in line 48 as over $800,000, well over the $35,000 or $60,000 plaintiffs allege the Building Corporation was receiving for the cell phone tower. And Statement B, lines 56-74, itemizes the Building Corporation's disbursements. *See* Exhibit A, Subsidiary Report, Statement B. Plaintiffs do not set forth any basis upon which they believe the figures set forth therein are in need of verification. Accordingly, plaintiffs are not entitled to the records that they seek.

Plaintiffs make certain other broad allegations, presumably in support of their request for verification of the LM-2 Reports, but these allegations are not related to the Union's financial records. In paragraphs 28-29, plaintiffs complain that there was not a Trustee Board meeting "for over a year until January 2008", and according to plaintiffs the Trustee Board "should have meetings at least 4 times per year". Even if true, this creates no basis for questioning the accuracy of the LM-2 report for the year 2004-2005. In paragraph 37, plaintiffs state that "for the period of time plaintiff Bembry was last on the Building Corporation Board of Directors, which is two years ago, there were no meetings or subsequent Minutes recorded or distributed." The allegation does not specifically identify the period of time involved and does not relate to verification of any LM-2 report. Accordingly, these allegations do not provide just cause for seeking financial records to verify any of the Union's LM-2 reports.

Finally, defendants once again reiterate that the limitations set by Congress on a member's right to review financial records of a Union were designed to prevent "undue harassment", *Fruit and Vegetable Packers and Warehousemen v. Morley*, 378 F.2d 738, 742-43. (9th Cir. 1967) and "vexatious forays into the Union's books." Congressional Record 6522-23, Senate, April 23, 1959, *cited in Conley v. United Steelworkers of America*, 549 F.2d 1122, 1124 (7th Cir. 1977) (protection of unions from harassment comes from predicating right to examine books on showing of just cause); *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 285 fn. 10 (5th Cir. 1993) (just cause rule strikes balance between union member's need to know and the union's need to protect itself from harassment). The wholesale change of focus in plaintiffs' Amended Complaint suggest that, indeed, plaintiffs' entire venture herein is for the solely political purpose of harassing the Union and needlessly diverting Union resources from legitimate Union business to the handling of a meritless lawsuit.

For the reasons set forth above, the Union strongly urges that this Court dismiss the entire Amended Complaint, with prejudice. Defendants note that they make this submission, based upon Your Honor's direction at the May 16 conference, on the assumption that defendants need not file an answer until Your Honor has had the opportunity to review defendants' submission

12286_1

# CARY KANE LLP

Honorable Victor Marrero
June 26, 2008
Page 6 of 6

and determine whether plaintiffs' Amended Complaint is subject to dismissal. If defendants' assumption is in error, defendants respectfully request a brief extension of the time to Answer.

We are obliged to the Court for its continued attention to this matter.

Respectfully submitted,

Rachel S. Paster

Attachments

cc:     Mr. Robert Felix
        Ms. Clarice Torrence
        Mr. Clarence Wall

12286_1

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT

MUST BE USED BY LABOR ORGANIZATIONS WITH $200,000 OR MORE IN
TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS IN TRUSTEESHIP

Form Approved
Office of Management and Budget
No. 1215-0188
Expires: 11-30-2008

This report is mandatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

For Official Use Only

| 1. FILE NUMBER | 2. PERIOD COVERED | | | | 3. (a) AMENDED – If this is an amended report correcting a previously filed report, check here: ☐ |
|---|---|---|---|---|---|
| 5 0 6 - 7 5 3 | | MO | DAY | YEAR | (b) TERMINAL – If your organization ceased to exist and this is its terminal report, see Section XII of the instructions and check here: ☐ |
| | From | 0 4 | 0 1 | 2 0 0 4 | (c) SUBSIDIARY – If this is a report for a subsidiary organization of your union as defined in Section X of the instructions, check here: ☐ |
| | Through | 0 3 | 3 1 | 2 0 0 5 | |

4. AFFILIATION OR ORGANIZATION NAME
POSTAL WORKERS, AMERICAN, AFL-CIO

| 5. DESIGNATION (Local, Lodge, etc.) | 6. DESIGNATION NUMBER |
|---|---|
| LU | 10 |

7. UNIT NAME (if any)
NY METRO AREA POSTAL WORKERS UNION

8. Are your organization's records kept at its mailing address in Item 75?   Yes ☒   No ☐
(If "No," provide address in Item 75.)

8. MAILING ADDRESS

First Name
C H A R L E S

Last Name
C A R N E S

P.O. Box - Building and Room Number (if any)
3 R D   F L O O R

Number and Street
3 5 0   W E S T   3 1 S T   S T R E E T

City
N E W   Y O R K

| State | ZIP Code + 4 |
|---|---|
| N Y | 1 0 0 0 1 - 2 7 2 6 |

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete (See Section V on penalties in the instructions.)

76. SIGNED: _(signature)_   PRESIDENT _(If other title, see instructions.)_   77. SIGNED: _(signature)_   EXECUTIVE VICE PRES.
_(If other title, see instructions.)_

Date 06/28/05
(212) 563-7553   Telephone Number

Date 6/28/05
(212) 563-7553   Telephone Number

75. ADDITIONAL INFORMATION

Item Number

Form LM-2 (Revised 2000)

2 - 1

FILE NUMBER: 5 0 6 - 7 5 3

*During the Reporting Period Did Your Organization:*

| | Yes | No |
|---|---|---|
| 10. Have a "subsidiary organization" as defined in Section X of the instructions? | ☒ | ☐ |
| 11. Create or participate in the administration of a trust or other fund or organization, as defined in the instructions, which provides benefits for members or their beneficiaries? | ☐ | ☒ |
| 12. Have a political action committee (PAC) fund? | ☐ | ☒ |
| 13. Acquire or dispose of any goods or property in any manner other than by purchase or sale? | ☐ | ☒ |
| 14. Have an audit or review of its books and records by an outside accountant or by a parent body auditor/representative? | ☒ | ☐ |
| 15. Discover any loss or shortage of funds or other property? (Answer "Yes" even if there has been repayment or recovery.) | ☐ | ☒ |
| 16. Have any officer who was paid $10,000 or more by your organization and also received $10,000 or more as an officer or employee of another labor organization or of an employee benefit plan? | ☐ | ☒ |
| 17. Liquidate or reduce any liabilities without disbursement of cash? | ☐ | ☒ |

*(If the answer to any of the above questions is "Yes," provide details in Item 75 as explained in the instructions for each item.)*

18. How many members did your organization have at the end of the reporting period?

19. What is the date of your organization's next regular election of officers?

| | MO | YEAR |
|---|---|---|
| | 0 4 | 2 0 0 6 |

20. What is the maximum amount recoverable under your organization's fidelity bond for a loss caused by any officer or employee of your organization?

$ 5 0 0 0 0 0

21. What are your organization's rates of dues and fees? *(Enter a minimum and maximum if more than one rate applies for any line.)*

**Rates of Dues and Fees**

| | | | |
|---|---|---|---|
| (a) Regular Dues/Fees | $ | 21.09 per | BIWEEKLY *(Month, Year, etc.)* |
| (b) Initiation Fees | $ | N/A | |
| (c) Transfer Fees | $ | N/A | |
| (d) Work Permits | $ | N/A per | N/A *(Month, Year, etc.)* |

| | Yes | No |
|---|---|---|
| 22. During the reporting period, did your organization have any changes in its constitution and bylaws (other than rates of dues and fees) or in practices/procedures listed in the instructions? *(If the constitution and bylaws or practices/procedures have changed, see the instructions.)* | ☐ | ☒ |
| 23. Were any of your organization's assets pledged as security or encumbered in any other way at the end of the reporting period? | ☐ | ☒ |
| 24. Did your organization have any contingent liabilities at the end of the reporting period? | ☐ | ☒ |

*(If the answer to Item 23 or 24 is "Yes," provide details in Item 75.)*

FILE NUMBER: 5 0 6 - 7 5 3

# STATEMENT A - ASSETS AND LIABILITIES

*Complete Schedules 1 Through 15 Before Completing Statement A*

**Enter Amounts in Dollars Only — Do Not Enter Cents**

## ASSETS

| Item | From SCH # | Start of Reporting Period (A) | End of Reporting Period (B) |
|---|---|---|---|
| 25. Cash | | 2 3 0 6 9 6 1 | 2 5 2 8 4 3 2 |
| 26. Accounts Receivable | 1 | 3 0 1 3 2 0 | 4 7 9 4 7 4 |
| 27. Loans Receivable | | 0 | 0 |
| 28. U.S. Treasury Securities | | 0 | 0 |
| 29. Investments | 2 | 5 8 2 5 5 1 6 | 5 7 8 8 2 1 3 |
| 30. Fixed Assets | 5 | 2 7 3 9 6 | 1 9 6 9 4 |
| 31. Other Assets | 3 | 1 5 0 6 2 | 3 7 2 2 |
| 32. TOTAL ASSETS | | 8 4 7 6 2 5 5 | 8 8 1 9 5 3 5 |

## LIABILITIES

| Item | From SCH # | Start of Reporting Period (C) | End of Reporting Period (D) |
|---|---|---|---|
| 33. Accounts Payable | 8 | 7 5 7 0 7 | 2 1 5 8 5 5 |
| 34. Loans Payable | | 0 | 0 |
| 35. Mortgages Payable | | 0 | 0 |
| 36. Other Liabilities | 4 | 5 7 2 9 5 | 8 5 1 5 2 |
| 37. TOTAL LIABILITIES | | 1 3 3 0 0 2 | 3 0 1 0 0 7 |
| 38. NET ASSETS (Item 32 less Item 37) | 2 - 3 | 8 3 4 3 2 5 3 | 8 5 1 8 5 2 8 |

# STATEMENT B - RECEIPTS AND DISBURSEMENTS

FILE NUMBER: 5 0 6 - 7 5 3

*Complete Schedules 1 Through 15 Before Completing Statement B*

Enter Amounts In Dollars Only — Do Not Enter Cents

| CASH RECEIPTS Item | From SCH # | AMOUNT |
|---|---|---|
| 39. Dues........................................... | | 4 1 5 5 2 7 3 |
| 40. Per Capita Tax............................ | | 0 |
| 41. Fees........................................... | | 0 |
| 42. Fines.......................................... | | 0 |
| 43. Assessments.............................. | | 0 |
| 44. Work Permits.............................. | | 0 |
| 45. Sale of Supplies......................... | | 0 |
| 46. Interest...................................... | | 5 0 9 4 7 |
| 47. Dividends................................... | | 0 |
| 48. Rents......................................... | | 0 |
| 49. Sale of Investments & Fixed Assets.................................. | 6 | 3 7 1 6 6 |
| 50. Loans Obtained........................... | 8 | 0 |
| 51. Repayments of Loans Made.......... | 1 | 0 |
| 52. On Behalf of Affiliates for Transmittal to Them....................... | | 0 |
| 53. From Members for Disbursement on Their Behalf...... | | 7 7 7 5 |
| 54. Other Receipts............................ | 14 | 1 0 0 0 2 6 |
| 55. TOTAL RECEIPTS........................ | | 4 3 5 1 1 8 7 |

| CASH DISBURSEMENTS Item | From SCH # | AMOUNT |
|---|---|---|
| 56. To Officers................................. | 9 | 4 6 1 9 0 7 |
| 57. To Employees............................. | 10 | 3 5 3 8 0 4 |
| 58. Per Capita Tax............................ | | 1 5 7 8 0 0 7 |
| 59. Fees, Fines, Assessments, etc. ... | | 0 |
| 60. Office & Administrative Expense.... | 13 | 3 7 6 8 3 2 |
| 61. Educational & Publicity Expense.... | | 1 7 0 6 5 6 |
| 62. Professional Fees........................ | | 2 7 0 1 5 9 |
| 63. Benefits..................................... | 11 | 2 6 5 6 2 0 |
| 64. Contributions, Gifts & Grants........ | 12 | 1 2 2 5 3 |
| 65. Supplies for Resale..................... | | 0 |
| 66. Direct Taxes............................... | | 9 8 3 8 4 |
| 67. Withholding Taxes....................... | | 3 7 4 7 2 2 |
| 68. Purchase of Investments & Fixed Assets............................... | 7 | 6 8 4 1 |
| 69. Loans Made................................ | 1 | 0 |
| 70. Repayment of Loans Obtained...... | 8 | 0 |
| 71. To Affiliates of Funds Collected on Their Behalf........... | | 0 |
| 72. On Behalf of Individual Members... | | 0 |
| 73. Other Disbursements................... | 15 | 1 6 0 5 3 1 |
| 74. TOTAL DISBURSEMENTS................ | | 4 1 2 9 7 1 6 |

Form LM-2 (Revised 2000)

2 - 4

FILE NUMBER: 5 0 6 - 7 5 3

Enter Amounts in Dollars Only — Do Not Enter Cents

# SCHEDULE 1 — LOANS RECEIVABLE

| List below loans to officers, employees, or members which at any time during the reporting period exceeded $250 and list all loans to business enterprises regardless of amount. (A) | Loans Outstanding at Start of Period (B) | Loans Made During Period (C) | Repayments Received During Period | | Loans Outstanding at End of Period (E) |
|---|---|---|---|---|---|
| | | | Cash (D)(1) | Other Than Cash (D)(2) | |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. Totals from additional pages (if any) | 0 | 0 | 0 | 0 | 0 |
| 5. Totals of loans not listed above | 0 | 0 | 0 | 0 | 0 |
| 6. Totals of Lines 1 through 5 | | | | | |
| The totals from Line 6 are entered in | Item 27 Column (A) | Item 69 | Item 51 | Item 75 with Explanation | Item 27 Column (B) |

Form LM-2 (Revised 2000)

2 - 5

Page 5 of 12

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 2 - INVESTMENTS
## (OTHER THAN U.S. TREASURY SECURITIES)

| Description (A) | Amount (B) |
|---|---|
| **Marketable Securities** | |
| 1. Total Cost | 7 2 5 9 6 |
| 2. Total Book Value | 7 2 5 9 6 |
| 3. List each marketable security which has a book value over $1,000 and exceeds 20% of Line 2. | |
| (a) ILLINOIS HSG TAXABLE HUD | 6 5 1 2 2 |
| (b) | |
| (c) | |
| (d) | |
| **Other Investments** | |
| 4. Total Cost | 0 |
| 5. Total Book Value | 5 7 1 5 6 1 7 |
| 6. List each other investment which has a book value over $1,000 and exceeds 20% of Line 5. Also list each subsidiary for which separate reports are attached. | |
| (a) APWU LOCAL 10 BUILD CORP. | 5 7 1 5 6 1 7 |
| (b) | |
| (c) | |
| (d) | |
| (e) Total from additional pages (if any) | |
| 7. Total of Lines 2 and 5 | 5 7 8 8 2 1 3 |
| The total from Line 7 is entered in ......... Item 29, Column (B) | |

Form LM-2 (Revised 2000)

2 - 6

# SCHEDULE 3 - OTHER ASSETS

| Description (A) | Book Value (B) |
|---|---|
| 1. PREPAID EXPENSES | 3 7 2 2 |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. Total from additional pages (if any) | |
| 7. Total of Lines 1 through 6 | 3 7 2 2 |
| The total from Line 7 is entered in ......... Item 31, Column (B) | |

# SCHEDULE 4 - OTHER LIABILITIES

| Description (A) | Amount at End of Period (B) |
|---|---|
| 1. ACCRUED VACATION & SICK PAY | 8 5 1 5 2 |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. Total from additional pages (if any) | |
| 7. Total of Lines 1 through 6 | 8 5 1 5 2 |
| The total from Line 7 is entered in ......... Item 36, Column (D) | |

# SCHEDULE 5 - FIXED ASSETS

FILE NUMBER: 5 0 6 - 7 5 3

| Description (A) | Cost or Other Basis (B) | Total Depreciation or Amount Expensed (C) | Book Value (D) | Fair Market Value (E) |
|---|---|---|---|---|
| 1. Land (give location): None | 0 | | 0 | 0 |
| 2. Totals from additional pages (if any) | | | | |
| 3. Buildings (give location): None | 0 | 0 | 0 | 0 |
| 4. Totals from additional pages (if any) | | | | |
| 5. Automobiles and Other Vehicles | 0 | 0 | 0 | 0 |
| 6. Office Furniture and Equipment | 1 7 5 6 9 3 | 1 5 5 9 9 9 | 1 9 6 9 4 | 4 6 9 4 |
| 7. Other Fixed Assets | 0 | 0 | 0 | 0 |
| 8. Totals of Lines 1 through 7 | 1 7 5 6 9 3 | 1 5 5 9 9 9 | 1 9 6 9 4 | 4 6 9 4 |

The total from Line 8, Column (D) is entered in ............................................. Item 30, Column (B)

# SCHEDULE 6 - SALE OF INVESTMENTS AND FIXED ASSETS

| Description (if land or buildings, give location) (A) | Cost (B) | Book Value (C) | Gross Sales Price (D) | Amount Received (E) |
|---|---|---|---|---|
| 1. MARKETABLE SECURITIES - BONDS | 3 7 3 0 3 | 3 7 3 0 3 | 3 7 1 6 6 | 3 7 1 6 6 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. Totals from additional pages (if any) | | | | |
| 6. Totals of Lines 1 through 5 | 3 7 3 0 3 | 3 7 3 0 3 | 3 7 1 6 6 | 3 7 1 6 6 |
| 7. Less Reinvestments | | | | 0 |
| 8. Net Sales | | | | 3 7 1 6 6 |

The total from Line 8 is entered in .............................................. Item 49

Form LM-2 (Revised 2000)

2 - 7

# SCHEDULE 7 -- PURCHASE OF INVESTMENTS AND FIXED ASSETS

FILE NUMBER: 5 0 6 - 7 5 3

| Description (If land or buildings, give location) (A) | Cost (B) | Book Value (C) | Cash Paid (D) |
|---|---|---|---|
| 1. FURNITURE, FIXTURES & OFFICE | 3 9 4 1 | 3 9 4 1 | 3 9 4 1 |
| 2. SECURITY SYSTEM | 1 8 0 0 | 1 8 0 0 | 1 8 0 0 |
| 3. COMPUTER EQUIPMENT | 1 1 0 0 | 1 1 0 0 | 1 1 0 0 |
| 4. | | | |
| 5. Totals from additional pages (If any) | | | |
| 6. Totals of Lines 1 through 5 | 6 8 4 1 | 6 8 4 1 | 6 8 4 1 |
| 7. Less Reinvestments | | | 0 |
| 8. Net Purchases | | | 6 8 4 1 |

The total from Line 8 is entered in ........................... Item 68

# SCHEDULE 8 -- LOANS PAYABLE

| Source of Loans Payable at Any Time During the Reporting Period (A) | Loans Owed at Start of Period (B) | Loans Obtained During Period (C) | Repayment Made During Period | | Loans Owed at End of Period (E) |
|---|---|---|---|---|---|
| | | | Cash (D)(1) | Other Than Cash (D)(2) | |
| 1. None | 0 | 0 | 0 | 0 | 0 |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. Totals from additional pages (If any) | | | | | |
| 6. Totals of Lines 1 through 5 | 0 | 0 | 0 | 0 | 0 |

The total from Line 6 is entered in .......... Item 34 Column (C) ... Item 50 ... Item 70 ... Item 75 with Explanation ... Item 34 Column (D)

Form LM-2 (Revised 2000)

2 - 8

# SCHEDULE 9 - ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 5 0 6 - 7 5 3

| (A) Name / (B) Title (Enter title of officer, such as PRESIDENT or TREASURER.) | Status (C)* | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|---|
| 1. BEMBRY CHARLES / EXECUTIVE SEC. | C | 78287 | 150 | 591 | 0 | 79028 |
| 2. BRANCH DAMON / SECTOR AIDE | C | 22923 | 150 | 327 | 0 | 23400 |
| 3. CAPOBIANCO JOSEPH / ASST.DIR.NJIBMC | C | 90558 | 150 | 32 | 0 | 90740 |
| 4. CARNES CHARLES J. / TREASURER | C | 75369 | 150 | 121 | 0 | 75640 |
| 5. CUTHBERT GYNTEEN A. / ASST.FIR.DVD | C | 3903 | 0 | 0 | 0 | 3903 |
| 6. EL ABRITTO / DIR. OF ORG. | C | 73618 | 150 | 200 | 0 | 73968 |
| 7. FIGUEROA WILFREDO / ASST.DIR.MPDC | C | 4249 | 150 | 26 | 0 | 4425 |
| 8. Totals from additional pages (if any) | | 390969 | 2800 | 11116 | 0 | 404885 |
| 9. Totals of Lines 1 through 8 | | 658376 | 3700 | 12413 | 0 | 674489 |

10. Less Deductions    2 1 2 5 8 2

11. Net Disbursements    4 6 1 9 0 7

The total from Line 11 is entered in ...................... Item 56

*Code for Status (C): past officer - P; continuing officer - C; new officer during the reporting period - N.

(If any officer was not elected at a regular election in accordance with your organization's constitution and bylaws, explain in Item 75.)

Form LM-2 (Revised 2000)

2 - 9

# SCHEDULE 10 - DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 5 0 6 - 7 5 3

| (A) Name (List all employees who received more than $10,000 in total disbursements from your organization and any affiliates.) (B) Position (Enter employee's job title.) (C) Name of Affiliated Organization (If applicable) | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|
| DIAZ          LIDIANN 1. ADMINISTRATIVE N/A | 4 1 0 2 9 | 0 | 1 4 8 | 0 | 4 1 1 7 7 |
| JOHNSON       SAM 2. OFFICE CLEANING N/A | 3 3 1 6 5 | 0 | 9 9 | 0 | 3 3 2 6 4 |
| LLOYD         CHIVONNE 3. ADMINISTRATIVE N/A | 1 5 0 2 2 | 0 | 0 | 0 | 1 5 0 2 2 |
| MAYFIELD      SHERRI 4. ADMINISTRATIVE N/A | 2 0 4 9 7 | 0 | 3 2 | 0 | 2 0 5 2 9 |
| NICHOLAS      THEODORO 5. SHOP STEWAARD N/A | 1 4 2 6 5 | 1 5 0 | 3 3 2 | 0 | 1 4 7 4 7 |
| 6. Totals from additional pages (if any) | | | | | |
| 7. Totals for all employees who, during the reporting period, received $10,000 or less in total disbursements from your organization and any affiliates | 1 9 8 0 3 9 | 3 9 0 0 | 5 7 0 3 | 0 | 2 0 7 6 4 2 |
| 8. Totals of Lines 1 through 7 | 5 0 2 1 5 2 | 4 2 0 0 | 9 5 9 2 | 0 | 5 1 5 9 4 4 |

Item 57

9. Less Deductions          1 6 2 1 4 0

10. Net Disbursements       3 5 3 8 0 4

The total from Line 10 is entered in ..........

Form LM-2 (Revised 2000)

2 - 10

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 11 - BENEFITS

| Description (A) | To Whom Paid (B) | Amount (C) |
|---|---|---|
| 1. PENSION - OFFICERS | A.P.W.U. AFL-CIO | 1 4 5 8 9 5 |
| 2. WELFARE - OFFICE STAFF | LOCAL 153 HEALTH FUND | 4 0 1 7 8 |
| 3. PENSION - OFFICERS | U.S.P.S DISBURSING OFFICE | 3 2 8 9 2 |
| 4. WELFARE - OFFICERS | U.S.P.S DISBURSING OFFICE | 2 8 3 8 7 |
| 5. Total from additional pages (if any) | | 1 8 2 6 8 |
| 6. Total of Lines 1 through 5 | | 2 6 5 6 2 0 |

The total from Line 6 is entered in ................. Item 63

# SCHEDULE 12 - CONTRIBUTIONS, GIFTS & GRANTS

| Description (A) | Amount (B) |
|---|---|
| 1. SCHOLARSHIP CONTRIBUTIONS | 3 2 5 0 |
| 2. FLOWERS AND CONDOLENCES | 2 8 2 3 |
| 3. CHARITABLE | 2 7 5 0 |
| 4. RETIREMENTS | 1 0 5 0 |
| 5. POLITICAL | 1 0 0 0 |
| 6. LABOR | 7 8 0 |
| 7. Total from additional pages (if any) | 6 0 0 |
| 8. Total of Lines 1 through 7 | 1 2 2 5 3 |

The total from Line 8 is entered in ................. Item 64

# SCHEDULE 13 - OFFICE & ADMINISTRATIVE EXPENSE

| Description (A) | Amount (B) |
|---|---|
| 1. TRAVEL/CONFERENCES | 1 4 3 0 9 9 |
| 2. OFFICE SUPPLIES | 4 9 0 3 1 |
| 3. EQUIPMENT LEASING | 4 6 6 6 3 |
| 4. MAILINGS AND POSTAGE | 4 0 4 5 9 |
| 5. TELEPHONE | 3 0 0 9 4 |
| 6. INSURANCE | 1 6 0 2 3 |
| 7. Total from additional pages (if any) | 5 1 4 6 3 |
| 8. Total of Lines 1 through 7 | 3 7 6 8 3 2 |

The total from Line 8 is entered in ................. Item 60

FILE NUMBER: 5 0 6 - 7 5 3

## SCHEDULE 14 - OTHER RECEIPTS

| Description (A) | Amount (B) |
|---|---|
| 1. MEMBER ACTIVITY AND OTHER REIMB. | 5 5 1 4 7 |
| 2. MEMBERSHIP ENROLL. PROG. REIMB. | 9 8 5 0 |
| 3. OFFICE & EQUIPMENT SUB-LEASE | 9 2 9 0 |
| 4. MAINTENANCE EXP. REIMB. | 8 1 1 4 |
| 5. POWER INCOME | 4 7 0 0 |
| 6. RETURNED CHECKS | 4 6 7 0 |
| 7. INSURANCE REBATE | 2 1 7 7 |
| 8. REIMB. FROM AFFILIATE | 2 0 6 2 |
| 9. REFUND OF SALARY OVERPAYMENT | 1 4 8 3 |
| 10. INSURANCE CLAIM PROCEEDS | 1 0 2 0 |
| 11. PAYROLL TAX REFUND | 4 1 3 |
| 12. DATA PROCESSING REFUND | 3 6 7 |
| 13. TELEPHONE REBATE | 3 3 7 |
| 14. WITHOLDING REFUNDS | 2 2 7 |
| 15. HOTEL REIMBURSEMENT | 1 6 9 |
| 16. Total from additional pages (if any) | |
| 17. Total of Lines 1 through 16 | 1 0 0 0 2 6 |

The total from Line 17 is entered in ........................ Item 54

Form LM-2 (Revised 2000)

2 - 12

## SCHEDULE 15 - OTHER DISBURSEMENTS

| Description (A) | Amount (B) |
|---|---|
| 1. MEMBER ACTIVITIES | 1 0 8 3 7 1 |
| 2. MEMBERSHIP ENROLLMENT PROGRAM | 2 7 4 5 0 |
| 3. OFFICER'S TRAINING | 1 8 0 6 8 |
| 4. POWER COMMITTEE | 5 4 4 1 |
| 5. SUBSCRIPTIONS | 1 2 0 1 |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |
| 11. | |
| 12. | |
| 13. | |
| 14. | |
| 15. | |
| 16. Total from additional pages (if any) | |
| 17. Total of Lines 1 through 16 | 1 6 0 5 3 1 |

The total from Line 17 is entered in ........................ Item 73

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 9 – ALL OFFICERS AND DISBURSEMENTS TO OFFICERS  (continued)

| (A) Name (List all persons who held office during the reporting period even if they received no salary or other disbursements.) (B) Title (Enter title of officer, such as PRESIDENT or TREASURER.) | Status (C)* | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|---|
| FLAGLER    JOANN<br>DIR. CLERK DIV. | C | 1 0 8 9 6 | 1 5 0 | 0 | 0 | 1 1 0 4 6 |
| HAYES    PATRICK J.<br>DIR. MAIL HANDL | C | 3 6 4 1 | 1 5 0 | 1 8 | 0 | 3 8 0 9 |
| HODGES    MARVIN L.<br>DIR. MAINT. DIV | C | 3 7 0 8 | 1 5 0 | 0 | 0 | 3 8 5 8 |
| KREUTTER    WILLIAM E.<br>ASST. DIR MAINT | C | 3 1 3 1 | 1 5 0 | 5 2 8 | 0 | 3 8 0 9 |
| MCCOY    DULINE<br>DIR. BRONX DIV. | C | 6 9 2 7 | 1 5 0 | 1 0 2 | 0 | 7 1 7 9 |
| MBASSO    ADRIANO<br>DIR. NJI&BMC | C | 1 6 6 9 0 | 0 | 8 5 2 | 0 | 1 7 5 4 2 |
| MOORE    JAMES E.<br>SECTOR AIDE | C | 1 0 6 3 2 | 1 5 0 | 2 2 4 | 0 | 1 1 0 0 6 |
| NARI    SYNTHIA<br>VICE PRESIDENT | C | 3 3 0 0 | 0 | 0 | 0 | 3 3 0 0 |

Form LM-2 (Revised 2000)

S - 9

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 9 – ALL OFFICERS AND DISBURSEMENTS TO OFFICERS (continued)

| (A) Name / (B) Title (Enter title of officer, such as PRESIDENT or TREASURER) (List all persons who held office during the reporting period even if they received no salary or other disbursements.) | Status (C)* | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|---|
| NEILAN TIMOTHY<br>DIR. DD FAC | C | 5 2 1 6 | 0 | 1 2 6 | 0 | 5 3 4 2 |
| NICHOLLS HERMAN B.<br>VICE PRESIDENT | C | 5 1 0 4 | 1 5 0 | 0 | 0 | 5 2 5 4 |
| POOLE MICHAEL<br>COOR. VP | C | 1 9 7 6 4 | 1 5 0 | 1 3 2 3 | 0 | 2 1 2 3 7 |
| REYES YVETTE<br>SECTOR AIDE | C | 3 6 5 5 | 1 5 0 | 1 1 7 | 0 | 3 9 2 2 |
| RIVERA MAXIMINO<br>ASST.DIR.BX DIV | C | 5 5 5 1 | 1 5 0 | 0 | 0 | 5 7 0 1 |
| SANCHEZ FRANCISCO<br>DIR. IND. REL. | C | 7 7 2 0 5 | 1 5 0 | 6 3 3 | 0 | 7 7 9 8 8 |
| SHEPHERD JR. NORMAN<br>ASST.DIR. CLERK | C | 9 2 5 4 | 1 5 0 | 0 | 0 | 9 4 0 4 |
| TORRENCE CLARICE<br>PRESIDENT | C | 9 9 3 3 1 | 4 0 0 | 6 3 0 9 | 0 | 1 0 6 0 4 0 |

S - 9

Form LM-2 (Revised 2000)

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 9 – ALL OFFICERS AND DISBURSEMENTS TO OFFICERS  *(continued)*

| (A) Name (List all persons who held office during the reporting period even if they received no salary or other disbursements.) (B) Title (Enter title of officer, such as PRESIDENT or TREASURER.) | Status (C)* | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|---|
| WALL JR.    CLARENCE EXEC. VP | C | 8 5 3 8 9 | 1 5 0 | 8 8 4 | 0 | 8 6 4 2 3 |
| WILLIAMS    KATTIE R. DIR. MOTOR VEH. | C | 5 0 0 5 | 1 5 0 | 0 | 0 | 5 1 5 5 |
| WILSON    GREGORY C. LEG. DIR. | C | 1 0 6 8 2 | 1 5 0 | 0 | 0 | 1 0 8 3 2 |
| GRANT    YOLANDA DIR. MPDC | C | 5 8 8 8 | 1 5 0 | 0 | 0 | 6 0 3 8 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Form LM-2 (Revised 2000)

S - 9

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 10 – DISBURSEMENTS TO EMPLOYEES  (continued)

| (A) Name  (List all employees who received more than $10,000 in total disbursement from your organization and any affiliates.)<br>(B) Position  (Enter employee's job title.)<br>(C) Name of Affiliated Organization  (If applicable) | Gross Salary<br>(before taxes and<br>other deductions)<br>(D) | Allowances<br>(E) | Disbursements<br>for Official<br>Business<br>(F) | Other<br>Disbursements<br>(G) | Total<br>(H) |
|---|---|---|---|---|---|
| PURNELL                LILLIAN<br>ADMINISTRATIVE<br>N/A | 5 9 9 1 3 | 0 | 2 2 | 0 | 5 9 9 3 5 |
| WADE                   RAY<br>DIR. ATHLETICS<br>N/A | 2 1 7 1 2 | 0 | 1 5 1 2 | 0 | 2 3 2 2 4 |
| TILLEY                 CARLTON<br>TRUSTEE<br>N/A | 3 2 7 5 5 | 1 5 0 | 1 5 9 4 | 0 | 3 4 4 9 9 |
| WILLIAMS               MARTHA J<br>ADMINISTRATIVE<br>N/A | 5 5 3 7 3 | 0 | 0 | 0 | 5 5 3 7 3 |
| JORDAN                 ERNESTO<br>SHOP STEWARD<br>N/A | 1 0 3 8 2 | 0 | 1 5 0 | 0 | 1 0 5 3 2 |

Form LM-2 (Revised 2000)

S - 10



FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 10 – DISBURSEMENTS TO EMPLOYEES *(continued)*

| (A) Name *(List all employees who received more than $10,000 in total disbursements from your organization and any affiliates.)*<br>(B) Position *(Enter employee's job title.)*<br>(C) Name of Affiliated Organization *(If applicable)* | Gross Salary<br>(before taxes and<br>other deductions)<br>(D) | Allowances<br>(E) | Disbursements<br>for Official<br>Business<br>(F) | Other<br>Disbursements<br>(G) | Total<br>(H) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

S – 10

Form LM-2 (Revised 2000)

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 11 – BENEFITS  *(continued)*

| Description (A) | To Whom Paid (B) | Amount (C) |
|---|---|---|
| PENSION - OFFICE STAFF | LOCAL 153 PENSION FUND | 126 44 |
| LIFE INSURANCE - OFFICERS | U.S.P.S DISBURSING OFFICE | 273 5 |
| LONG TERM DISABILITY - OFFICE STAFF | LOCAL 153 LT DIS. FUND | 152 2 |
| THRIFT SAVINGS PLAN | THRIFT SAVINGS | 136 7 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

S - 11

Form LM-2 (Revised 2000)

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 12 – CONTRIBUTIONS, GIFTS & GRANTS *(continued)*

| Description (A) | Amount (B) |
|---|---|
| CIVIL RIGHTS | 6 0 0 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

S - 12

Form LM-2 (Revised 2000)

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# SCHEDULE 13 — OFFICE & ADMINISTRATIVE EXPENSE *(continued)*

| Description (A) | Amount (B) |
|---|---|
| PRINTING | 1 5 5 4 2 |
| DATA PROCESSING | 1 3 8 5 9 |
| MEETINGS | 1 2 8 7 4 |
| EQUIPMENT RENTAL AND MAINT. | 8 8 1 7 |
| BANK CHARGES | 3 7 1 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

S - 13

Form LM-2 (Revised 2000)

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# 75. ADDITIONAL INFORMATION

| Item Number | |
|---|---|
| 10 | APWU LOCAL 10 BUILDING CORPORATION<br>350 WEST 31ST STREET, 3RD FLOOR<br>NEW YORK, NY 10001<br>SUBSIDIARY FORM LM-2 FILED UNDER FILE NO. 506-753 |

Form LM-2 (Revised 2000)

2 - 175

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

## 75. ADDITIONAL INFORMATION(*continued*)

| Item Number | |
|---|---|
| 14 | THE BOOKS AND RECORDS OF THE NEW YORK METRO AREA POSTAL UNION ARE BEING AUDITED BY BERDON LLP, AN INDEPENDENT CERTIFIED PUBLIC ACCOUNTING FIRM. |

Form LM-2 (Revised 2000)

3 - I75

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

# TRUSTEE SIGNATURES

Each of the undersigned, duly authorized officers of the above labor organization, declares, under the applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete.(See Section VI on penalties in the instructions.)

Trustee Sign: _____   TRUSTEE        Trustee Sign: _____   TRUSTEE

_____                                _____
Date          Telephone Number                 Date          Telephone Number

Form LM-2 (Revised 2000)

DO NOT KEY PUNCH DATA

SUBSIDIARY REPORT

SCAN AS ATTACHMENT FOR PDF

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT

Form Approved
Office of Management and Budget
No. 1215-0188
Expires: 11-30-2008

**MUST BE USED BY LABOR ORGANIZATIONS WITH $250,000 OR MORE IN TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS IN TRUSTEESHIP**

This report is mandatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

| For Official Use Only | 1. FILE NUMBER | 2. PERIOD COVERED | | | | | 3. (a) AMENDED – If this is an amended report correcting a previously filed report, check here: ☐ |
|---|---|---|---|---|---|---|---|
| | 5 0 6 - 7 5 3 | | MO | DAY | YEAR | | (b) TERMINAL – If your organization ceased to exist and this is its terminal report, see Section XII of the instructions and check here: ☐ |
| | | From | 0 4 | 0 1 | 2 0 0 4 | | (c) SUBSIDIARY – If this is a report for a subsidiary organization of your union as defined in Section X of the instructions, check here: ☒ |
| | | Through | 0 3 | 3 1 | 2 0 0 5 | | |

## Subsidiary Report

**8. MAILING ADDRESS**

First Name
C H A R L E S

Last Name
C A R N E S

4. AFFILIATION OR ORGANIZATION NAME
POSTAL WORKERS, AMERICAN, AFL-CIO

P.O. Box - Building and Room Number (if any)
3 R D   F L O O R

| 5. DESIGNATION (Local, Lodge, etc.) | 6. DESIGNATION NUMBER |
|---|---|
| LU | 10 |

Number and Street
3 5 0   W E S T   3 1 S T   S T R E E T

7. UNIT NAME (if any)
APWU LOCAL 10 BUILDING CORPORATION

City
N E W   Y O R K

9. Are your organization's records kept at its mailing address?  Yes ☒  No ☐
(If "No," provide address in Item 75.)

State
N Y

ZIP Code + 4
1 0 0 0 1 - 2 7 2 6

75. ADDITIONAL INFORMATION

Item Number

Each of the undersigned, duly authorized officers of the above labor organization, declares, under the applicable penalties of law, that all the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete (See Section VI on penalties in the instructions.)

| 70. SIGNED: | PRESIDENT | 77. SIGNED: | | TREASURER |
|---|---|---|---|---|
| | (If other title, | | | (If other title, |
| | see instructions.) | | | see instructions.) |
| Date 06/28/05 | | Date 6/28/05 | | |
| (212) 563-7553 | | (212) 563-7553 | | |
| Telephone Number | | Telephone Number | | |

Form LM-2 (Revised 2000)

2 - 1

FILE NUMBER: **5 0 6 - 7 5 3**

**During the Reporting Period Did Your Organization:**

| | Yes | No |
|---|---|---|
| 10. Have a "subsidiary organization" as defined in Section X of the instructions? | ☐ | ☒ |
| 11. Create or participate in the administration of a trust or other fund or organization, as defined in the instructions, which provides benefits for members or their beneficiaries? | ☐ | ☒ |
| 12. Have a political action committee (PAC) fund? | ☐ | ☒ |
| 13. Acquire or dispose of any goods or property in any manner other than by purchase or sale? | ☐ | ☒ |
| 14. Have an audit or review of its books and records by an outside accountant or by a parent body auditor/representative? | ☒ | ☐ |
| 15. Discover any loss or shortage of funds or other property? (Answer "Yes" even if there has been repayment or recovery.) | ☐ | ☒ |
| 16. Have any officer who was paid $10,000 or more by your organization and also received $10,000 or more as an officer or employee of another labor organization or of an employee benefit plan? | ☐ | ☒ |
| 17. Liquidate or reduce any liabilities without disbursement of cash? | ☐ | ☒ |

(If the answer to any of the above questions is "Yes," provide details in Item 75 as explained in the instructions for each item.)

Form LM-2 (Revised 2000)

2 - 2

18. How many members did your organization have at the end of the reporting period? ... **0**

19. What is the date of your organization's next regular election of officers?
MO **0 4**  YEAR **2 0 0 6**

20. What is the maximum amount recoverable under your organization's fidelity bond for a loss caused by any officer or employee of your organization? $ **5 0 0 0 0 0**

21. What are your organization's rates of dues and fees? (Enter a minimum and maximum if more than one rate applies for any line.)

| | Rates of Dues and Fees | |
|---|---|---|
| (a) Regular Dues/Fees | $ ____ per ____ | (Month, Year, etc.) |
| (b) Initiation Fees | $ | |
| (c) Transfer Fees | $ | |
| (d) Work Permits | $ ____ per ____ | (Month, Year, etc.) |

| | Yes | No |
|---|---|---|
| 22. During the reporting period, did your organization have any changes in its constitution and bylaws (other than rates of dues and fees) or in practices/procedures listed in the instructions? (If the constitution and bylaws or practices/procedures have changed, see the instructions.) | ☐ | ☒ |
| 23. Were any of your organization's assets pledged as security or encumbered in any other way at the end of the reporting period? | ☒ | ☐ |
| 24. Did your organization have any contingent liabilities at the end of the reporting period? (If the answer to Item 23 or 24 is "Yes," provide details in Item 75.) | ☐ | ☒ |

Page 2 of 12

# STATEMENT A - ASSETS AND LIABILITIES

*Complete Schedules 1 Through 15 Before Completing Statement A*

FILE NUMBER: 5 0 6 - 7 5 3

Enter Amounts in Dollars Only -- Do Not Enter Cents

## ASSETS

| Item | ASSETS | From SCH # | Start of Reporting Period (A) | End of Reporting Period (B) |
|---|---|---|---|---|
| 25. Cash | | | 4 2 4 5 7 1 | 3 1 2 6 8 7 |
| 26. Accounts Receivable | | | 0 | 5 7 2 1 5 |
| 27. Loans Receivable | | 1 | 0 | 0 |
| 28. U.S. Treasury Securities | | 2 | 0 | 0 |
| 29. Investments | | 5 | 0 | 0 |
| 30. Fixed Assets | | | 5 2 3 7 7 2 2 | 5 1 4 5 4 6 5 |
| 31. Other Assets | | 3 | 6 7 6 0 9 | 6 8 0 5 6 |
| 32. TOTAL ASSETS | | | 5 7 2 9 9 0 2 | 5 5 8 3 4 2 3 |

## LIABILITIES

| Item | LIABILITIES | From SCH # | Start of Reporting Period (C) | End of Reporting Period (D) |
|---|---|---|---|---|
| 33. Accounts Payable | | 8 | 5 2 6 0 6 | 6 9 8 0 0 |
| 34. Loans Payable | | | 0 | 0 |
| 35. Mortgages Payable | | | 0 | 0 |
| 36. Other Liabilities | | 4 | 1 1 7 1 8 3 | 1 3 2 7 1 8 |
| 37. TOTAL LIABILITIES | | | 1 6 9 7 8 9 | 2 0 2 5 1 8 |
| 38. NET ASSETS *(Item 32 less Item 37)* | | | 5 5 6 0 1 1 3 | 5 3 8 0 9 0 5 |

2 - 3

# STATEMENT B  -  RECEIPTS AND DISBURSEMENTS

FILE NUMBER: 5 0 6 - 7 5 3

*Complete Schedules 1 Through 15 Before Completing Statement B*

Enter Amounts In Dollars Only — Do Not Enter Cents

| CASH RECEIPTS Item | From SCH # | AMOUNT |
|---|---|---|
| 39. Dues | | 0 |
| 40. Per Capita Tax | | 0 |
| 41. Fees | | 0 |
| 42. Fines | | 0 |
| 43. Assessments | | 0 |
| 44. Work Permits | | 0 |
| 45. Sale of Supplies | | 0 |
| 46. Interest | | 1 3 7 |
| 47. Dividends | | 0 |
| 48. Rents | 6 | 8 1 6 5 8 5 |
| 49. Sale of Investments & Fixed Assets | 8 | 0 |
| 50. Loans Obtained | 1 | 0 |
| 51. Repayments of Loans Made | | 0 |
| 52. On Behalf of Affiliates for Transmittal to Them | | 0 |
| 53. From Members for Disbursement on Their Behalf | | 0 |
| 54. Other Receipts | 14 | 1 6 0 7 1 |
| 55. TOTAL RECEIPTS | | 8 3 2 7 9 3 |

2 - 4

| CASH DISBURSEMENTS Item | From SCH # | AMOUNT |
|---|---|---|
| 56. To Officers | 9 | 0 |
| 57. To Employees | 10 | 9 0 1 3 2 |
| 58. Per Capita Tax | | 0 |
| 59. Fees, Fines, Assessments, etc. | | 0 |
| 60. Office & Administrative Expense | 13 | 3 1 6 5 |
| 61. Educational & Publicity Expense | | 0 |
| 62. Professional Fees | 11 | 8 5 6 9 2 |
| 63. Benefits | | 1 9 8 7 2 |
| 64. Contributions, Gifts & Grants | 12 | 0 |
| 65. Supplies for Resale | | 0 |
| 66. Direct Taxes | | 2 6 5 4 4 3 |
| 67. Withholding Taxes | | 2 7 7 5 8 |
| 68. Purchase of Investments & Fixed Assets | 7 | 2 0 4 2 7 |
| 69. Loans Made | 1 | 0 |
| 70. Repayment of Loans Obtained | 8 | 0 |
| 71. To Affiliates of Funds Collected on Their Behalf | | 0 |
| 72. On Behalf of Individual Members | | 0 |
| 73. Other Disbursements | 15 | 4 3 2 1 8 8 |
| 74. TOTAL DISBURSEMENTS | | 9 4 4 6 7 7 |

Form LM-2 (Revised 2000)

FILE NUMBER: | 5 | 0 | 6 | - | 7 | 5 | 3 |

Enter Amounts in Dollars Only — Do Not Enter Cents

# SCHEDULE 1 — LOANS RECEIVABLE

| List below loans to officers, employees, or members which at any time during the reporting period exceeded $250 and list all loans to business enterprises regardless of amount.<br>(A) | Loans Outstanding at Start of Period<br>(B) | Loans Made During Period<br>(C) | Repayments Received During Period | | Loans Outstanding at End of Period<br>(E) |
| --- | --- | --- | --- | --- | --- |
| | | | Cash<br>(D)(1) | Other Than Cash<br>(D)(2) | |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. Totals from additional pages (if any) | 0 | 0 | 0 | 0 | 0 |
| 5. Totals of loans not listed above | 0 | 0 | 0 | 0 | 0 |
| 6. Totals of Lines 1 through 5 | 0 | 0 | 0 | 0 | 0 |
| The totals from Line 6 are entered in .......... | Item 27<br>Column (A) | Item 69 | Item 51 | Item 75<br>with Explanation | Item 27<br>Column (B) |

Form LM-2 (Revised 2000)

2 - 5

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 2 - INVESTMENTS
## (OTHER THAN U.S. TREASURY SECURITIES)

| Description (A) | Amount (B) |
|---|---|
| **Marketable Securities** | |
| 1. Total Cost | 0 |
| 2. Total Book Value | 0 |
| 3. List each marketable security which has a book value over $1,000 and exceeds 20% of Line 2. | |
| (a) None | 0 |
| (b) | |
| (c) | |
| (d) | |
| **Other Investments** | |
| 4. Total Cost | 0 |
| 5. Total Book Value | 0 |
| 6. List each other investment which has a book value over $1,000 and exceeds 20% of Line 5.  Also list each subsidiary for which separate reports are attached. | |
| (a) None | 0 |
| (b) | |
| (c) | |
| (d) | |
| (e) Total from additional pages (if any) | |
| 7. Total of Lines 2 and 5 | 0 |
| The total from Line 7 is entered in .......... Item 29, Column (B) | |

2 - 6

# SCHEDULE 3 - OTHER ASSETS

| Description (A) | Book Value (B) |
|---|---|
| 1. PREPAID REAL ESTATE TAXES | 5 2 8 9 6 |
| 2. PREPAID INSURANCE | 1 5 1 6 0 |
| 3. | |
| 4. | |
| 5. | |
| 6. Total from additional pages (if any) | |
| 7. Total of Lines 1 through 6 | 6 8 0 5 6 |
| The total from Line 7 is entered in .......... Item 31, Column (B) | |

# SCHEDULE 4 - OTHER LIABILITIES

| Description (A) | Amount at End of Period (B) |
|---|---|
| 1. SECURITY DEPOSITS PAYABLE | 1 3 2 3 5 1 |
| 2. PAYROLL TAX WITHOLDINGS | 3 6 7 |
| 3. | |
| 4. | |
| 5. | |
| 6. Total from additional pages (if any) | |
| 7. Total of Lines 1 through 6 | 1 3 2 7 1 8 |
| The total from Line 7 is entered in .......... Item 36, Column (D) | |

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 5 - FIXED ASSETS

| Description (A) | Cost or Other Basis (B) | Total Depreciation or Amount Expensed (C) | Book Value (D) | Fair Market Value (E) |
|---|---|---|---|---|
| 1. Land (give location): 350 W. 31ST ST., NY, NY | 1 5 5 0 0 0 0 | | 1 5 5 0 0 0 0 | 1 5 5 0 0 0 0 |
| 2. Totals from additional pages (if any) | | | | |
| 3. Buildings (give location): 350 W. 31ST ST., NY, NY | 1 5 5 0 0 0 0 | 4 0 6 8 7 5 | 1 1 4 3 1 2 5 | 1 1 4 3 1 2 5 |
| 4. Totals from additional pages (if any) | | | | |
| 5. Automobiles and Other Vehicles | 0 | 0 | 0 | 0 |
| 6. Office Furniture and Equipment | 0 | 0 | 0 | 0 |
| 7. Other Fixed Assets | 2 9 3 2 5 0 1 | 4 8 0 1 6 1 | 2 4 5 2 3 4 0 | 2 4 5 2 3 4 0 |
| 8. Totals of Lines 1 through 7 | 6 0 3 2 5 0 1 | 8 8 7 0 3 6 | 5 1 4 5 4 6 5 | 5 1 4 5 4 6 5 |

The total from Line 8, Column (D) is entered in ..................... Item 30, Column (B)

# SCHEDULE 6 - SALE OF INVESTMENTS AND FIXED ASSETS

| Description (if land or buildings, give location) (A) | Cost (B) | Book Value (C) | Gross Sales Price (D) | Amount Received (E) |
|---|---|---|---|---|
| 1. None | | 0 | 0 | 0 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. Totals from additional pages (if any) | 0 | 0 | 0 | 0 |
| 6. Totals of Lines 1 through 5 | | | | |

7. Less Reinvestments    0

8. Net Sales    0

The total from Line 8 is entered in ..................... Item 49

Form LM-2 (Revised 2000)

2 - 7

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 7 -- PURCHASE OF INVESTMENTS AND FIXED ASSETS

| Description (If land or buildings, give location)<br>(A) | Cost<br>(B) | Book Value<br>(C) | Cash Paid<br>(D) |
|---|---|---|---|
| 1. CAPITALIZED BUILDING IMPROVEMENT EXPENDITURES | 2 0 4 2 7 | 2 0 4 2 7 | 2 0 4 2 7 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. Totals from additional pages (if any) | | | |
| 6. Totals of Lines 1 through 5 | 2 0 4 2 7 | 2 0 4 2 7 | 2 0 4 2 7 |
| 7. Less Reinvestments | | | 0 |
| 8. Net Purchases | | | 2 0 4 2 7 |

The total from Line 8 is entered in ................................................................ Item 68

# SCHEDULE 8 -- LOANS PAYABLE

| Source of Loans Payable at Any<br>Time During the Reporting Period<br>(A) | Loans Owed at<br>Start of Period<br>(B) | Loans Obtained<br>During Period<br>(C) | Repayment Made During Period | | Loans Owed at<br>End of Period<br>(E) |
|---|---|---|---|---|---|
| | | | Cash<br>(D)(1) | Other Than Cash<br>(D)(2) | |
| 1. None | 0 | 0 | 0 | 0 | 0 |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. Totals from additional pages (if any) | | | | | |
| 6. Totals of Lines 1 through 5 | 0 | 0 | 0 | 0 | 0 |

| | | | |
|---|---|---|---|
| The total from Line 6 is entered in ........ | Item 34<br>Column (C) | Item 50 | Item 70 | Item 75<br>with Explanation | Item 34<br>Column (D) |

Form LM-2 (Revised 2000)

2 - 8

# SCHEDULE 9 - ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 5 0 6 - 7 5 3

| (A) Name *(List all persons who held office during the reporting period even if they received no salary or other disbursements.)* (B) Title *(Enter title of officer, such as PRESIDENT or TREASURER.)* | Status (C)* | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. Totals from additional pages (if any) | | | | | | |
| 9. Totals of Lines 1 through 8 | | | | | | |

Item 56

10. Less Deductions  0

11. Net Disbursements  0

The total from Line 11 is entered in .......... Item 56

*Code for Status (C): past officer - P, continuing officer - C, new officer during the reporting period - N.

*(If any officer was not elected at a regular election in accordance with your organization's constitution and bylaws, explain in Item 75.)*

2 - 9

# SCHEDULE 10 - DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 5 0 6 - 7 5 3

| (A) Name (List all employees who received more than $10,000 in total disbursements from your organization and any affiliates.) (B) Position (Enter employee's job title.) (C) Name of Affiliated Organization (If applicable) | Gross Salary (before taxes and other deductions) (D) | Allowances (E) | Disbursements for Official Business (F) | Other Disbursements (G) | Total (H) |
|---|---|---|---|---|---|
| PORTELLI        SALVATOR 1. BLDG. SUPER N/A | 6 3 1 0 2 | 0 | 1 5 4 6 | 0 | 6 4 6 4 8 |
| MERRY        LYNDON 2. MAINTENANCE N/A | 4 5 1 9 3 | 0 | 0 | 0 | 4 5 1 9 3 |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. Totals from additional pages (if any) | | | | | |
| 7. Totals for all employees who, during the reporting period, received $10,000 or less in total disbursements from your organization and any affiliates | 8 0 4 9 | 0 | 0 | 0 | 8 0 4 9 |
| 8. Totals of Lines 1 through 7 | 1 1 6 3 4 4 | 0 | 1 5 4 6 | 0 | 1 1 7 8 9 0 |
| 9. Less Deductions | | | | | 2 7 7 5 8 |
| 10. Net Disbursements | | | | | 9 0 1 3 2 |

Item 57

2 - 10

Form LM-2 (Revised 2000)

FILE NUMBER: 5 0 6 - 7 5 3

# SCHEDULE 11 - BENEFITS

| Description (A) | To Whom Paid (B) | Amount (C) |
|---|---|---|
| 1. WELFARE | BENEFIT FUND | 1 6 1 8 3 |
| 2. PENSION | BENEFIT FUND | 3 6 8 9 |
| 3. | | |
| 4. | | |
| 5. Total from additional pages (if any) | | |
| 6. Total of Lines 1 through 5 | | 1 9 8 7 2 |
| The total from Line 6 is entered in .................. | | Item 63 |

# SCHEDULE 12 - CONTRIBUTIONS, GIFTS & GRANTS

| Description (A) | Amount (B) |
|---|---|
| 1. None | 0 |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. Total from additional pages (if any) | |
| 8. Total of Lines 1 through 7 | 0 |
| The total from Line 8 is entered in .................. | Item 64 |

2 - 11

# SCHEDULE 13 - OFFICE & ADMINISTRATIVE EXPENSE

| Description (A) | Amount (B) |
|---|---|
| 1. TELEPHONE | 2 9 2 5 |
| 2. PAYROLL SERVICES | 2 4 0 |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. Total from additional pages (if any) | |
| 8. Total of Lines 1 through 7 | 3 1 6 5 |
| The total from Line 8 is entered in .................. | Item 60 |

Form LM-2 (Revised 2000)

FILE NUMBER: | 5 | 0 | 6 | - | 7 | 5 | 3 |

## SCHEDULE 14 -
## OTHER RECEIPTS

| | Description (A) | Amount (B) |
|---|---|---|
| 1. | RETURNED CHECKS | 1 1 3 5 1 |
| 2. | CLEANING SVC. REIMBURSEMENT | 4 7 2 0 |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | Total from additional pages (if any) | |
| 17. | Total of Lines 1 through 16 | 1 6 0 7 1 |
| | The total from Line 17 is entered in .................. Item 54 | |

Form LM-2 (Revised 2000)

2 - 12

## SCHEDULE 15 -
## OTHER DISBURSEMENTS

| | Description (A) | Amount (B) |
|---|---|---|
| 1. | UTILITIES | 1 4 4 2 4 8 |
| 2. | REPAIRS AND MAINTENANCE | 1 2 4 7 8 4 |
| 3. | BUILDING SECURITY | 6 5 7 3 5 |
| 4. | INSURANCE | 5 1 0 1 0 |
| 5. | LEASING COMMISSIONS | 1 6 7 3 6 |
| 6. | BUILDING SUPPLIES | 1 6 5 7 2 |
| 7. | ADVERTISING | 9 5 7 4 |
| 8. | LICENSES AND FEES | 3 5 2 9 |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | Total from additional pages (if any) | |
| 17. | Total of Lines 1 through 16 | 4 3 2 1 8 8 |
| | The total from Line 17 is entered in .................. Item 73 | |

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

# 75. ADDITIONAL INFORMATION

| Item Number | |
|---|---|
| 3C | APWU LOCAL 10 BUILDING CORPORATION IS A WHOLLY-OWNED SUBSIDIARY ORGANIZATION OF THE NEW YORK METRO AREA POSTAL UNION LOCATED AT 350 WEST 31ST STREET, 3RD FLOOR, NEW YORK, NY. |

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO

ENDING DATE OF PERIOD COVERED:
03/31/2005

## 75. ADDITIONAL INFORMATION(continued)

| Item Number | |
|---|---|
| 14 | THE BOOKS AND RECORDS OF THE APWU LOCAL 10 BUILDING CORPORATION ARE BEING AUDITED BY BERDON LLP, AN INDEPENDENT CERTIFIED PUBLIC ACCOUNTING FIRM. |

Form LM-2 (Revised 2000)

3 - 175

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL-CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

## 75. ADDITIONAL INFORMATION *(continued)*

| Item Number | |
|---|---|
| 23 | INCLUDED IN THE CASH BALANCE ON LINE 25 IS $132,351 OF TENANT SECURITY DEPOSITS PAYABLE WHICH ARE REPORTED IN SCHEDULE 4. |

Form LM-2 (Revised 2000)

4 - 175

FILE NUMBER: 5 0 6 - 7 5 3

ORGANIZATION NAME:
POSTAL WORKERS, AMERICAN, AFL_CIO
ENDING DATE OF PERIOD COVERED:
03/31/2005

# TRUSTEE SIGNATURES

Each of the undersigned, duly authorized officers of the above labor organization, declares, under the applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete(See Section VI on penalties in the instructions.)

Trustee Sign: _____    Trustee Sign: _____
                              TRUSTEE                                    TRUSTEE

_____    _____
Date    Telephone Number    Date    Telephone Number

Return

**U.S. Department of Labor**
Employment Standards
Administration
Office of Labor-Management
Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION
## ANNUAL REPORT

MUST BE USED BY LABOR ORGANIZATIONS WITH $250,000 OR
MORE IN TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS
IN TRUSTEESHIP

Form Approved
Office of Management and
Budget
No. 1215-0188
Expires: 12-31-2010

This report is manadatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil
penalties as provided by 29 U.S.C. 439 or 440.

| READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT. | | | |
|---|---|---|---|
| For Official Use Only | 1. FILE NUMBER 506-753 | 2. PERIOD COVERED<br>From    4/1/2005<br>Through   3/31/2006 | 3. (a) AMENDED - Is this an amended report:   No<br>(b) HARDSHIP - Filed under the hardship procedures:   Yes<br>(c) TERMINAL - This is a terminal report:   No |

| 4. AFFILIATION OR ORGANIZATION NAME<br>POSTAL WORKERS, AMERICAN, AFL-CIO | 8. MAILING ADDRESS (Type or print in capital letters) | |
|---|---|---|
| 5. DESIGNATION (Local, Lodge, etc.)<br>LOCAL UNION | 6. DESIGNATION NBR<br>10 | First Name<br>CHARLES | Last Name<br>CARNES |
| 7. UNIT NAME (if any)<br>NEW YORK METRO AREA | | P.O Box - Building and Room Number<br>3RD FLOOR |
| 9. Are your organization's records kept at its mailing address?   Yes | | Number and Street<br>350 WEST 31ST STREET |
| | | City<br>NEW YORK |
| | | State<br>NY | ZIP Code + 4<br>10001 |

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other
applicable penalties of law, that all of the information submitted in this report (including information contained in any
accompanying documents) has been examined by the signatory and is, to the best of the undersigned individual's knowledge
and belief, true, correct and complete (See Section V on penalties in the instructions.)

| 26.<br>SIGNED:   Clarice Torrence | PRESIDENT | 27.<br>SIGNED:   charles j carnes | TREASURER |
|---|---|---|---|
| Date:   Jul 11, 2006   Contact Info: | | Date:   Jul 11, 2006   Contact Info: | |

Form LM-2 (Revised 2003)

## ITEMS 10 THROUGH 21

10. During the reporting period did the labor organization create or participate in the administration of a trust or a fund or organization, as defined in the instructions, which provides benefits for members or beneficiaries? — **Yes**

11. During the reporting period did the labor organization have a Political Action Committee (PAC) fund? — **No**

12. During the reporting period did the labor organization have an audit or review of its books and records by an outside accountant or by a parent body auditor/representative? — **Yes**

13. During the reporting period did the labor organization discover any loss or shortage of funds or other assets? (Answer "Yes" even if there has been repayment or recovery.) — **No**

14. What is the maximum amount recoverable under the labor organization's fidelity bond for a loss caused by any officer, employee or agent of the labor organization who handled union funds? — **$500,000**

15. During the reporting period did the labor organization acquire or dispose of any assets in a manner other than purchase or sale? — **No**

16. Were any of the labor organization's assets pledged as security or encumbered in any way at the end of the reporting period? — **No**

17. Did the labor organization have any contingent liabilities at the end of the reporting period? — **No**

18. During the reporting period did the labor organization have any changes in its constitution or bylaws, other than rates of dues and fees, or in practices/procedures listed in the instructions? — **No**

19. What is the date of the labor organization's next regular election of officers? — **04/2009**

Form LM-2 (Revised 2003)

20. How many members did the labor organization have at the end of the reporting period? — **7,758**

21. What are the labor organization's rates of dues and fees?

### Rates of Dues and Fees

| Dues/Fees | Amount | | Unit | Minimum | Maximum |
|---|---|---|---|---|---|
| (a) Regular Dues/Fees | $21.88 | per | BIWEEKLY | | |
| (b) Working Dues/Fees | N/A | per | N/A | | |
| (c) Initiation Fees | N/A | per | N/A | | |
| (d) Transfer Fees | N/A | per | N/A | | |
| (e) Work Permits | N/A | per | N/A | | |

## STATEMENT A - ASSETS AND LIABILITIES

FILE NUMBER: 506-753

<table>
<tr><td rowspan="2">ASSETS</td><td>Schedule</td><td>Start of Reporting Period</td><td>End of Reporting Period</td></tr>
<tr><td>Number</td><td>(A)</td><td>(B)</td></tr>
<tr><td>22. Cash</td><td></td><td>$2,528,432</td><td>$2,971,766</td></tr>
<tr><td>23. Accounts Receivable</td><td>1</td><td>$479,474</td><td>$486,283</td></tr>
<tr><td>24. Loans Receivable</td><td>2</td><td>$0</td><td>$0</td></tr>
<tr><td>25. U.S. Treasury Securities</td><td></td><td>$0</td><td>$0</td></tr>
<tr><td>26. Investments</td><td>5</td><td>$5,788,213</td><td>$5,735,445</td></tr>
<tr><td>27. Fixed Assets</td><td>6</td><td>$19,694</td><td>$16,227</td></tr>
<tr><td>28. Other Assets</td><td>7</td><td>$3,722</td><td>$1,277</td></tr>
<tr><td>29. TOTAL ASSETS</td><td></td><td>$8,819,535</td><td>$9,210,998</td></tr>
</table>

**ASSETS**

<table>
<tr><td rowspan="2">LIABILITIES</td><td>Schedule</td><td>Start of Reporting Period</td><td>End of Reporting Period</td></tr>
<tr><td>Number</td><td>(A)</td><td>(B)</td></tr>
<tr><td>30. Accounts Payable</td><td>8</td><td>$215,855</td><td>$260,683</td></tr>
<tr><td>31. Loans Payable</td><td>9</td><td>$0</td><td>$0</td></tr>
<tr><td>32. Mortgages Payable</td><td></td><td>$0</td><td>$0</td></tr>
<tr><td>33. Other Liabilities</td><td>10</td><td>$85,152</td><td>$170,562</td></tr>
<tr><td>34. TOTAL LIABILITIES</td><td></td><td>$301,007</td><td>$431,245</td></tr>
</table>

**LIABILITIES**

<table>
<tr><td>35. NET ASSETS</td><td>$8,518,528</td><td>$8,779,753</td></tr>
</table>

Form LM-2 (Revised 2003)

## STATEMENT B - RECEIPTS AND DISBURSEMENTS

FILE NUMBER: 506-753

| CASH RECEIPTS | SCH | AMOUNT |
|---|---|---|
| 36. Dues and Agency Fees | | $4,100,652 |
| 37. Per Capita Tax | | $0 |
| 38. Fees, Fines, Assessments, Work Permits | | $0 |
| 39. Sale of Supplies | | $0 |
| 40. Interest | | $74,850 |
| 41. Dividends | | $0 |
| 42. Rents | | $0 |
| 43. Sale of Investments and Fixed Assets | 3 | $67,328 |
| 44. Loans Obtained | 9 | $0 |
| 45. Repayments of Loans Made | 2 | $0 |
| 46. On Behalf of Affiliates for Transmittal to Them | | $0 |
| 47. From Members for Disbursement on Their Behalf | | $0 |
| 48. Other Receipts | 14 | $94,102 |
| **49. TOTAL RECEIPTS** | | $4,336,932 |

| CASH DISBURSEMENTS | SCH | AMOUNT |
|---|---|---|
| 50. Representational Activities | 15 | $856,019 |
| 51. Political Activities and Lobbying | 16 | $15,956 |
| 52. Contributions, Gifts, and Grants | 17 | $16,986 |
| 53. General Overhead | 18 | $912,814 |
| 54. Union Administration | 19 | $204,363 |
| 55. Benefits | 20 | $196,458 |
| 56. Per Capita Tax | | $1,563,832 |
| 57. Strike Benefits | | $0 |
| 58. Fees, Fines, Assessments, etc. | | $0 |
| 59. Supplies for Resale | | $0 |
| 60. Purchase of Investments and Fixed Assets | 4 | $17,600 |
| 61. Loans Made | 2 | $0 |
| 62. Repayment of Loans Obtained | 9 | $0 |
| 63. To Affiliates of Funds Collected on Their Behalf | | $0 |
| 64. On Behalf of Individual Members | | $0 |
| 65. Direct Taxes | | $109,570 |
| | | |
| 66. Subtotal | | $3,893,598 |
| 67. Withholding Taxes and Payroll Deductions | | |
| 67a. Total Withheld | $418,276 | |
| 67b. Less Total Disbursed | $418,276 | |
| 67c. Total Withheld But Not Disbursed | | $0 |
| **68. TOTAL DISBURSEMENTS** | | $3,893,598 |

Form LM-2 (Revised 2003)

## SCHEDULE 1 - ACCOUNTS RECEIVABLE AGING SCHEDULE

FILE NUMBER: 506-753

| Entity or Individual Name (A) | Total Account Receivable (B) | 90-180 Days Past Due (C) | 180+ Days Past Due (D) | Liquidated Account Receivable (E) |
|---|---|---|---|---|
| Totals from all other accounts receivable | $486,283 | $0 | $0 | $0 |
| **TOTALS** (Column (B) Total will be automatically entered in Item 23, Column (B)) | $486,283 | $0 | $0 | $0 |

Form LM-2 (Revised 2003)

## SCHEDULE 2 - LOANS RECEIVABLE                          FILE NUMBER: 506-753

There was no data found for this schedule.

## SCHEDULE 3 - SALE OF INVESTMENTS AND FIXED ASSETS          FILE NUMBER: 506-753

| Description (if land or buildings give location)<br>(A) | Cost<br>(B) | Book Value<br>(C) | Gross Sales Price<br>(D) | Amount Received<br>(E) |
|---|---|---|---|---|
| MUNICIPAL BONDS | $65,440 | $65,440 | $65,000 | $65,000 |
| MORTGAGE BACKED BONDS | $2,328 | $2,328 | $2,328 | $2,328 |
| Total of all lines | $67,768 | $67,768 | $67,328 | $67,328 |
| | | | 14. Less Reinvestments | $0 |
| (Net Sales total will automatically entered in Item 43) | | | 15. Net Sales | $67,328 |

Form LM-2 (Revised 2003)

## SCHEDULE 4 - PURCHASE OF INVESTMENTS AND FIXED ASSETS    FILE NUMBER: 506-753

| Description (if land or buildings, give location)<br>(A) | Cost<br>(B) | Book Value<br>(C) | Cash Paid<br>(D) |
|---|---|---|---|
| COMPUTER EQUIPMENT | $2,600 | $2,600 | $2,600 |
| APWU LOCAL 10 BUILDING CORP - CAPITAL CONTRIBUTION | $15,000 | $15,000 | $15,000 |
| Total of all lines | $17,600 | $17,600 | $17,600 |
| | | 14. Less Reinvestments | $0 |
| (Net Purchases total will automatically entered in Item 60) | | 15. Net Purchases | $17,600 |

Form LM-2 (Revised 2003)

## SCHEDULE 5 - INVESTMENTS

FILE NUMBER: 506-753

| Description<br>(A) | Amount<br>(B) |
|---|---|
| **Marketable Securities** | |
| 1. Total Cost | |
| 2. Total Book Value | |
| 3. List each marketable security which has a book value over $5000 and exceeds 5% of Line 2. | |
| **Other Investments** | |
| 4. Total Cost | $5,730,617 |
| 5. Total Book Value | $5,730,617 |
| 6. List each other investment which has a book value over $5000, of Line 5.  Also list each Trust which is an investment. | |
| ▪ APWU LOCAL 10 BUILDING CORP. | $5,730,617 |
| **7. Total of Lines 2 and 5** (Total will be automatically entered in Item 26, Column(B)) | **$5,730,617** |

Form LM-2 (Revised 2003)

## SCHEDULE 6 - FIXED ASSETS

FILE NUMBER: 506-753

| Description (A) | Cost or Other Basis (B) | Total Depreciation or Amount Expensed (C) | Book Value (D) | Value (E) |
|---|---|---|---|---|
| 1. Land (give location) | $0 | | $0 | $0 |
| 3. Buildings (give location) | $0 | $0 | $0 | $0 |
| 5. Automobiles and Other Vehicles | $0 | $0 | $0 | $0 |
| 6. Office Furniture and Equipment | $178,293 | $162,066 | $16,227 | $16,227 |
| 7. Other Fixed Assets | $0 | $0 | $0 | $0 |
| 8. Totals of Lines 1 through 7 (Column(D) Total will be automatically entered in Item 27, Column(B)) | $178,293 | $162,066 | $16,227 | $16,227 |

Form LM-2 (Revised 2003)

## SCHEDULE 7 - OTHER ASSETS

FILE NUMBER: 506-753

| Description<br>(A) | Book Value<br>(B) |
|---|---|
| PREPAID EXPENSES | $1,277 |
| **Total Other Assets** (Total will be automatically entered in Item 28, Column(B)) | $1,277 |

Form LM-2 (Revised 2003)

## SCHEDULE 8 - ACCOUNTS PAYABLE AGING SCHEDULE

FILE NUMBER: 506-753

| Entity or Individual Name (A) | Total Account Payable (B) | 90-180 Days Past Due (C) | 180+ Days Past Due (D) | Liquidated Account (E) |
|---|---|---|---|---|
| Total from all other accounts payable | $260,683 | $0 | $0 | $0 |
| **Total Accounts Payable** (Column(B) Total will be automatically entered in Item 30, Column(D)) | $260,683 | $0 | $0 | $0 |

Form LM-2 (Revised 2003)

## SCHEDULE 9 - LOANS PAYABLE

FILE NUMBER: 506-753

There was no data found for this schedule.

## SCHEDULE 10 - OTHER LIABILITIES

FILE NUMBER: 506-753

| Description (A) | Amount at End of Period (B) |
|---|---|
| ACCRUED VACATION PAY | $170,562 |
| **Total Other Liabilities** (Total will be automatically entered in Item 33, Column(D)) | **$170,562** |

Form LM-2 (Revised 2003)

## SCHEDULE 11 - ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 506-753

| (A)<br>Name | (B)<br>Title | (C)<br>Status | (D)<br>Gross Salary<br>Disbursements<br>(before any<br>deductions) | (E)<br>Allowances<br>Disbursed | (F)<br>Disbursements<br>for Official<br>Business | (G)<br>Other<br>Disbursements not<br>reported in<br>(D) thru (F) | (H)<br>TOTAL |
|---|---|---|---|---|---|---|---|
| A<br>B CHARLES BEMBRY JR<br>C EXECUTIVE SEC. | | | $76,694 | $150 | $850 | $0 | $77,694 |
| I Schedule 15<br>Representational<br>Activities | 89 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % Schedule 17<br>Contributions | 0 % Schedule 18<br>General<br>Overhead | 0 % Schedule 19<br>Administration | 10 % | |
| A<br>B DAMON BRANCH<br>C SECTOR AIDE | | | $19,107 | $150 | $0 | $0 | $19,257 |
| I Schedule 15<br>Representational<br>Activities | 94 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % Schedule 17<br>Contributions | 0 % Schedule 18<br>General<br>Overhead | 0 % Schedule 19<br>Administration | 5 % | |
| A<br>B JOSEPH R CAPOBIANCO<br>C ASST.DIR.,NJI & BMC | | | $10,947 | $0 | $76 | $0 | $11,023 |
| I Schedule 15<br>Representational<br>Activities | 98 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % Schedule 17<br>Contributions | 0 % Schedule 18<br>General<br>Overhead | 0 % Schedule 19<br>Administration | 1 % | |
| A<br>B CHARLES J CARNES<br>C TREASURER | | | $76,694 | $0 | $69 | $0 | $76,763 |
| I Schedule 15<br>Representational<br>Activities | 15 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % Schedule 17<br>Contributions | 0 % Schedule 18<br>General<br>Overhead | 74 % Schedule 19<br>Administration | 10 % | |
| A<br>B GYNTEEN A CUTHBERT<br>C ASST.DIR., D.V.D. | | | $3,169 | $0 | $0 | $0 | $3,169 |
| I Schedule 15<br>Representational<br>Activities | 94 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % Schedule 17<br>Contributions | 0 % Schedule 18<br>General<br>Overhead | 0 % Schedule 19<br>Administration | 5 % | |
| A<br>B ABRITTO EL<br>C DIRECTOR OF ORG. | | | $74,810 | $350 | $8 | $0 | $75,168 |
| I Schedule 15 | | Schedule 16<br>Political | | Schedule 17 | Schedule 18 | Schedule 19 | |

| I | Representational Activities | 89 % | Activities and Lobbying | 1 % | Contributions | 0 % | General Overhead | 0 % | Administration | 10 % |
|---|---|---|---|---|---|---|---|---|---|---|
| A B C | WILFREDO FIGUEROA ASST.DIR.,MORGAN P.& DC | | | $4,421 | | $150 | | $120 | | $0 | $4,691 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | FLAGLER JOANN DIRECTOR, CLERK DIVISION | | | $17,735 | | $150 | | $0 | | $0 | $17,885 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | GRANT YOLANDA DIR. MPDC | | | $6,199 | | $150 | | $0 | | $0 | $6,349 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | PATRICK J HAYES DIR., MAIL HANDLER DIV | | | $3,300 | | $0 | | $0 | | $0 | $3,300 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | MARVIN L HODGES DIR., MAINTENANCE DIV | | | $3,300 | | $0 | | $0 | | $0 | $3,300 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | KREUTTER E WILLIAM ASST. DIR., MAINTENANCE | | | $2,710 | | $0 | | $4 | | $0 | $2,714 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | DULINE MCCOY DIRECTOR, BRONX DIVISION | | | $9,119 | | $150 | | $561 | | $0 | $9,830 |

| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
|---|---|---|---|---|---|---|---|---|---|---|
| A B C | ADRIANO   MEASSO DIRECTOR, NJI & BMC | | | $17,173 | | $150 | | $846 | | $0 | $18,169 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | JAMES  E  MOORE SECTOR AIDE | | | $10,965 | | $150 | | $277 | | $0 | $11,392 |
| I | Schedule 15 Representational Activities | 95 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 1 % | Schedule 18 General Overhead | 3 % | Schedule 19 Administration | 0 % |
| A B C | SYNTHIA  R  NARI VICE PRESIDENT | | | $3,300 | | $0 | | $0 | | $0 | $3,300 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | TIMOTHY   NEILAN DIR., DOMINICK DANIELS FA | | | $3,935 | | $0 | | $37 | | $0 | $3,972 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | HERMAN  B  NICHOLLS VICE PRESIDENT | | | $4,470 | | $150 | | $0 | | $0 | $4,620 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | MICHAEL   POOLE COORDINATING VICE-PRES | | | $30,779 | | $150 | | $775 | | $0 | $31,704 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | YVETTE   REYES SECTOR AIDE | | | $4,568 | | $150 | | $68 | | $0 | $4,786 |

| C | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| I | Schedule 15 Representational Activities | 95 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | MAXIMINO RIVERA ASST. DIR. BRONX DIVISION | | | $7,351 | | $150 | | $18 | | $0 | | $7,519 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | FRANCISCO SANCHEZ DIR. OF INDUST. RELATIONS | | | $81,535 | | $150 | | $85 | | $0 | | $81,770 |
| I | Schedule 15 Representational Activities | 95 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | NORMAN SHEPHERD ASST.DIR., CLERK DIVISION | | | $14,157 | | $150 | | $33 | | $0 | | $14,340 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
| A B C | CLARICE TORRENCE PRESIDENT | | | $100,684 | | $1,400 | | $3,384 | | $0 | | $105,468 |
| I | Schedule 15 Representational Activities | 75 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 1 % | Schedule 18 General Overhead | 2 % | Schedule 19 Administration | 17 % |
| A B C | CLARENCE WALL JR EXEC. VICE PRESIDENT | | | $86,722 | | $700 | | $1,573 | | $0 | | $88,995 |
| I | Schedule 15 Representational Activities | 75 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 1 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 14 % |
| A B C | KATTIE R WILLIAMS DIR. MOTOR VEHICLE DIV. | | | $3,341 | | $0 | | $0 | | $0 | | $3,341 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A | GREGORY C WILLIAMS LEGISLATIVE DIRECTOR | | | $8,941 | | $0 | | $0 | | $0 | | $8,941 |

| B C<br>C | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| I Schedule 15<br>Representational<br>Activities | 94 % | Schedule 16<br>Political<br>Activities and<br>Lobbying | 1 % | Schedule 17<br>Contributions | 0 % | Schedule 18<br>General<br>Overhead | 0 % | Schedule 19<br>Administration | 5 % |
| Total Officer Disbursements | | | $686,126 | | $4,550 | | $8,784 | | $0 | $699,460 |
| Less Deductions | | | | | | | | | | $247,598 |
| Net Disbursements | | | | | | | | | | $451,862 |

Form LM-2 (Revised 2003)

## SCHEDULE 12 - DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 506-753

| | (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) thru (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|---|
| A B C | LIDIANN   DIAZ ADMINISTRATIVE N/A | | | $50,130 | $0 | $191 | $0 | $50,321 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |
| A B C | SAM   JOHNSON OFFICE CLEANING N/A | | | $34,320 | $0 | $20 | $0 | $34,340 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |
| A B C | ERNESTO   JORDAN SHOP STEWARD N/A | | | $13,546 | $0 | $200 | $0 | $13,746 |
| I | Schedule 15 Representational Activities | 69 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 20 % | Schedule 19 Administration | 10 % |
| A B C | THEODORO   NICHOLAS SHOP STEWARD N/A | | | $23,558 | $150 | $809 | $0 | $24,517 |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | LILLIAN   PURNELL ADMINISTRATIVE N/A | | | $55,399 | $0 | $1,600 | $0 | $56,999 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |
| A B C | MICHELLE   RICHARDSON RECEPTIONIST N/A | | | $12,575 | $0 | $27 | $0 | $12,602 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |

| | | Lobbying | | | | | |
|---|---|---|---|---|---|---|---|

**A / B / C**

| | | | | | | |
|---|---|---|---|---|---|---|
| A B C | FLORENCE SUMERGRAD<br>SHOP STEWARD<br>N/A | $11,980 | $0 | $0 | $0 | $11,980 |

| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 1 % |
|---|---|---|---|---|---|---|---|---|---|---|

| A B C | MARTHA J WILLIAMS<br>ADMINISTRATIVE<br>N/A | $57,190 | $0 | $0 | $0 | $57,190 |
|---|---|---|---|---|---|---|

| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |
|---|---|---|---|---|---|---|---|---|---|---|

| A B C | TAWANDA YOUNG<br>DIRECTOR OF HR<br>N/A | $27,825 | $150 | $1,728 | $0 | $29,703 |
|---|---|---|---|---|---|---|

| I | Schedule 15 Representational Activities | 69 % | Schedule 16 Political Activities and Lobbying | 1 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 10 % | Schedule 19 Administration | 20 % |
|---|---|---|---|---|---|---|---|---|---|---|

| A B C | CHARLES ZLATKIN<br>SHOP STEWARD/ EDITOR<br>N/A | $20,466 | $0 | $0 | $0 | $20,466 |
|---|---|---|---|---|---|---|

| I | Schedule 15 Representational Activities | 75 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 20 % |
|---|---|---|---|---|---|---|---|---|---|---|

| A B C | GISELLE E AMBURSLEY<br>TRUSTEE<br>N/A | $11,110 | $150 | $0 | $0 | $11,260 |
|---|---|---|---|---|---|---|

| I | Schedule 15 Representational Activities | 95 % | Schedule 16 Political Activities and Lobbying | 2 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 3 % |
|---|---|---|---|---|---|---|---|---|---|---|

| TOTALS RECEIVED BY EMPLOYEES MAKING LESS THAN $10000 | | $154,872 | $3,400 | $3,393 | $0 | $161,665 |
|---|---|---|---|---|---|---|

| I | Schedule 15 Representational Activities | 77 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 14 % | Schedule 19 Administration | 9 % |
|---|---|---|---|---|---|---|---|---|---|---|

| Total Employee Disbursements | $472,971 | $3,850 | $7,968 | $0 | $484,789 |
|---|---|---|---|---|---|
| Less Deductions | | | | | $170,678 |
| Net Disbursements | | | | | $314,111 |

Form LM-2 (Revised 2003)

## SCHEDULE 13 - MEMBERSHIP STATUS

FILE NUMBER: 506-753

| Category of Membership (A) | Number (B) | Voting Eligibility (C) |
|---|---|---|
| ACTIVE | 7,329 | Yes |
| INACTIVE | 429 | Yes |
| Members | 7,758 | |
| Agency Fee Payers* | | |
| **Total Members/Fee Payers** | 7,758 | |
| *Agency Fee Payers are not considered members of the labor organization. | | |

Form LM-2 (Revised 2003)

## DETAILED SUMMARY PAGE - SCHEDULES 14 THROUGH 19

FILE NUMBER: 506-753

| SCHEDULE 14   OTHER RECEIPTS | |
|---|---|
| 1. Named Payer Itemized Receipts | $22,019 |
| 2. Named Payer Non-itemized Receipts | $10,084 |
| 3. All Other Receipts | $61,999 |
| **4. Total Receipts** | $94,102 |
| | |
| | |

| SCHEDULE 17   CONTRIBUTIONS, GIFTS & GRANTS | |
|---|---|
| 1. Named Payee Itemized Disbursements | $6,000 |
| 2. Named Payee Non-itemized Disbursements | $0 |
| 3. To Officers | $2,059 |
| 4. To Employees | $0 |
| 5. All Other Disbursements | $8,927 |
| **6. Total Disbursements** | $16,986 |

| SCHEDULE 15   REPRESENTATIONAL ACTIVITIES | |
|---|---|
| 1. Named Payee Itemized Disbursements | $13,000 |
| 2. Named Payee Non-itemized Disbursements | $21,795 |
| 3. To Officers | $556,148 |
| 4. To Employees | $215,295 |
| 5. All Other Disbursements | $49,781 |
| **6. Total Disbursements** | $856,019 |

| SCHEDULE 18   GENERAL OVERHEAD | |
|---|---|
| 1. Named Payee Itemized Disbursements | $354,539 |
| 2. Named Payee Non-itemized Disbursements | $206,036 |
| 3. To Officers | $63,706 |
| 4. To Employees | $239,804 |
| 5. All Other Disbursements | $48,729 |
| **6. Total Disbursements** | $912,814 |

| SCHEDULE 16   POLITICAL ACTIVITIES AND LOBBYING | |
|---|---|
| 1. Named Payee Itemized Disbursements | $0 |
| 2. Named Payee Non-itemized Disbursements | $0 |
| 3. To Officers | $13,909 |
| 4. To Employees | $2,047 |
| 5. All Other Disbursements | $0 |
| **6. Total Disbursement** | $15,956 |

| SCHEDULE 19   UNION ADMINISTRATION | |
|---|---|
| 1. Named Payee Itemized Disbursements | $24,585 |
| 2. Named Payee Non-itemized Disbursements | $51,817 |
| 3. To Officers | $63,640 |
| 4. To Employees | $27,642 |
| 5. All Other Disbursements | $36,679 |
| **6. Total Disbursements** | $204,363 |

Form LM-2 (Revised 2003)

## SCHEDULE 14 - OTHER RECEIPTS

FILE NUMBER: 506-753

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| APWU AFL-CIO<br><br>1300 L STREET NW<br>WASHINGTON<br>DC<br>20005 | ORGANIZING REBATE | 02/16/2006 | $7,410 |
| | ORGANIZING REBATE | 12/02/2005 | $5,030 |
| | Total Itemized Transactions | | $12,440 |
| | Total Non-Itemized Transactions | | $10,084 |
| | **Total of All Transactions** | | $22,524 |
| Type or Classification<br>(B) | | | |
| INTERNATIONAL UNION | | | |
| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
| LOCAL 153 HEALTH FUND<br><br>265 WEST 14TH STREET<br>NEW YORK<br>NY<br>10011 | REFUND | 02/16/2006 | $9,579 |
| | Total Itemized Transactions | | $9,579 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $9,579 |
| Type or Classification<br>(B) | | | |
| BENEFIT FUND | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 15 - REPRESENTATIONAL ACTIVITIES

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CARY KANE, LLP | RETAINER | 07/11/2005 | $13,000 |
| | Total Itemized Transactions | | $13,000 |
| 1350 BROADWAY NEW YORK NY 10018 | Total Non-Itemized Transactions | | $21,795 |
| | **Total of All Transactions** | | $34,795 |
| Type or Classification (B) | | | |
| LEGAL COUNSEL | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 16 - POLITICAL ACTIVITIES AND LOBBYING

FILE NUMBER 506-753

There was no data found for this schedule.

## SCHEDULE 17 - CONTRIBUTIONS, GIFTS & GRANTS

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| LABOR RESEARCH ASSOCIATION<br><br>330 WEST 42ND STREET<br>NEW YORK<br>NY<br>10036 | EVENT SPONSORSHIP | 04/18/2005 | $6,000 |
| | Total Itemized Transactions | | $6,000 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $6,000 |
| Type or Classification (B) | | | |
| NOT-FOR-PROFIT ORGANIZATION | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 18 - GENERAL OVERHEAD

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| BASKETBALL CITY NEW YORK, LLC | MEMBERSHIP EVENT | 09/29/2005 | $10,880 |
|  | Total Itemized Transactions |  | $10,880 |
| PIER 63 @ WEST 23RD STREET NEW YORK NY 10011 | Total Non-Itemized Transactions |  |  |
|  | **Total of All Transactions** |  | $10,880 |
| Type or Classification (B) |  |  |  |
| RECREATIONAL FACILITY |  |  |  |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| BERDON LLP | AUDIT SERVICES | 11/04/2005 | $24,325 |
|  | AUDIT SERVICES | 06/28/2005 | $9,342 |
| 360 MADISON AVENUE NEW YORK NY 10017 | AUDIT SERVICES | 11/04/2005 | $7,446 |
|  | Total Itemized Transactions |  | $41,113 |
|  | Total Non-Itemized Transactions |  |  |
| Type or Classification (B) | **Total of All Transactions** |  | $41,113 |
| ACCOUNTING FIRM |  |  |  |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| BRIDGECOM INTERNATIONAL 26196 | Total Itemized Transactions |  | $0 |
|  | Total Non-Itemized Transactions |  | $14,924 |
| NEW YORK NY 10087 | **Total of All Transactions** |  | $14,924 |
| Type or Classification (B) |  |  |  |
| TELECOMMUNICATIONS VENDOR |  |  |  |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CITICORP VENDOR FINANCE, INC. 7247 | Total Itemized Transactions |  | $0 |
|  | Total Non-Itemized Transactions |  | $22,684 |
| PHILADELPHIA PA 19170 | **Total of All Transactions** |  | $22,684 |
| Type or Classification (B) |  |  |  |
| EQUIPMENT LEASING VENDOR |  |  |  |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CLASSIC COACH CHARTER CONTRACT | MEMBERSHIP EVENT | 08/23/2005 | $21,000 |
|  | MEMBERSHIP EVENT | 06/14/2005 | $6,000 |
| 1600 LOCUST AVENUE BOHEMIA NY 11716 | Total Itemized Transactions |  | $27,000 |
|  | Total Non-Itemized Transactions |  |  |
|  | **Total of All Transactions** |  | $27,000 |
| Type or Classification |  |  |  |

| (B) | | | |
|---|---|---|---|
| CHARTER BUS SERVICE | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CLEMENTON AMUSEMENT PARK 125 | MEMBERSHIP EVENT | 06/14/2005 | $24,380 |
| | MEMBERSHIP EVENT | 08/26/2005 | $20,609 |
| CLEMENTON NJ | Total Itemized Transactions | | $44,989 |
| | Total Non-Itemized Transactions | | |
| Type or Classification (B) | **Total of All Transactions** | | $44,989 |
| AMUSEMENT PARK | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| COFFEE DISTRIBUTION CO. 766 200 BROADWAY GARDEN CITY PARK NY 11040 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $7,843 |
| | **Total of All Transactions** | | $7,843 |
| Type or Classification (B) | | | |
| COFFEE DISTRIBUTOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CONSOLIDATED COLOR PRESS | NEWSLETTER | 04/11/2005 | $5,777 |
| | NEWSLETTER | 05/03/2005 | $5,777 |
| 307 7TH AVENUE, SUITE 602 NEW YORK NY 10001 | NEWSLETTER | 06/06/2005 | $5,763 |
| | NEWSLETTER | 07/11/2005 | $5,763 |
| | NEWSLETTER | 08/10/2005 | $5,763 |
| Type or Classification (B) | NEWSLETTER | 09/22/2005 | $5,763 |
| PRINTING VENDOR | NEWSLETTER | 03/08/2006 | $5,156 |
| | Total Itemized Transactions | | $39,762 |
| | Total Non-Itemized Transactions | | $30,438 |
| | **Total of All Transactions** | | $70,200 |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CREST OFFICE PRODUCTS | Total Itemized Transactions | | $0 |
| 448 WEST 16TH STREET NEW YORK NY 10011 | Total Non-Itemized Transactions | | $8,771 |
| | **Total of All Transactions** | | $8,771 |
| Type or Classification (B) | | | |
| OFFICE SUPPLIES VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES 41601 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $29,714 |
| PHILADELPHIA PA 19101 | **Total of All Transactions** | | $29,714 |
| Type or Classification | | | |

| (B) | | | |
|---|---|---|---|
| EQUIPMENT LEASING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| DREAMS, SCREENS & DESIGNS | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $9,047 |
| 1041 HEGEMAN AVENUE BROOKLYN NY 11208 | **Total of All Transactions** | | $9,047 |
| Type or Classification (B) | | | |
| PRINTER | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| GAIN COMMUNICATIONS | RETAINER | 05/03/2005 | $5,110 |
| | Total Itemized Transactions | | $5,110 |
| 762 KINDERKAMACK ROAD RIVER EDGE NJ | Total Non-Itemized Transactions | | $934 |
| | **Total of All Transactions** | | $6,044 |
| Type or Classification (B) | | | |
| TELECOM SYSTEM MAINTENANCE VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| GARY SCHOICHET | NEWSLETTER | 10/20/2005 | $7,000 |
| | NEWSLETTER | 11/04/2005 | $5,000 |
| 351 WEST 24TH STREET NEW YORK NY 10011 | NEWSLETTER | 11/30/2005 | $5,000 |
| | NEWSLETTER | 01/04/2006 | $5,000 |
| | NEWSLETTER | 02/02/2006 | $5,000 |
| Type or Classification (B) | NEWSLETTER | 02/28/2006 | $5,000 |
| | Total Itemized Transactions | | $32,000 |
| CONSULTANT | Total Non-Itemized Transactions | | $2,000 |
| | **Total of All Transactions** | | $34,000 |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| IDC PRINTING STATIONERY | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $5,443 |
| 536 MERRICK ROAD LYNBROOK NY 11563 | **Total of All Transactions** | | $5,443 |
| Type or Classification (B) | | | |
| OFFICE SUPPLIES VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| LESLIE'S NETWORK MANAGEMENT | IT SYSTEMS MAINTENANCE | 11/17/2005 | $6,118 |
| | IT SYSTEMS MAINTENANCE | 07/29/2005 | $5,478 |
| 116 S. CENTRE STREET SOUTH ORANGE NJ | IT SYSTEMS MAINTENANCE | 04/01/2005 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 05/03/2005 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 05/24/2005 | $5,318 |
| Type or Classification (B) | IT SYSTEMS MAINTENANCE | 06/28/2005 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 08/25/2005 | $5,318 |

| COMPUTER TECHNICIAN | IT SYSTEMS MAINTENANCE | 11/04/2005 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 03/21/2006 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 03/21/2006 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 03/21/2006 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 03/21/2006 | $5,318 |
| | IT SYSTEMS MAINTENANCE | 03/21/2006 | $5,318 |
| | **Total Itemized Transactions** | | $70,094 |
| | Total Non-Itemized Transactions | | $1,305 |
| | **Total of All Transactions** | | **$71,399** |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| LRA CONSULTING | NEWSLETTER | 05/03/2005 | $5,900 |
| | NEWSLETTER | 06/28/2005 | $5,855 |
| 330 WEST 42ND STREET | NEWSLETTER | 05/03/2005 | $5,629 |
| NEW YORK | NEWSLETTER | 07/11/2005 | $5,607 |
| NY | NEWSLETTER | 04/11/2005 | $5,600 |
| 10036 | NEWSLETTER | 09/01/2005 | $5,600 |
| Type or Classification<br>(B) | NEWSLETTER | 09/21/2005 | $5,600 |
| CONSULTING FIRM | Total Itemized Transactions | | $39,791 |
| | Total Non-Itemized Transactions | | $2,800 |
| | **Total of All Transactions** | | **$42,591** |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| MERKLE DIRECT MARKETING<br>64897 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $7,035 |
| BALTIMORE | **Total of All Transactions** | | **$7,035** |
| MD | | | |
| 21264 | | | |
| Type or Classification<br>(B) | | | |
| DATA PROCESSOR | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| MICELI & KOENIG CPA'S, P.C. | ACCOUNTING | 06/07/2005 | $5,341 |
| | Total Itemized Transactions | | $5,341 |
| 485 UNDERHILL BLVD., STE100 | Total Non-Itemized Transactions | | $15,860 |
| SYOSSET | **Total of All Transactions** | | **$21,201** |
| NY | | | |
| 11791 | | | |
| Type or Classification<br>(B) | | | |
| ACCOUNTING FIRM | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| MYRON MANUFACTURING<br>802616 | MEMBER ORGANIZER DIARIES | 01/17/2006 | $11,183 |
| | Total Itemized Transactions | | $11,183 |
| CHICAGO | Total Non-Itemized Transactions | | |
| IL | **Total of All Transactions** | | **$11,183** |
| 60680 | | | |
| Type or Classification<br>(B) | | | |
| PRINTER | | | |

| Name and Address | Purpose | Date | Amount |
|---|---|---|---|

| (A) | (C) | (D) | (E) |
|---|---|---|---|
| NEW YORK SUBOA<br>1733<br><br>BRONX<br>NY<br>10451 | MEMBERSHIP EVENT | 12/05/2005 | $7,040 |
| | Total Itemized Transactions | | $7,040 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $7,040 |
| Type or Classification<br>(B) | | | |
| NOT-FOR-PROFIT<br>ORGANIZATION | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| PAETEC COMMUNICATIONS,<br>INC.<br>1283<br><br>BUFFALO<br>NY<br>14240 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $13,114 |
| | **Total of All Transactions** | | $13,114 |
| Type or Classification<br>(B) | | | |
| TELECOMMUNICATIONS<br>VENDOR | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| PAYCHEX<br><br>1551 S. WASHINGTON AVENUE<br>PISCATAWAY<br>NJ | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $7,126 |
| | **Total of All Transactions** | | $7,126 |
| Type or Classification<br>(B) | | | |
| PAYROLL PROCESSOR | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| PITNEY BOWES CREDIT CORP.<br>856460<br><br>LOUISVILLE<br>KY<br>40285 | EQUIPMENT LEASE | 02/23/2006 | $5,236 |
| | Total Itemized Transactions | | $5,236 |
| | Total Non-Itemized Transactions | | $17,928 |
| | **Total of All Transactions** | | $23,164 |
| Type or Classification<br>(B) | | | |
| EQUIPMENT LEASING VENDOR | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|
| POSTMASTER NY<br><br>421 8TH AVENUE<br>NEW YORK<br>NY<br>10199 | POSTAGE | 05/11/2005 | $5,000 |
| | POSTAGE | 09/26/2005 | $5,000 |
| | POSTAGE | 03/02/2006 | $5,000 |
| | Total Itemized Transactions | | $15,000 |
| | Total Non-Itemized Transactions | | $500 |
| Type or Classification<br>(B) | **Total of All Transactions** | | $15,500 |
| POST OFFICE | | | |

| Name and Address<br>(A) | Purpose<br>(C) | Date<br>(D) | Amount<br>(E) |
|---|---|---|---|

| WORKING ADVANTAGE | Total Itemized Transactions | $0 |
|---|---|---|
| | Total Non-Itemized Transactions | $8,570 |
| ONE GROVE STREET, 2ND FL WATERTOWN MA | **Total of All Transactions** | $8,570 |
| Type or Classification (B) | | |
| TICKET BROKER | | |

Form LM-2 (Revised 2003)

## SCHEDULE 19 - UNION ADMINISTRATION

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| AMERICAN ARBITRATION ASSOCIATION<br><br>1633 BROADWAY, FL. 10<br>NEW YORK<br>NY<br>10019 | ELECTION | 02/06/2006 | $5,000 |
| | Total Itemized Transactions | | $5,000 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $5,000 |
| Type or Classification (B) | | | |
| ARBITRATOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CARY KANE, LLP<br><br>1350 BROADWAY<br>NEW YORK<br>NY<br>10018 | RETAINER | 12/14/2005 | $8,144 |
| | RETAINER | 03/08/2006 | $5,024 |
| | Total Itemized Transactions | | $13,168 |
| | Total Non-Itemized Transactions | | $12,492 |
| | **Total of All Transactions** | | $25,660 |
| Type or Classification (B) | | | |
| LEGAL COUNSEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| HILTON HOTEL<br><br>1335 AVENUE OF THE AMERICAS<br>MANHATTAN<br>NY<br>10019 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $5,075 |
| | **Total of All Transactions** | | $5,075 |
| Type or Classification (B) | | | |
| HOTEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| JET BLUE<br>17435<br><br>SALT LAKE CITY<br>UT<br>84117 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $18,348 |
| | **Total of All Transactions** | | $18,348 |
| Type or Classification (B) | | | |
| AIRLINE | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| THE FAIRMONT HOTEL<br><br>123 BARRONE STREET<br>NEW ORLEANS<br>LA<br>70112 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $10,326 |
| | **Total of All Transactions** | | $10,326 |
| Type or Classification (B) | | | |
| HOTEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| RIVIERA HOTEL AND CASINO | CONFERENCE | 07/25/2005 | $6,417 |
| | Total Itemized Transactions | | $6,417 |
| 2901 LAS VEGAS BLVD. SOUTH LAS VEGAS NV 89109 | Total Non-Itemized Transactions | | $171 |
| | **Total of All Transactions** | | $6,588 |
| Type or Classification (B) | | | |
| HOTEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| BALLY'S PARIS | Total Itemized Transactions | | $0 |
| 3655 LAS VEGAS BLVD. SOUTH LAS VEGAS NV 89109 | Total Non-Itemized Transactions | | $5,405 |
| | **Total of All Transactions** | | $5,405 |
| Type or Classification (B) | | | |
| HOTEL | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 20 - BENEFITS

FILE NUMBER: 506-753

| Description (A) | To Whom Paid (B) | Amount (C) |
|---|---|---|
| PENSION - OFFICERS | U.S. POSTAL SERVICE | $50,290 |
| WELFARE - OFFICERS` | U.S. POSTAL SERVICE | $44,724 |
| PENSION - OFFICERS | A.P.W.U. AFL-CIO | $45,597 |
| WELFARE - OFFICE STAFF | LOCAL 153 HEALTH FUND | $30,342 |
| LIFE INSURANCE - OFFICERS | U.S. POSTAL SERVICE | $10,944 |
| PENSION - OFFICE STAFF | LOCAL 153 PENSION FUND | $9,276 |
| DISABILITY INSURANCE | NY STATE INSURANCE FUND | $2,964 |
| LONG-TERM DISABILITY - OFFICE STAFF | LOCAL 153 LT. DISABILITY FUND | $1,173 |
| THRIFT SAVINGS PLAN | U.S. POSTAL SERVICE | $1,148 |
| **Total Benefits** | | $196,458 |

Form LM-2 (Revised 2003)

## 69. ADDITIONAL INFORMATION SUMMARY

Question 12: The books and records are currently being audited by Berdon LLP, an independent Certified Pubic Accounting firm.

Schedule 13 : Active members are currently employed and pay dues.

General Information: The IRS assessment reported in question 24 of the March 31, 2004 LM-2 was repealed with no amounts owed by the Union.

Question 3: The Union is exercising the temporary hardship exemption and is initially filing by paper format by the required due date. An electronic format copy is expected to be filed within ten business days of the original filing date.

Question 10: APWU LOCAL 10 BUILDING CORPORATION
350 WEST 31ST STREET
NEW YORK, NY 10001
PURPOSE: CORPORATION OWNS THE BUILDING WHERE THE UNION HAS ITS OFFICES.

Schedule 13 : Inactive members are temporarily not working and not paying dues but retain the full rights of a dues paying member.

Form LM-2 (Revised 2003)

Return

U.S. Department of Labor
Employment Standards
Administration
Office of Labor-Management
Standards
Washington, DC 20210

# FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT

MUST BE USED BY LABOR ORGANIZATIONS WITH $250,000 OR MORE IN TOTAL ANNUAL RECEIPTS AND LABOR ORGANIZATIONS IN TRUSTEESHIP

Form Approved
Office of Management and Budget
No. 1215-0188
Expires: 12-31-2010

This report is manadatory under P.L. 86-257, as amended.  Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

| READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT. | | | |
|---|---|---|---|
| For Official Use Only | 1. FILE NUMBER 506-753 | 2. PERIOD COVERED From    4/1/2006 Through  3/31/2007 | 3. (a) AMENDED - Is this an amended report:    No (b) HARDSHIP - Filed under the hardship procedures:    No (c) TERMINAL - This is a terminal report:    No |

| 4. AFFILIATION OR ORGANIZATION NAME POSTAL WORKERS, AMERICAN, AFL-CIO | | 8. MAILING ADDRESS (Type or print in capital letters) | |
|---|---|---|---|
| 5. DESIGNATION (Local, Lodge, etc.) LOCAL UNION | 6. DESIGNATION NBR 10 | First Name CLARICE | Last Name TORRENCE |
| 7. UNIT NAME (if any) NEW YORK METRO AREA | | P.O Box - Building and Room Number 3RD FLOOR | |
| | | Number and Street 350 WEST 31ST STREET | |
| 9. Are your organization's records kept at its mailing address?    Yes | | City NEW YORK | |
| | | State NY | ZIP Code + 4 10001 |

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned individual's knowledge and belief, true, correct and complete (See Section V on penalties in the instructions.)

| 26. SIGNED: | Clarice Torrence | PRESIDENT | 27. SIGNED: | Wilfredo Figueroa | TREASURER |
|---|---|---|---|---|---|
| Date: | Jun 28, 2007 | Contact Info: | Date: | Jun 28, 2007 | Contact Info: |

Form LM-2 (Revised 2003)

## ITEMS 10 THROUGH 21

FILE NUMBER: 506-753

10. During the reporting period did the labor organization create or participate in the administration of a trust or a fund or organization, as defined in the instructions, which provides benefits for members or beneficiaries? — **Yes**

11. During the reporting period did the labor organization have a Political Action Committee (PAC) fund? — **No**

12. During the reporting period did the labor organization have an audit or review of its books and records by an outside accountant or by a parent body auditor/representative? — **No**

13. During the reporting period did the labor organization discover any loss or shortage of funds or other assets? (Answer "Yes" even if there has been repayment or recovery.) — **No**

14. What is the maximum amount recoverable under the labor organization's fidelity bond for a loss caused by any officer, employee or agent of the labor organization who handled union funds? — **$500,000**

15. During the reporting period did the labor organization acquire or dispose of any assets in a manner other than purchase or sale? — **No**

16. Were any of the labor organization's assets pledged as security or encumbered in any way at the end of the reporting period? — **No**

17. Did the labor organization have any contingent liabilities at the end of the reporting period? — **No**

18. During the reporting period did the labor organization have any changes in its constitution or bylaws, other than rates of dues and fees, or in practices/procedures listed in the instructions? — **No**

19. What is the date of the labor organization's next regular election of officers? — **04/2009**

Form LM-2 (Revised 2003)

20. How many members did the labor organization have at the end of the reporting period? — **7,308**

21. What are the labor organization's rates of dues and fees?

| Rates of Dues and Fees | | | | | |
|---|---|---|---|---|---|
| Dues/Fees | Amount | | Unit | Minimum | Maximum |
| (a) Regular Dues/Fees | $22.56 | per | BIWEEKLY | | |
| (b) Working Dues/Fees | | per | | | |
| (c) Initiation Fees | | per | | | |
| (d) Transfer Fees | | per | | | |
| (e) Work Permits | | per | | | |

## STATEMENT A - ASSETS AND LIABILITIES

| ASSETS | Schedule Number | Start of Reporting Period (A) | End of Reporting Period (B) |
|---|---|---|---|
| 22. Cash | | $2,971,766 | $2,368,521 |
| 23. Accounts Receivable | 1 | $486,283 | $463,024 |
| 24. Loans Receivable | 2 | $0 | $0 |
| 25. U.S. Treasury Securities | | $0 | $0 |
| 26. Investments | 5 | $5,735,445 | $6,250,387 |
| 27. Fixed Assets | 6 | $16,227 | $14,621 |
| 28. Other Assets | 7 | $1,277 | $1,978 |
| 29. TOTAL ASSETS | | $9,210,998 | $9,098,531 |

**ASSETS**

| LIABILITIES | Schedule Number | Start of Reporting Period (A) | End of Reporting Period (B) |
|---|---|---|---|
| 30. Accounts Payable | 8 | $260,683 | $283,895 |
| 31. Loans Payable | 9 | $0 | $0 |
| 32. Mortgages Payable | | $0 | $0 |
| 33. Other Liabilities | 10 | $170,562 | $285,141 |
| 34. TOTAL LIABILITIES | | $431,245 | $569,036 |

**LIABILITIES**

| 35. NET ASSETS | $8,779,753 | $8,529,495 |
|---|---|---|

Form LM-2 (Revised 2003)

# STATEMENT B - RECEIPTS AND DISBURSEMENTS

FILE NUMBER: 506-753

| CASH RECEIPTS | SCH | AMOUNT |
|---|---|---|
| 36. Dues and Agency Fees | | $4,042,981 |
| 37. Per Capita Tax | | $0 |
| 38. Fees, Fines, Assessments, Work Permits | | $0 |
| 39. Sale of Supplies | | $0 |
| 40. Interest | | $101,245 |
| 41. Dividends | | $0 |
| 42. Rents | | $0 |
| 43. Sale of Investments and Fixed Assets | 3 | $1,595 |
| 44. Loans Obtained | 9 | $0 |
| 45. Repayments of Loans Made | 2 | $0 |
| 46. On Behalf of Affiliates for Transmittal to Them | | $0 |
| 47. From Members for Disbursement on Their Behalf | | $0 |
| 48. Other Receipts | 14 | $81,001 |
| **49. TOTAL RECEIPTS** | | $4,226,822 |

| CASH DISBURSEMENTS | SCH | AMOUNT |
|---|---|---|
| 50. Representational Activities | 15 | $898,421 |
| 51. Political Activities and Lobbying | 16 | $43,929 |
| 52. Contributions, Gifts, and Grants | 17 | $28,139 |
| 53. General Overhead | 18 | $1,024,536 |
| 54. Union Administration | 19 | $403,992 |
| 55. Benefits | 20 | $225,142 |
| 56. Per Capita Tax | | $1,578,787 |
| 57. Strike Benefits | | $0 |
| 58. Fees, Fines, Assessments, etc. | | $0 |
| 59. Supplies for Resale | | $0 |
| 60. Purchase of Investments and Fixed Assets | 4 | $513,262 |
| 61. Loans Made | 2 | $0 |
| 62. Repayment of Loans Obtained | 9 | $0 |
| 63. To Affiliates of Funds Collected on Their Behalf | | $0 |
| 64. On Behalf of Individual Members | | $0 |
| 65. Direct Taxes | | $120,565 |
| | | |
| 66. Subtotal | | $4,836,773 |
| 67. Withholding Taxes and Payroll Deductions | | |
| 67a. Total Withheld | $457,457 | |
| 67b. Less Total Disbursed | $450,751 | |
| 67c. Total Withheld But Not Disbursed | | $6,706 |
| **68. TOTAL DISBURSEMENTS** | | $4,830,067 |

Form LM-2 (Revised 2003)

## SCHEDULE 1 - ACCOUNTS RECEIVABLE AGING SCHEDULE

FILE NUMBER: 506-753

| Entity or Individual Name (A) | Total Account Receivable (B) | 90-180 Days Past Due (C) | 180+ Days Past Due (D) | Liquidated Account Receivable (E) |
|---|---|---|---|---|
| Totals from all other accounts receivable | $463,024 | | | $0 |
| **TOTALS** (Column (B) Total will be automatically entered in Item 23, Column (B)) | $463,024 | $0 | $0 | $0 |

Form LM-2 (Revised 2003)

## SCHEDULE 2 - LOANS RECEIVABLE

FILE NUMBER: 506-753

There was no data found for this schedule.

## SCHEDULE 3 - SALE OF INVESTMENTS AND FIXED ASSETS

FILE NUMBER: 506-753

| Description (if land or buildings give location) (A) | Cost (B) | Book Value (C) | Gross Sales Price (D) | Amount Received (E) |
|---|---|---|---|---|
| MORTGAGE BACKED BONDS | $1,595 | $1,595 | $1,595 | $1,595 |
| **Total of all lines** | $1,595 | $1,595 | $1,595 | $1,595 |
| | | | 14. Less Reinvestments | $0 |
| (Net Sales total will automatically entered in Item 43) | | | **15. Net Sales** | $1,595 |

Form LM-2 (Revised 2003)

## SCHEDULE 4 - PURCHASE OF INVESTMENTS AND FIXED ASSETS    FILE NUMBER: 506-753

| Description (if land or buildings, give location) (A) | Cost (B) | Book Value (C) | Cash Paid (D) |
|---|---|---|---|
| COMPUTER EQUIPMENT | $4,711 | $4,711 | $4,711 |
| APWU LOCAL 10 BUILDING CORP- CAPITAL CONTRIBUTION | $508,551 | $508,551 | $508,551 |
| Total of all lines | $513,262 | $513,262 | $513,262 |
| | | 14. Less Reinvestments | $0 |
| (Net Purchases total will automatically entered in Item 60) | | 15. Net Purchases | $513,262 |

Form LM-2 (Revised 2003)

## SCHEDULE 5 - INVESTMENTS

FILE NUMBER: 506-753

| Description<br>(A) | Amount<br>(B) |
|---|---|
| **Marketable Securities** | |
| 1. Total Cost | $3,233 |
| 2. Total Book Value | $3,233 |
| 3. List each marketable security which has a book value over $5000 and exceeds 5% of Line 2. | |
| ▪ . | $0 |
| **Other Investments** | |
| 4. Total Cost | $6,247,154 |
| 5. Total Book Value | $6,247,154 |
| 6. List each other investment which has a book value over $5000, of Line 5. Also list each Trust which is an investment. | |
| ▪ APWU LOCAL 10 BUILDING CORP | $6,247,154 |
| **7. Total of Lines 2 and 5** (Total will be automatically entered in Item 26, Column(B)) | **$6,250,387** |

Form LM-2 (Revised 2003)

# SCHEDULE 6 - FIXED ASSETS

| Description<br>(A) | Cost or Other Basis<br>(B) | Total Depreciation or Amount Expensed<br>(C) | Book Value<br>(D) | Value<br>(E) |
|---|---|---|---|---|
| 1. Land (give location) | $0 | | $0 | $0 |
| 3. Buildings (give location) | $0 | $0 | $0 | $0 |
| 5. Automobiles and Other Vehicles | $0 | $0 | $0 | $0 |
| 6. Office Furniture and Equipment | $183,005 | $168,384 | $14,621 | $14,621 |
| 7. Other Fixed Assets | $0 | $0 | $0 | $0 |
| **8. Totals of Lines 1 through 7** (Column(D) Total will be automatically entered in Item 27, Column(B)) | $183,005 | $168,384 | $14,621 | $14,621 |

Form LM-2 (Revised 2003)

## SCHEDULE 7 - OTHER ASSETS

FILE NUMBER: 506-753

| Description<br>(A) | Book Value<br>(B) |
|---|---|
| PREPAID EXPENSES | $1,978 |
| **Total Other Assets** (Total will be automatically entered in Item 28, Column(B)) | $1,978 |

Form LM-2 (Revised 2003)

# SCHEDULE 8 - ACCOUNTS PAYABLE AGING SCHEDULE

FILE NUMBER: 506-753

| Entity or Individual Name (A) | Total Account Payable (B) | 90-180 Days Past Due (C) | 180+ Days Past Due (D) | Liquidated Account (E) |
|---|---|---|---|---|
| Total from all other accounts payable | $283,895 | $0 | $0 | $0 |
| **Total Accounts Payable** (Column(B) Total will be automatically entered in Item 30, Column(D)) | $283,895 | $0 | $0 | $0 |

Form LM-2 (Revised 2003)

## SCHEDULE 9 - LOANS PAYABLE

FILE NUMBER: 506-753

There was no data found for this schedule.

## SCHEDULE 10 - OTHER LIABILITIES

FILE NUMBER: 506-753

| Description (A) | Amount at End of Period (B) |
|---|---|
| ACCRUED VACATION & SICK PAY | $285,141 |
| **Total Other Liabilities** (Total will be automatically entered in Item 33, Column(D)) | **$285,141** |

Form LM-2 (Revised 2003)

## SCHEDULE 11 - ALL OFFICERS AND DISBURSEMENTS TO OFFICERS

FILE NUMBER: 506-753

| (A)<br>Name | (B)<br>Title | (C)<br>Status | (D)<br>Gross Salary<br>Disbursements<br>(before any<br>deductions) | (E)<br>Allowances<br>Disbursed | (F)<br>Disbursements<br>for Official<br>Business | (G)<br>Other<br>Disbursements not<br>reported in<br>(D) thru (F) | (H)<br>TOTAL |
|---|---|---|---|---|---|---|---|
| A<br>B CHARLES   BEMBRY JR<br>  EXECUTIVE SECRETARY<br>C | | | $77,943 | $0 | $184 | $0 | $78,127 |
| I | Schedule 15<br>Representational<br>Activities 85 % | Schedule 16<br>Political<br>Activities and<br>Lobbying 0 % | Schedule 17<br>Contributions 5 % | Schedule 18<br>General<br>Overhead 0 % | Schedule 19<br>Administration 10 % | | |
| A<br>B JOSEPH  R  CAPOBIANC<br>  ASST.DIR.,NJI & BMC<br>C | | | $12,797 | $500 | $615 | $0 | $13,912 |
| I | Schedule 15<br>Representational<br>Activities 98 % | Schedule 16<br>Political<br>Activities and<br>Lobbying 0 % | Schedule 17<br>Contributions 0 % | Schedule 18<br>General<br>Overhead 0 % | Schedule 19<br>Administration 2 % | | |
| A<br>B CHARLES  J  CARNES<br>  TREASURER<br>C | | | $75,230 | $0 | $108 | $0 | $75,338 |
| I | Schedule 15<br>Representational<br>Activities 15 % | Schedule 16<br>Political<br>Activities and<br>Lobbying 1 % | Schedule 17<br>Contributions 0 % | Schedule 18<br>General<br>Overhead 74 % | Schedule 19<br>Administration 10 % | | |
| A<br>B DOROTHY  M  DAVIS<br>  DIR. BX.<br>N | | | $5,013 | $0 | $0 | $0 | $5,013 |
| I | Schedule 15<br>Representational<br>Activities 90 % | Schedule 16<br>Political<br>Activities and<br>Lobbying 10 % | Schedule 17<br>Contributions 0 % | Schedule 18<br>General<br>Overhead 0 % | Schedule 19<br>Administration 0 % | | |
| A<br>B ABRIITO    EL<br>  DIRECTOR OF ORG.<br>C | | | $75,194 | $0 | $131 | $0 | $75,325 |
| I | Schedule 15<br>Representational<br>Activities 90 % | Schedule 16<br>Political<br>Activities and<br>Lobbying 0 % | Schedule 17<br>Contributions 0 % | Schedule 18<br>General<br>Overhead 0 % | Schedule 19<br>Administration 10 % | | |
| A<br>B WILFREDO   FIGUEROA<br>  ASST. DIR. MORGAN P. & DC<br>C | | | $4,549 | $350 | $50 | $0 | $4,949 |
| I | Schedule 15 | Schedule 16<br>Political | Schedule 17 | Schedule 18 | Schedule 19 | | |

| | Representational Activities | 98 % | Activities and Lobbying | 0 % | Contributions | 0 % | General Overhead | 0 % | Administration | 2 % |
|---|---|---|---|---|---|---|---|---|---|---|
| A | JOANN    FLAGLER | | | | | | | | | |
| B | DIRECTOR, CLERK DIVISION | | $26,040 | | $500 | | $28 | | $0 | $26,568 |
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 90 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 5 % |
| A | YOLANDA    GRANT | | | | | | | | | |
| B | DIR. MORGAN P &DC | | $8,708 | | $350 | | $0 | | $0 | $9,058 |
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A | HECTOR    LOPEZ | | | | | | | | | |
| B | SECTOR AIDE | | $3,924 | | $250 | | $0 | | $0 | $4,174 |
| C | N | | | | | | | | | |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 15 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A | DULINE    MCCOY | | | | | | | | | |
| B | ASST. DIR. BRONX DIVISION | | $9,057 | | $350 | | $18 | | $0 | $9,425 |
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 5 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A | ADRIANO    MEASSO | | | | | | | | | |
| B | DIRECTOR NJI & BMC | | $19,595 | | $400 | | $496 | | $0 | $20,491 |
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 2 % |
| A | JAMES  E  MOORE | | | | | | | | | |
| B | SECTOR AIDE | | $13,119 | | $0 | | $391 | | $0 | $13,510 |
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 90 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 10 % |
| A | TIMOTHY    NEILAN | | | | | | | | | |
| B | DIRECTOR DVD | | $6,364 | | $250 | | $296 | | $0 | $6,910 |
| C | | | | | | | | | | |

| | Schedule 15 Representational Activities | | Schedule 16 Political Activities and Lobbying | | Schedule 17 Contributions | | Schedule 18 General Overhead | | Schedule 19 Administration | |
|---|---|---|---|---|---|---|---|---|---|---|
| I | Schedule 15 Representational Activities | 90 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 0 % |
| A B C | HERMAN B NICHOLLS VICE PRESIDENT | | | $6,413 | | $250 | | $60 | | $0 | $6,723 |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 15 % |
| A B C | MICHAEL POOLE COORD. V.P. | | | $9,050 | | $0 | | $112 | | $0 | $9,162 |
| I | Schedule 15 Representational Activities | 30 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 70 % |
| A B C | WILLIAM R PUGH DIR. MOTOR VEHICLES N | | | $16,705 | | $500 | | $0 | | $0 | $17,205 |
| I | Schedule 15 Representational Activities | 80 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 20 % |
| A B C | YVETTE REYES SECTOR AIDE C | | | $5,630 | | $250 | | $63 | | $0 | $5,943 |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 5 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 5 % |
| A B C | PHILLIP ROSSO ASST. DIR. MAINT. N | | | $2,621 | | $250 | | $0 | | $0 | $2,871 |
| I | Schedule 15 Representational Activities | 90 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 5 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A B C | GIACOMO RUTIGLIANO DIR. MAINT. N | | | $4,673 | | $250 | | $0 | | $0 | $4,923 |
| I | Schedule 15 Representational Activities | 80 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 20 % |
| A B C | FRANSICO SANCHEZ DIR. INDUSTRIAL RELATIONS C | | | $80,024 | | $100 | | $61 | | $0 | $80,185 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| C | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 80 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 5 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 5 % |
| A B C | NORMAN SHEPHERD JR ASST. DIR. CLERK CRAFT C | | | $19,041 | | $250 | | $82 | | $0 | | $19,373 |
| I | Schedule 15 Representational Activities | 70 % | Schedule 16 Political Activities and Lobbying | 10 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 20 % |
| A B C | CLARICE TORRENCE PRESIDENT C | | | $101,034 | | $1,750 | | $1,197 | | $0 | | $103,981 |
| I | Schedule 15 Representational Activities | 45 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 45 % |
| A B C | SHARON TYRRELL ASST. DIRECTOR DVD N | | | $5,791 | | $350 | | $54 | | $0 | | $6,195 |
| I | Schedule 15 Representational Activities | 90 % | Schedule 16 Political Activities and Lobbying | 5 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 5 % | Schedule 19 Administration | 0 % |
| A B C | CLARENCE WALL JR EXECUTIVE VP C | | | $87,100 | | $250 | | $1,193 | | $0 | | $88,543 |
| I | Schedule 15 Representational Activities | 50 % | Schedule 16 Political Activities and Lobbying | 10 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 40 % |
| A B C | GREGORY C WILSON LEGISLATIVE DIRECTOR C | | | $30,601 | | $100 | | $50 | | $0 | | $30,751 |
| I | Schedule 15 Representational Activities | 40 % | Schedule 16 Political Activities and Lobbying | 40 % | Schedule 17 Contributions | 10 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 10 % |
| A B C | CHARES ZLATKIN V.P. EDITOR N | | | $30,065 | | $0 | | $1,122 | | $0 | | $31,187 |
| I | Schedule 15 Representational Activities | 75 % | Schedule 16 Political Activities and Lobbying | 10 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 10 % | Schedule 19 Administration | 5 % |
| A | DAMON BRANCH SECTOR AIDE | | | $6,495 | | $0 | | $0 | | $0 | | $6,495 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | P | | | | | | | | | | |
| C | | | | | | | | | | | |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 6 % |
| A | GYNTTEEN  A  CUTHBERT | | | | | | | | | |
| B | ASST. DIR. D.V.D. | | | $552 | | $0 | | $0 | | $0 | $552 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 94 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 6 % |
| A | PATRICK  J  HAYES | | | | | | | | | |
| B | DIR. MAIL HANDLER DIV | | | $275 | | $0 | | $0 | | $0 | $275 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A | MARVIN  L  HODGES | | | | | | | | | |
| B | DIR. MAINTENANCE DIVISION | | | $550 | | $0 | | $0 | | $0 | $550 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A | WILLIAM  E  KREUTER | | | | | | | | | |
| B | ASST. DIR. MAINTENANCE | | | $8,286 | | $250 | | $0 | | $0 | $8,536 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 2 % |
| A | SYNTHIA  R  NARI | | | | | | | | | |
| B | VICE PRESIDENT | | | $437 | | $0 | | $0 | | $0 | $437 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A | MAXIMO   RIVERA | | | | | | | | | |
| B | ASST. DIR. BRONX DIVISION | | | $4,237 | | $0 | | $0 | | $0 | $4,237 |
| C | P | | | | | | | | | |
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |

| A B C | KATTIE R WILLIAMS DIR. MOTOR VEHICLE DIV. P | | | $275 | | $0 | | $0 | | $0 | | $275 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I | Schedule 15 Representational Activities | 100 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % | | |

| Total Officer Disbursements | $757,388 | $7,500 | $6,311 | $0 | $771,199 |
|---|---|---|---|---|---|
| Less Deductions | | | | | $245,402 |
| Net Disbursements | | | | | $525,797 |

Form LM-2 (Revised 2003)

## SCHEDULE 12 - DISBURSEMENTS TO EMPLOYEES

FILE NUMBER: 506-753

| | (A) Name | (B) Title | (C) Other Payer | (D) Gross Salary Disbursements (before any deductions) | (E) Allowances Disbursed | (F) Disbursements for Official Business | (G) Other Disbursements not reported in (D) thru (F) | (H) TOTAL |
|---|---|---|---|---|---|---|---|---|
| A B C | GISELLE E AMBURSLEY TRUSTEE N/A | | | $22,484 | $250 | $50 | $0 | $22,784 |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 10 % Schedule 17 Contributions | 5 % Schedule 18 General Overhead | 0 % Schedule 19 Administration | | 0 % |
| A B C | ELEANOR BAILEY CHAIR OF ELEC. COMMITTEE N/A | | | $13,046 | $0 | $441 | $0 | $13,487 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % Schedule 17 Contributions | 0 % Schedule 18 General Overhead | 0 % Schedule 19 Administration | | 100 % |
| A B C | LIDIANN DIAZ ADMINISTRATIVE N/A | | | $52,966 | $0 | $100 | $181 | $53,247 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % Schedule 17 Contributions | 0 % Schedule 18 General Overhead | 100 % Schedule 19 Administration | | 0 % |
| A B C | SAM JOHNSON OFFICE CLEANING N/A | | | $34,320 | $0 | $89 | $0 | $34,409 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % Schedule 17 Contributions | 0 % Schedule 18 General Overhead | 100 % Schedule 19 Administration | | 0 % |
| A B C | ERNESTO JORDAN SHOP STEWARD N/A | | | $11,675 | $0 | $260 | $0 | $11,935 |
| I | Schedule 15 Representational Activities | 40 % | Schedule 16 Political Activities and Lobbying | 0 % Schedule 17 Contributions | 0 % Schedule 18 General Overhead | 20 % Schedule 19 Administration | | 40 % |
| A B C | WAYNE LEWIS SHOP STEWARD N/A | | | $10,447 | $1,500 | $12 | $0 | $11,959 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and | 0 % Schedule 17 Contributions | 2 % Schedule 18 General Overhead | 0 % Schedule 19 Administration | | 0 % |

| | | Lobbying | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A B C | ALDO  MACIOCI SHOP STEWARD N/A | | | $13,706 | | $400 | | $111 | | $0 | $14,217 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 2 % |
| A B C | KEJA  MCCLARIN SHOP STEWARD N/A | | | $11,569 | | $250 | | $58 | | $0 | $11,877 |
| I | Schedule 15 Representational Activities | 75 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 25 % |
| A B C | SHILDA  MOTLEY SIMMONS SHOP STEWARD N/A | | | $25,611 | | $0 | | $460 | | $0 | $26,071 |
| I | Schedule 15 Representational Activities | 60 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 40 % |
| A B C | JAMES  PEREZ SHOP STEWARD N/A | | | $13,348 | | $250 | | $9 | | $0 | $13,607 |
| I | Schedule 15 Representational Activities | 85 % | Schedule 16 Political Activities and Lobbying | 15 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| A B C | LILLIAN  PURNELL ADMINISTRATIVE N/A | | | $59,107 | | $0 | | $0 | | $180 | $59,287 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 100 % | Schedule 19 Administration | 0 % |
| A B C | FLORENCE  SUMMERGRAD SHOP STEWARD N/A | | | $19,557 | | $400 | | $0 | | $0 | $19,957 |
| I | Schedule 15 Representational Activities | 98 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 2 % |
| A B C | MARTHA J  WILLIAMS ADMINISTRATIVE N/A | | | $58,806 | | $0 | | $0 | | $180 | $58,986 |
| I | Schedule 15 | | Schedule 16 | | | | Schedule 18 | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| I | Representational Activities | 0 % | Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | General Overhead | 100 % | Schedule 19 Administration | 0 % |
| A B C | DOLORES YOUNG SHOP STEWARD N/A | | | $12,333 | | $0 | | $767 | $0 | $13,100 |
| I | Schedule 15 Representational Activities | 0 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 100 % |
| A B C | TAWANDA YOUNG DIRECTOR HUMAN RELATIONS N/A | | | $42,235 | | $150 | | $2,469 | $0 | $44,854 |
| I | Schedule 15 Representational Activities | 40 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 60 % |
| A B C | THEODORO NICHOLAS SHOP STEWARD N/A | | | $35,994 | | $950 | | $276 | $0 | $37,220 |
| I | Schedule 15 Representational Activities | 96 % | Schedule 16 Political Activities and Lobbying | 2 % | Schedule 17 Contributions | 2 % | Schedule 18 General Overhead | 0 % | Schedule 19 Administration | 0 % |
| | TOTALS RECEIVED BY EMPLOYEES MAKING LESS THAN $10000 | | | $178,919 | | $11,450 | | $3,349 | $0 | $193,718 |
| I | Schedule 15 Representational Activities | 78 % | Schedule 16 Political Activities and Lobbying | 0 % | Schedule 17 Contributions | 0 % | Schedule 18 General Overhead | 4 % | Schedule 19 Administration | 18 % |
| | Total Employee Disbursements | | | $616,123 | | $15,600 | | $8,451 | $541 | $640,715 |
| | Less Deductions | | | | | | | | | $212,055 |
| | Net Disbursements | | | | | | | | | $428,660 |

Form LM-2 (Revised 2003)

## SCHEDULE 13 - MEMBERSHIP STATUS

FILE NUMBER: 506-753

| Category of Membership (A) | Number (B) | Voting Eligibility (C) |
|---|---|---|
| ACTIVE | 6,884 | Yes |
| INACTIVE | 424 | Yes |
| Members | 7,308 | |
| Agency Fee Payers* | | |
| **Total Members/Fee Payers** | 7,308 | |
| *Agency Fee Payers are not considered members of the labor organization. | | |

Form LM-2 (Revised 2003)

## DETAILED SUMMARY PAGE - SCHEDULES 14 THROUGH 19

FILE NUMBER: 506-753

| SCHEDULE 14   OTHER RECEIPTS | |
|---|---|
| 1. Named Payer Itemized Receipts | $8,746 |
| 2. Named Payer Non-itemized Receipts | $9,687 |
| 3. All Other Receipts | $62,568 |
| **4. Total Receipts** | **$81,001** |
| | |
| | |

| SCHEDULE 15   REPRESENTATIONAL ACTIVITIES | |
|---|---|
| 1. Named Payee Itemized Disbursements | $25,244 |
| 2. Named Payee Non-itemized Disbursements | $5,788 |
| 3. To Officers | $516,088 |
| 4. To Employees | $310,239 |
| 5. All Other Disbursements | $41,062 |
| **6. Total Disbursements** | **$898,421** |

| SCHEDULE 16   POLITICAL ACTIVITIES AND LOBBYING | |
|---|---|
| 1. Named Payee Itemized Disbursements | $0 |
| 2. Named Payee Non-itemized Disbursements | $0 |
| 3. To Officers | $38,866 |
| 4. To Employees | $5,063 |
| 5. All Other Disbursements | |
| **6. Total Disbursement** | **$43,929** |

| SCHEDULE 17   CONTRIBUTIONS, GIFTS & GRANTS | |
|---|---|
| 1. Named Payee Itemized Disbursements | $12,000 |
| 2. Named Payee Non-itemized Disbursements | $0 |
| 3. To Officers | $11,902 |
| 4. To Employees | $2,123 |
| 5. All Other Disbursements | $2,114 |
| **6. Total Disbursements** | **$28,139** |

| SCHEDULE 18   GENERAL OVERHEAD | |
|---|---|
| 1. Named Payee Itemized Disbursements | $460,757 |
| 2. Named Payee Non-itemized Disbursements | $180,090 |
| 3. To Officers | $70,061 |
| 4. To Employees | $216,065 |
| 5. All Other Disbursements | $97,563 |
| **6. Total Disbursements** | **$1,024,536** |

| SCHEDULE 19   UNION ADMINISTRATION | |
|---|---|
| 1. Named Payee Itemized Disbursements | $111,714 |
| 2. Named Payee Non-itemized Disbursements | $20,192 |
| 3. To Officers | $134,283 |
| 4. To Employees | $107,224 |
| 5. All Other Disbursements | $30,579 |
| **6. Total Disbursements** | **$403,992** |

Form LM-2 (Revised 2003)

## SCHEDULE 14 - OTHER RECEIPTS

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| APWU AFL-CIO | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $8,749 |
| 1300 L STREET NW WASHINGTON DC 20005 | **Total of All Transactions** | | $8,749 |
| Type or Classification (B) | | | |
| INTERNATIONAL UNION | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| HYATT REGENCY HOTEL | REFUND OF HOTEL CHARGES | 08/24/2006 | $8,746 |
| | Total Itemized Transactions | | $8,746 |
| 201 S COLUMBUS BLVD PHILADELPHIA PA 19106 | Total Non-Itemized Transactions | | $938 |
| | **Total of All Transactions** | | $9,684 |
| Type or Classification (B) | | | |
| HOTEL | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 15 - REPRESENTATIONAL ACTIVITIES

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CARY KANE, LLP<br><br>1350 BROADWAY<br>NEW YORK<br>NY<br>10018 | LEGAL REPRESENTATION | 12/19/2006 | $6,884 |
| | LEGAL REPRESENTATION | 07/18/2006 | $6,360 |
| | LEGAL REPRESENTATION | 06/15/2006 | $6,000 |
| | LEGAL REPRESENTATION | 10/05/2006 | $6,000 |
| | Total Itemized Transactions | | $25,244 |
| Type or Classification (B) | Total Non-Itemized Transactions | | $5,788 |
| LEGAL COUNSEL | **Total of All Transactions** | | $31,032 |

Form LM-2 (Revised 2003)

## SCHEDULE 16 - POLITICAL ACTIVITIES AND LOBBYING

FILE NUMBER 506-753

There was no data found for this schedule.

## SCHEDULE 17 - CONTRIBUTIONS, GIFTS & GRANTS

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| APWU-AFLCIO<br><br>1300 L STREET NW<br>WASHINGTON<br>DC<br>20005 | CAMPAIGN TO STOP CLOSING OF POST OFFICES | 10/05/2006 | $12,000 |
| | Total Itemized Transactions | | $12,000 |
| | Total Non-Itemized Transactions | | |
| Type or Classification (B) | **Total of All Transactions** | | $12,000 |
| INTERNATIONAL UNION | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 18 - GENERAL OVERHEAD

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| BERDON LLP | ACCOUNTING SERVICES | 09/13/2006 | $20,036 |
| | ACCOUNTING SERVICES | 08/28/2006 | $19,668 |
| 360 MADISON AVENUE | ACCOUNTING SERVICES | 01/17/2007 | $14,645 |
| NEW YORK | ACCOUNTING SERVICES | 01/17/2007 | $9,088 |
| NY | Total Itemized Transactions | | $63,437 |
| 10017 | Total Non-Itemized Transactions | | |
| Type or Classification (B) | **Total of All Transactions** | | $63,437 |
| ACCOUNTING FIRM | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CARY KANE, LLP | LEGAL REPRESENTATION | 02/13/2007 | $6,506 |
| | LEGAL REPRESENTATION | 08/23/2006 | $6,124 |
| 1350 BROADWAY | LEGAL REPRESENTATION | 09/13/2006 | $6,000 |
| NEW YORK | LEGAL REPRESENTATION | 11/20/2006 | $6,000 |
| NY | LEGAL REPRESENTATION | 01/12/2007 | $6,000 |
| 10018 | LEGAL REPRESENTATION | 03/09/2007 | $6,000 |
| Type or Classification (B) | Total Itemized Transactions | | $36,630 |
| LEGAL COUNSEL | Total Non-Itemized Transactions | | $3,356 |
| | **Total of All Transactions** | | $39,986 |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CERIDIAN | Total Itemized Transactions | | $0 |
| 10989 | Total Non-Itemized Transactions | | $13,068 |
| | **Total of All Transactions** | | $13,068 |
| NEWARK | | | |
| NJ | | | |
| 08691 | | | |
| Type or Classification (B) | | | |
| PAYROLL PROCESSOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CITICORP VENDOR FINANCE | Total Itemized Transactions | | $0 |
| 7247 | Total Non-Itemized Transactions | | $20,809 |
| | **Total of All Transactions** | | $20,809 |
| PHILADELPHIA | | | |
| PA | | | |
| 19170 | | | |
| Type or Classification (B) | | | |
| EQUIPMENT LEASING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CONSOLIDATED COLOR PRESS | NEWSLETTER | 06/15/2006 | $6,653 |
| | NEWSLETTER | 11/03/2006 | $6,193 |
| 307 7TH AVENUE, SUITE 602 | NEWSLETTER | 01/26/2007 | $6,132 |
| NEW YORK | NEWSLETTER | 02/22/2007 | $6,132 |
| NY | NEWSLETTER | 03/23/2007 | $6,132 |
| 10001 | NEWSLETTER | 09/07/2006 | $6,043 |
| Type or Classification (B) | NEWSLETTER | 11/20/2006 | $6,043 |
| PRINTING VENDOR | | | |

| | | | |
|---|---|---|---|
| | NEWSLETTER | 12/29/2006 | $6,043 |
| | NEWSLETTER | 04/10/2006 | $5,646 |
| | NEWSLETTER | 05/15/2006 | $5,501 |
| | NEWSLETTER | 07/19/2006 | $5,501 |
| | MEMBERSHIP CARDS | 05/15/2006 | $5,156 |
| | Total Itemized Transactions | | $71,175 |
| | Total Non-Itemized Transactions | | $6,570 |
| | **Total of All Transactions** | | **$77,745** |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| COVAD COMMUNICATIONS 39000 <br><br> SAN FRANCISCO CA 94139 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $6,092 |
| | **Total of All Transactions** | | **$6,092** |
| Type or Classification (B) | | | |
| TELECOMMUNICATIONS PROVIDER | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CREST OFFICE PRODUCTS <br><br> 448 WEST 16TH STREET NEW YORK NY 10011 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $15,015 |
| | **Total of All Transactions** | | **$15,015** |
| Type or Classification (B) | | | |
| OFFICE SUPPLIES VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES 41601 <br><br> PHILADELPHIA PA 19101 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $29,696 |
| | **Total of All Transactions** | | **$29,696** |
| Type or Classification (B) | | | |
| EQUIPMENT LEASING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| DORNEY PARK <br><br> 3830 DORNEY PARK ROAD ALLENTOWN PA 18104 | MEMBERSHIP EVENT | 06/16/2006 | $33,320 |
| | MEMBERSHIP EVENT | 08/23/2006 | $13,794 |
| | Total Itemized Transactions | | $47,114 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | **$47,114** |
| Type or Classification (B) | | | |
| AMUSEMENT PARK | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| GAIN COMMUNICATIONS, INC. | RETAINER | 06/15/2006 | $5,110 |

| 411 SETTE DRIVE, BLDG. S-4 PARAMUS NJ 07652 | Total Itemized Transactions | | $5,110 |
|---|---|---|---|
| | Total Non-Itemized Transactions | | $535 |
| | **Total of All Transactions** | | $5,645 |
| Type or Classification (B) | | | |
| TELECOM SYSTEM MAINTENANCE VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| GARY SCHOICHET | NEWSLETTER | 06/09/2006 | $7,250 |
| | NEWSLETTER | 02/08/2007 | $6,900 |
| 351 WEST 24TH STREET | NEWSLETTER | 03/12/2007 | $6,900 |
| NEW YORK | NEWSLETTER | 07/14/2006 | $6,500 |
| NY | NEWSLETTER | 09/08/2006 | $6,500 |
| 10011 | NEWSLETTER | 10/10/2006 | $6,500 |
| Type or Classification (B) | NEWSLETTER | 11/14/2006 | $6,500 |
| | NEWSLETTER | 12/19/2006 | $6,500 |
| CONSULTANT | NEWSLETTER | 01/08/2007 | $6,500 |
| | NEWSLETTER | 04/06/2006 | $5,000 |
| | NEWSLETTER | 05/09/2006 | $5,000 |
| | Total Itemized Transactions | | $70,050 |
| | Total Non-Itemized Transactions | | $4,418 |
| | **Total of All Transactions** | | $74,468 |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| HEWIG & MARVIC, INC. | Total Itemized Transactions | | $0 |
| 2 BRADFORD COURT | Total Non-Itemized Transactions | | $6,288 |
| TENAFLY | **Total of All Transactions** | | $6,288 |
| NJ 07670 | | | |
| Type or Classification (B) | | | |
| PRINTING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| LESLIE'S NETWORK MANAGEMENT | IT SYSTEM MAINTENANCE | 11/03/2006 | $6,683 |
| | IT SYSTEM MAINTENANCE | 09/21/2006 | $6,303 |
| 116 S. CENTRE STREET | IT SYSTEM MAINTENANCE | 01/26/2007 | $6,238 |
| SOUTH ORANGE | IT SYSTEM MAINTENANCE | 08/24/2006 | $5,863 |
| NJ | IT SYSTEM MAINTENANCE | 04/24/2006 | $5,618 |
| 07079 | IT SYSTEM MAINTENANCE | 06/05/2006 | $5,618 |
| Type or Classification (B) | IT SYSTEM MAINTENANCE | 07/21/2006 | $5,618 |
| | IT SYSTEM MAINTENANCE | 12/29/2006 | $5,618 |
| COMPUTER TECHNICIAN | IT SYSTEM MAINTENANCE | 12/07/2006 | $5,597 |
| | IT SYSTEM MAINTENANCE | 06/30/2006 | $5,318 |
| | IT SYSTEM MAINTENANCE | 10/20/2006 | $5,318 |
| | IT SYSTEM MAINTENANCE | 02/22/2007 | $5,318 |
| | IT SYSTEM MAINTENANCE | 03/12/2007 | $5,317 |
| | IT SYSTEM MAINTENANCE | 03/29/2007 | $5,317 |
| | Total Itemized Transactions | | $79,744 |
| | Total Non-Itemized Transactions | | $1,095 |

| | Total of All Transactions | | $80,839 |
|---|---|---|---|

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| MERKLE DIRECT MARKETING 64897 BALTIMORE MD 21264 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $9,097 |
| | Total of All Transactions | | $9,097 |
| Type or Classification (B) | | | |
| DATA PROCESSOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| MICELI & KOENIG CPA'S, P.C. 485 UNDERHILL BLVD.,STE 100 SYOSSET NY 11791 | ACCOUNTING SERVICES | 07/01/2006 | $7,408 |
| | Total Itemized Transactions | | $7,408 |
| | Total Non-Itemized Transactions | | $10,381 |
| | Total of All Transactions | | $17,789 |
| Type or Classification (B) | | | |
| ACCOUNTING FIRM | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| MYRON MANUFACTURING 802616 CHICAGO IL 60680 | MEMBER ORGANIZER DIARIES | 12/19/2006 | $11,407 |
| | Total Itemized Transactions | | $11,407 |
| | Total Non-Itemized Transactions | | |
| | Total of All Transactions | | $11,407 |
| Type or Classification (B) | | | |
| PRINTING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| NEW YORK STATE INSURANCE FUND 199 CHURCH STREET NEW YORK NY 10007 | WORKERS COMPENSATION INSURANCE | 12/19/2006 | $8,954 |
| | WORKERS COMPENSATION INSURANCE | 04/10/2006 | $7,886 |
| | WORKERS COMPENSATION INSURANCE | 05/09/2006 | $5,632 |
| | Total Itemized Transactions | | $22,472 |
| | Total Non-Itemized Transactions | | $6,692 |
| Type or Classification (B) | | | |
| INSURANCE COMPANY | Total of All Transactions | | $29,164 |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| PAETEC COMMUNICATIONS, INC. 1282 BUFFALO NY 14240 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $18,382 |
| | Total of All Transactions | | $18,382 |
| Type or Classification (B) | | | |
| TELECOMMUNICATIONS | | | |

| PROVIDER | | | |
|---|---|---|---|

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| PITNEY BOWES CREDIT CORP. 856460 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $10,251 |
| LOUISVILLE KY 40285 | **Total of All Transactions** | | $10,251 |
| Type or Classification (B) | | | |
| EQUIPMENT LEASING VENDOR | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| PITNEY BOWES PURCHASE POWER 856042 | POSTAGE | 04/24/2006 | $9,960 |
| | Total Itemized Transactions | | $9,960 |
| LOUISVILLE KY 40285 | Total Non-Itemized Transactions | | $9,830 |
| | **Total of All Transactions** | | $19,790 |
| Type or Classification (B) | | | |
| POSTAGE SUPPLIER | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| POSTMASTER NY | POSTAGE | 06/30/2006 | $5,000 |
| 421 8TH AVENUE NEW YORK NY 10199 | POSTAGE | 11/20/2006 | $5,000 |
| | Total Itemized Transactions | | $10,000 |
| | Total Non-Itemized Transactions | | $545 |
| | **Total of All Transactions** | | $10,545 |
| Type or Classification (B) | | | |
| POST OFFICE | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| TNT TRANSPORTATION | TRANSPORTATION FOR MEMBERSHIP EVENT | 06/16/2006 | $15,750 |
| 10 MANLEY STREET STATEN ISLAND NY 10309 | TRANSPORTATION FOR MEMBERSHIP EVENT | 08/23/2006 | $10,500 |
| | Total Itemized Transactions | | $26,250 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $26,250 |
| Type or Classification (B) | | | |
| CHARTER BUS SERVICE | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| WORKING ADVANTAGE | Total Itemized Transactions | | $0 |
| ONE GROVE STREET, 2ND FLOOR WATERTOWN MA 02472 | Total Non-Itemized Transactions | | $7,970 |
| | **Total of All Transactions** | | $7,970 |
| Type or Classification (B) | | | |
| TICKET BROKER | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 19 - UNION ADMINISTRATION

FILE NUMBER: 506-753

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| AMERICAN ARBITRATION ASSOCIATION<br><br>355 MADISON AVENUE<br>NEW YORK<br>NY<br>10017-4605 | OFFICERS ELECTION | 09/21/2006 | $46,162 |
| | Total Itemized Transactions | | $46,162 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $46,162 |
| Type or Classification (B) | | | |
| ARBITRATORS | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| APWU HOTEL DEPOSIT<br><br>1300 L STREET NW<br>WASHINGTON<br>DC<br>20005 | Total Itemized Transactions | | $0 |
| | Total Non-Itemized Transactions | | $7,632 |
| | **Total of All Transactions** | | $7,632 |
| Type or Classification (B) | | | |
| INTERNATIONAL UNION | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| CARY KANE, LLP<br><br>1350 BROADWAY<br>NEW YORK<br>NY<br>10018 | OFFICERS ELECTION | 05/15/2006 | $8,266 |
| | Total Itemized Transactions | | $8,266 |
| | Total Non-Itemized Transactions | | $3,820 |
| | **Total of All Transactions** | | $12,086 |
| Type or Classification (B) | | | |
| LEGAL COUNSEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| OXFELD COHEN, P.C.<br><br>60 PARK PLACE<br>NEWARK<br>NJ<br>07102 | MEDIATION AGREEMENT | 06/12/2006 | $7,286 |
| | Total Itemized Transactions | | $7,286 |
| | Total Non-Itemized Transactions | | |
| | **Total of All Transactions** | | $7,286 |
| Type or Classification (B) | | | |
| LEGAL COUNSEL | | | |

| Name and Address (A) | Purpose (C) | Date (D) | Amount (E) |
|---|---|---|---|
| HYATT REGENCY HOTEL<br><br>201 S COLUMBUS BLVD<br>PHILADELPHIA<br>PA<br>19106 | LODGING FOR NATIONAL CONVENTION | 08/11/2006 | $50,000 |
| | Total Itemized Transactions | | $50,000 |
| | Total Non-Itemized Transactions | | $2,764 |
| | **Total of All Transactions** | | $52,764 |
| Type or Classification (B) | | | |
| HOTEL | | | |

| Name and Address (A) | Purpose (C) | | Date (D) | Amount (E) |
|---|---|---|---|---|
| TOM VARECHA ASSOCIATES | Total Itemized Transactions | | | $0 |
| | Total Non-Itemized Transactions | | | $5,976 |
| 1350 SOUTH CALLE ROLPH | **Total of All Transactions** | | | $5,976 |
| PALM SPRINGS | | | | |
| CA | | | | |
| 92264 | | | | |
| Type or Classification (B) | | | | |
| PRINTING VENDOR | | | | |

Form LM-2 (Revised 2003)

## SCHEDULE 20 - BENEFITS

FILE NUMBER: 506-753

| Description<br>(A) | To Whom Paid<br>(B) | Amount<br>(C) |
|---|---|---|
| PENSION-OFFICERS | U.S. POSTAL SERVICE | $42,632 |
| WELFARE-OFFICERS | U.S. POSTAL SERVICE | $38,974 |
| PENSION- OFFICERS | A.P.W.U AFL-CLO | $92,133 |
| WELFARE- OFFICE STAFF | LOCAL 153 HEALTH FUND | $29,343 |
| LIFE INSURANCE-OFFICERS | U.S. POSTAL SERVICE | $9,346 |
| PENSION- OFFICE STAFF | LOCAL 153 PENSION FUND | $8,550 |
| DISABILITY INSURANCE | NY STATE INSURANCE FUND | $2,728 |
| LONG-TERM DISABILITY INSURANCE | LOCAL 153 LT DISABILITY FUND | $1,005 |
| THRIFT SAVINGS PLAN | U.S. POSTAL SERVICE | $431 |
| **Total Benefits** | | $225,142 |

Form LM-2 (Revised 2003)

## 69. ADDITIONAL INFORMATION SUMMARY

FILE NUMBER: 506-753

Question 10: APWU LOCAL 10 BUILDING CORPORATION
350 WEST 31ST STREET
NEW YORK, NY 10001
PURPOSE: CORPORATION OWNS THE BUILDING WHERE THE UNION HAS ITS OFFICES.

Schedule 13 : ACTIVE MEMBERS ARE CURRENTLY EMPLOYED AND PAY DUES.

Schedule 13 : INACTIVE MEMBERS ARE TEMPORARILY NOT WORKING AND NOT PAYING DUES BUT RETAIN THE FULL RIGHTS OF A DUES PAYING MEMBER.

General Information: QUESTION 12: THE LOCAL'S INDEPENDENT ACCOUNTING FIRM HAS ISSUED A COMPILATION REPORT ON ITS FINANCIAL STATEMENTS.

LINE 71: THE FORM IS BEING SIGNED BY THE CURRENT SECRETARY TREASURER, IN OFFICE, AT THE TIME OF THIS FILING. HIS TITLE REPORTED ON SCHEDULE 11 IS THAT WHICH HE FORMERLY HELD (ASST. DIR. MORGAN P.&DC) DURING THE REPORTING PERIOD.

Form LM-2 (Revised 2003)

Public reporting burden for this collection of information is estimated to average 710 hours per response in the first year, 539 hours per response in the second year, and 536 hours per response in the third year. This includes the time for reviewing instructions, searching existing data sources, gathering and maintaining data needed, and completing and reviewing the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. Reporting of this information is mandatory and is required by the Labor-Management Reporting and Disclosure Act of 1959, as amended, for the purpose of public disclosure. As this is public information, there are no assurances of confidentiality. If you have any comments regarding this estimate or any other aspect of this information collection, including suggestions for reducing this burden, please send them to the U.S. Department of Labor, Employment Standards Administration, Office of Labor-Management Standards, Division of Interpretations and Standards, Room N-5605, 200 Constitution Avenue, NW, Washington, DC 20210.

# INSTRUCTIONS FOR ELECTRONIC FORM LM-2 LABOR ORGANIZATION ANNUAL REPORT
**(03/23/04)**

## GENERAL INSTRUCTIONS

### I. WHO MUST FILE

Every labor organization subject to the Labor-Management Reporting and Disclosure Act, as amended (LMRDA), the Civil Service Reform Act (CSRA), or the Foreign Service Act (FSA) must file a financial report, Form LM-2, LM-3, or LM-4, each year with the Office of Labor-Management Standards (OLMS) of the U.S. Department of Labor's (Department) Employment Standards Administration. These laws cover labor organizations that represent employees who work in private industry, employees of the U.S. Postal Service, and most Federal government employees. Labor organizations that represent only state, county, or municipal government employees are not covered by these laws and, therefore, are not required to file, except that any "conference, general committee, joint or system board, or joint council" that is subordinate to a national or international labor organization is a labor organization under the LMRDA and is required to file a financial report if the national or international labor organization is a labor organization engaged in an industry affecting commerce within the meaning of section 3(j) of the LMRDA. If you have a question about whether the labor organization is required to file, contact the nearest OLMS field office listed at the end of these instructions.

### II. WHAT FORM TO FILE

Every labor organization subject to the LMRDA, CSRA, or FSA with total annual receipts of $250,000 or more must file Form LM-2. The term "total annual receipts" means all financial receipts of the labor organization during its fiscal year, regardless of the source, including receipts of any special funds as described in Section VIII (Funds To Be Reported) of these instructions. Receipts of a trust in which the labor organization is interested should not be included in the total annual receipts of the labor organization when determining which form to file unless the trust is wholly owned, wholly controlled, and wholly financed by the labor organization.

Labor organizations with total annual receipts of less than $250,000 may file the simplified annual report Form LM-3, if not in trusteeship as defined in Section IX (Labor Organizations In Trusteeship) of these instructions. Labor organizations with total annual receipts of less than $10,000 may file the abbreviated annual report Form LM-4, if not in trusteeship.

**NOTE:** Certain labor organizations are required to file Form 990, Return of Organization Exempt from Income Tax, with the Internal Revenue Service (IRS). The IRS has accepted a copy of the labor organization's Form LM-2 in the past to provide some of the information required by Form 990. See the instructions for the

current Form 990 for details. Filing Form LM-2 with the IRS does not satisfy the labor organization's reporting requirement with the U.S. Department of Labor.

## III. WHEN TO FILE

Form LM-2 must be filed within 90 days after the end of the labor organization's fiscal year (12-month reporting period). The law does not authorize the Department to grant an extension of time for filing reports. The penalties for delinquency are described in Section VI (Officer Responsibilities and Penalties) of these instructions.

If the labor organization went out of existence during its fiscal year, a terminal financial report must be filed within 30 days after the date it ceased to exist. See Section XII (Labor Organizations That Have Ceased to Exist) of these instructions for information on filing a terminal financial report.

## IV. HOW TO FILE

Form LM-2, and Form T-1 Trust Annual Report as described in Section X (Trusts in Which a Labor Organization is Interested) of these instructions, must be submitted electronically to the Department. A Form LM-2 and T-1 filer will be able to file a report in paper format only if it asserts a temporary hardship exemption or applies for and is granted a continuing hardship exemption. Forms LM-3 and LM-4 may be prepared and submitted electronically but it is not required.

### HARDSHIP EXEMPTIONS

A labor organization that must file Form LM-2 or T-1 may assert a temporary hardship exemption or apply for a continuing hardship exemption to prepare and submit the report in paper format. If a labor organization files both Form LM-2 and Form T-1, the exemption must be separately asserted for each report, although in appropriate circumstances the same reasons may be used to support both exemptions. If it is possible to file Form LM-2, or one or more Form T-1s electronically, no exemption should be claimed for those reports, even though an exemption is warranted for a related report.

TEMPORARY HARDSHIP EXEMPTION:

If a labor organization experiences unanticipated technical difficulties that prevent the timely preparation and submission of an electronic filing, the organization may file Form LM-2 or T-1 in paper format by the required due date. An electronic format copy of the filed paper format document must be submitted to the Department within ten business days after the required due date. Indicate in Item 3 (Amended, Hardship Exempted, or Terminal Report) that the labor organization is filing under the hardship exemption procedures. Unanticipated technical difficulties that may result in additional delays should be brought to the attention of the OLMS Division of Interpretations and Standards, which can be reached at the address below, by email at OLMS-Public@dol.gov, by phone at 202-693-0123, or by fax at 202-693-1340.

**Note:** If either the paper filing or the electronic filing is not received in the timeframe specified above, the report will be considered delinquent.

CONTINUING HARDSHIP EXEMPTION:

(a) A labor organization may apply in writing for a continuing hardship exemption if Form LM-2 or T-1 cannot be filed electronically without undue burden or expense. Such written application shall be received at least 30 days prior to the required due date of the report(s). The written application shall contain the information set forth in paragraph (b). The application must be mailed to the following address:

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
200 Constitution Avenue, NW
Room N-5605
Washington, DC  20210-0001

Questions regarding the application should be directed to the OLMS Division of Interpretations and Standards, which can be reached at the above address, by e-mail at OLMS-Public@dol.gov, by phone at 202-693-0123, or by fax at 202-693-1340.

(b) The request for the continuing hardship exemption shall include, but not be limited to, the following: (1) the justification for the requested time period of the exemption; (2) the burden and expense that the labor organization would incur if it was required to make an electronic submission; and (3) the reasons for not submitting the report(s) electronically. The applicant must specify a time period not to exceed one year.

(c) The continuing hardship exemption shall not be deemed granted until the Department notifies the applicant in writing.  If the Department denies the application for an exemption, the labor organization shall file the report(s) in electronic format by the required due date. If the Department determines that the grant of the exemption is appropriate and consistent with the public interest and the protection of union members and so notifies the applicant, the labor organization shall follow the procedures set forth in paragraph (d).

(d) If the request is granted, the labor organization shall submit the report(s) in paper format by the required due date. The filer may be required to submit Form LM-2 or T-1 in electronic format upon the expiration of the period for which the exemption is granted.  Indicate in Item 3 (Amended, Hardship Exempted, or Terminal Report) that the labor organization is filing under the hardship exemption procedures.

**Note:** If either the paper filing or the electronic filing is not received in the timeframe specified above, the report will be considered delinquent.

## V. PUBLIC DISCLOSURE

The LMRDA requires that the Department make labor organization financial reports available for inspection by the public. Reports may be viewed and downloaded from the OLMS Web site at http://www.union-reports.dol.gov.  Copies of reports and union constitutions and bylaws can also be ordered at the same Web site.  Reports may also be examined and copies purchased at the OLMS Public Disclosure Room at the following address:

U.S. Department of Labor
Employment Standards Administration
Office of Labor-Management Standards
200 Constitution Avenue, NW
Room N-5608
Washington, DC 20210-0001

## VI. OFFICER RESPONSIBILITIES AND PENALTIES

The president and treasurer or the corresponding principal officers of the labor organization required to sign Form LM-2 are personally responsible for its filing and accuracy.  Under the LMRDA, officers are subject to criminal penalties for willful failure to file a required report and for false reporting.  False reporting includes making any false statement or misrepresentation of a material fact while knowing it to be false, or for knowingly failing to disclose a material fact in a required report or in the information required to be contained in it or in any information required to be submitted with it.

The reporting labor organization and the officers required to sign Form LM-2 are also subject to civil prosecution for violations of the filing requirements. Section 210 of the LMRDA (29 U.S.C. 440) provides that "whenever it shall

appear that any person has violated or is about to violate any of the provisions of this title, the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate."

Under the CSRA and FSA and implementing regulations, false reporting and failure to report may result in administrative enforcement action and litigation. The officers responsible for signing Form LM-2 are also subject to criminal penalties for false reporting and perjury under Sections 1001 of Title 18 and 1746 of Title 28 of the United States Code.

## VII. Recordkeeping

The officers required to file Form LM-2 are responsible for maintaining records that will provide in sufficient detail the information and data necessary to verify the accuracy and completeness of the report. The records must be kept for at least 5 years after the date the report is filed. Any record necessary to verify, explain or clarify the report must be retained, including, but not limited to, vouchers, worksheets, receipts, applicable resolutions, and any electronic documents, including recordkeeping software, used to complete, read, and file the report.

## VIII. Funds To Be Reported

The labor organization must report financial information on Form LM-2 for all funds of the labor organization. Include any special purpose funds or accounts, such as strike funds, vacation funds, and scholarship funds even if they are not part of the labor organization's general treasury.

The labor organization is required to report information about any trust in which it is interested on the Form T-1. See Section X (Trusts In Which A Labor Organization Is Interested).

# SPECIAL INSTRUCTIONS FOR CERTAIN ORGANIZATIONS

## IX. Labor Organizations in Trusteeship

Any labor organization that has placed a subordinate labor organization in trusteeship is responsible for filing the subordinate's annual financial report. A trusteeship is defined in section 3(h) of the LMRDA (29 U.S.C. 402) as "any receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws."

Annual financial reports filed for any labor organization in trusteeship must be filed on Form LM-2. The report must be signed by the president and treasurer or corresponding principal officers of the labor organization that imposed the trusteeship. The trustees of the subordinate labor organization must also sign and date Form LM-2. To do so, click on the "Add Signature Block" button on page 1 to open a signature page near the end of the form.

## X. Trusts In Which A Labor Organization Is Interested

The labor organization must disclose assets, liabilities, receipts, and disbursements of a significant trust in which the labor organization is interested.

A trust in which a labor organization is interested is defined in Section 3(l) of the LMRDA (29 U.S.C. 402(l)) as

> ...a trust or other fund or organization (1) which was created or established by a labor organization, or one or more of the trustees or one or more members of the governing body of which is selected or appointed by a labor

organization, and (2) a primary purpose of which is to provide benefits for the members of such labor organization or their beneficiaries.

The definition of a trust in which a labor organization is interested may include, but is not limited to, joint funds administered by a union and an employer pursuant to a collective bargaining agreement, educational or training institutions, banks or credit unions created for the benefit of union members, and redevelopment or investment groups established by the union for the benefit of its members. The determination whether a particular entity is a trust in which a labor organization is interested must be based on the facts in each case. A trust will be considered significant, and therefore must be reported on Form T-1, if (1) it had annual receipts of $250,000 or more during its most recent fiscal year, and (2) the labor organization's financial contribution to the trust or the contribution made on the labor organization's behalf, or as a result of a negotiated agreement to which the labor organization is a party, is $10,000 or more annually.

If a trust has annual receipts of less than $250,000 or if the labor organization's financial contribution to a trust that has annual receipts of $250,000 or more, or the contribution made on the labor organization's behalf, or as a result of a negotiated agreement to which the labor organization is a party, is less than $10,000 annually, the labor organization need only report the existence of the trust and the amount of the contribution. This information should be reported in Item 69 as required by the instructions for Item 10 and, if the contribution was made by the labor organization itself, in the appropriate disbursement item in Statement B.

If the labor organization's financial contribution to a trust, or the contribution made on the labor organization's behalf, or as a result of a negotiated agreement to which the labor organization is a party, is

$10,000 or more annually, the labor organization must file a Form T-1 to report all of the assets, liabilities, receipts, and disbursements of the trust and other information about the trust.

No Form T-1 should be filed for any labor organization that already files a Form LM-2, LM-3, or LM-4, nor should a report be filed for any entity that is expressly exempted from reporting in the Act. No separate report need be filed for Political Action Committee (PAC) funds if publicly available reports on the PAC funds are filed with a Federal or state agency, or for a political organization for which reports are filed with the Internal Revenue Service pursuant to 26 U.S.C. 527. No separate report is required for an employee benefit plan that filed a complete and timely annual report pursuant to the requirements of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1023, 1024(a), and 1030, and 29 C.F.R. 2520.103-1, for a plan year ending during the reporting period of the union (a notice filed with the Secretary of Labor pursuant to an exemption from reporting and disclosure does not constitute a complete annual financial report).

A labor organization may complete only Items 1 through 15 and Items 26-27 (Signatures) of Form T-1 if annual audits prepared according to standards set forth in the Form T-1 instructions are freely available on demand under § 302(c)(5)(B) of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. 186(c)(5)(B), and a copy of the audit is filed with the Form T-1.

Form T-1, or a qualifying audit, must be filed within 90 days after the end of the union's fiscal year. If the trust's fiscal year is not the same as the labor organization's fiscal year, state when the trust's fiscal year ends in Item 69 as required by the instructions for Item 10. See Instructions for Form T-1, Trust Annual Report.

Questions regarding these reporting requirements should be directed to the

OLMS Division of Interpretations and Standards, which can be reached at the above address, by email at OLMS-Public@dol.gov, by phone at 202-693-0123 or by fax at 202-693-1340. The Department will publish additional information giving further practical guidance on the reporting requirements for trusts on the OLMS Web site at http://www.olms.dol.gov.

Examples of a trust in which a labor organization is interested may include, but are not limited to, the following entities:

**Example A:  The Building Corporation** – A labor organization creates a corporation which owns the building where the union has its offices. The building corporation must be reported as a trust in which the labor organization is interested.

**Example B:  The Redevelopment Corporation** – A labor organization creates an entity named the Redevelopment Corporation, or appoints one or more of the members of the governing board of the Corporation, which is established primarily to enable members of the labor organization to obtain low cost housing constructed with Federal Housing and Urban Development (HUD) grants. The Redevelopment Corporation must be reported as a trust in which it is interested. A labor organization that neither participated in the creation of the Corporation, nor appointed members of its governing board, but loaned money to the Corporation to use as matching money for HUD grants need not report the Corporation as a trust in which it is interested.

**Example C: The Educational Institute** – Five reporting labor organizations form the Educational Institute to provide educational services primarily for the benefit of their members. Similar services are also provided to the general public. Each labor organization contributes funds to start the Educational Institute, which will then offer various educational programs that will generate revenue. Each labor

organization that participated in forming the Institute, or that appoints a member to its governing body, must report the Educational Institute as a trust in which it is interested.

**Example D: The Bank** – A reporting labor organization forms a bank that is chartered and licensed under federal and state laws, or selects a member of the board of directors of a bank that is already in existence, for the purpose of ensuring that banking services are available to members at reasonable cost, or as an investment for the purpose of increasing funds available for union activities for the benefit of union members. Any labor organization that participated in forming the bank, or that appoints a member to the bank's board of directors, must report the bank as a trust in which it has an interest.

**Example E: Joint Funds** – A reporting labor organization that forms a "joint fund" with a large national manufacturer to offer a variety of training and jobs skills programs for members of the labor organization, or appoints a member to the governing body of such a fund, must report the joint fund as a trust in which the labor organization has an interest.

**Example F:  Job Targeting Fund** – A reporting labor organization creates an entity for the purpose of making targeted disbursements to increase employment opportunities for its members. The fund must be reported as a trust in which the labor organization is interested.

**Example G: 302(c)(5) through (9) Plans** – A reporting labor organization forms a plan permitted under Section 302(c)(5) through (9) of the LMRA (29 U.S.C. 186 (c)(5) through (9)), and files a complete annual financial report as required under ERISA. The labor organization reports only that the plan exists and states where the ERISA annual financial report may be viewed. This information should be reported in Item 69. No Form T-1 need be filed even if the labor organization contributes more than $10,000 to the plan.

# XI. COMPLETING FORM LM-2

## INTRODUCTION

Opening the Form LM-2 from either the Web site or as a saved file should launch Adobe and open the form.

Items 1, 2, and 4-7 are "pre-filled" items. These fields were filled in by the software based on information you entered when you accessed and downloaded the form from our Web site. You cannot edit these fields.

Most pages have a "Perform Calculations" button to total and transfer data to fields in various parts of the form. You may click on one or more of these buttons as you fill out the form at any time.

You may click on the "Validate Form" button at any time to check for errors. This action will generate an "Errors Page" listing any errors that will need to be corrected before you will be able to sign the form. Clicking on the signature lines will also perform the validation function.

## INFORMATION ITEMS 1–21

Answer Items 1 through 21 as instructed. Select the appropriate box for those questions requiring a "Yes" or "No" answer; do not leave both boxes blank. Enter a single "0" in the boxes for items requiring a number or dollar amount if there is nothing to report.

**1. FILE NUMBER** — The software will enter the labor organization's 6-digit file number here and at the top of each page of Form LM-2. This is the number you entered when you downloaded Form LM-2. If the number is incorrect, you must download another copy of the form using the correct number. If the labor organization does not have the number on file and cannot obtain the number from prior reports filed with the Department, the number can be obtained from the OLMS Web site at http://www.union-reports.dol.gov, or by contacting the nearest OLMS field office listed at the end of these instructions.

**2. PERIOD COVERED** — The software will enter the beginning and ending dates of the period covered by this report. These are the dates you entered when you downloaded Form LM-2. If the dates are incorrect, you must download another form using the correct dates.

If the labor organization changed its fiscal year, the ending date in Item 2 should be the labor organization's new fiscal year ending date and the labor organization should indicate in Item 69 (Additional Information) that the report is for a period of less than 12 months because its fiscal year has changed. For example, if the labor organization's fiscal year ending date changes from June 30 to December 31, a report must be filed for the partial year from July 1 to December 31. Thereafter, the labor organization's annual report should cover a full 12-month period from January 1 to December 31.

**3. AMENDED, HARDSHIP EXEMPTED, OR TERMINAL REPORT** — Do not complete this item unless this report is an amended, hardship exempted, or terminal report. Select Item 3(a) if the labor organization is filing an amended report correcting a previously filed report. Select Item 3(b) if the labor organization is filing under the hardship exemption procedures defined in Section IV. Select Item 3(c) if the labor organization has gone out of business by disbanding, merging into another labor organization, or being merged and consolidated with one or more labor organizations to form a new labor organization, and this is the labor organization's terminal report. Be sure the date the labor organization ceased to exist is entered in Item 2 (Period Covered) after the word "Through." See Section XII (Labor Organizations That Have Ceased to Exist) of these instructions for more information on filing a terminal report.

**4. AFFILIATION OR ORGANIZATION**

**NAME** — The software will access this information from the OLMS database and enter the name of the national or international labor organization that granted the labor organization a charter. "Affiliates," within the meaning of these instructions, are labor organizations chartered by the same parent body, governed by the same constitution and bylaws, or having the relationship of parent and subordinate. For example, a parent body is an affiliate of all of its subordinate bodies, and all subordinate bodies of the same parent body are affiliates of each other.

If the labor organization has not reported such an affiliation, the software will enter the name of the labor organization as currently identified in the labor organization's constitution and bylaws or other organizational documents.

This item cannot be edited. If the labor organization needs to change this information, contact OLMS at (202) 693-0124.

**5.  DESIGNATION** — The software will enter the specific designation that is used to identify the labor organization, such as Local, Lodge, Branch, Joint Board, Joint Council, District Council, etc.  This field cannot be edited.

**6.  DESIGNATION NUMBER** — The software will enter the number or other identifier, if any, by which the labor organization is known.  This field cannot be edited.

**7.  UNIT NAME** — The software will enter any additional or alternate name by which the labor organization is known, such as "Chicago Area Local." This field cannot be edited.

**8.  MAILING ADDRESS** — The software will enter the current address where mail is most likely to reach the labor organization as quickly as possible. The first and last name of the person, if any, to whom such mail should be sent and any

building and room number should be included. These fields are pre-filled from the OLMS database but can be edited by the filer.

**9.  PLACE WHERE RECORDS ARE KEPT** — If the records required to be kept by the labor organization to verify this report are kept at the address reported in Item 8 (Mailing Address), answer "Yes."  If not, answer "No" and provide in Item 69 (Additional Information) the address where the labor organization's records are kept.

**10.  TRUSTS OR FUNDS** — Answer "Yes" to Item 10, if the labor organization has an interest in a trust as defined in 29 U.S.C. 402(l) (see Section X of these Instructions).  Provide in Item 69 (Additional Information) the full name, address, and purpose of each trust.  Also include in Item 69 the fiscal year ending date for any trust for which a Form T-1 is filed if the trust's fiscal year is different from that of the labor organization.  If no Form T-1 is required to be filed on the trust because (1) the trust had annual receipts of less than $250,000 during the trust's most recent fiscal year or (2) the labor organization's financial contribution to the trust or the contribution made on the labor organization's behalf, or as a result of a negotiated agreement to which the labor organization is a party, is less than $10,000, the labor organization should also report the amount of the contribution in Item 69 and, if the contribution was made by the labor organization itself, in the appropriate disbursement item in Statement B.  Additionally, if no Form T-1 is filed because financial information is already available as a result of the disclosure requirements of another Federal statute, list the name of any government agency, such as the Employee Benefits Security Administration (EBSA) of the Department of Labor, with which the trust files a publicly available report, and the relevant file number of the trust, or otherwise indicate where the relevant report may be viewed.  See Instructions for Form T-1, Trust Annual Report, for guidance on reporting the

assets, liabilities, receipts, disbursements, and other information about these entities.

**11.  POLITICAL ACTION COMMITTEE FUNDS —** If the labor organization answered "Yes" to Item 11, provide in Item 69 (Additional Information) the full name of each separate political action committee (PAC) and list the name of any government agency, such as the Federal Election Commission or a state agency, with which the PAC has filed a publicly available report, and the relevant file number of the PAC. (PAC funds kept separate from the labor organization's treasury need not be included in the labor organization's Form LM-2 if publicly available reports on the PAC funds are filed with a Federal or state agency.)

**12.  AUDIT OR REVIEW OF BOOKS AND RECORDS —** If the labor organization answered "Yes" to Item 12, indicate in Item 69 (Additional Information) whether the audit or review was performed by an outside accountant or a parent body auditor/representative.  If an outside accountant performed the audit or review, provide the name of the accountant or accounting firm.  Report any audit or review by an outside accountant or a parent body auditor/representative in which the labor organization's books and records were examined to verify their accuracy and validity.  The term "audit or review" does not include providing assistance in developing a bookkeeping system, providing routine bookkeeping services, or merely compiling information from the labor organization's books and records to prepare Form LM-2 or other financial reports.  Also, do not answer "Yes" to Item 12 if an audit committee or trustees of the labor organization performed the audit or review.

**13.  LOSSES OR SHORTAGES —** Answer "Yes" to Item 13 if the labor organization experienced a loss, shortage, or other discrepancy in its finances during the period covered.  Describe the loss or shortage in detail in Item 69 (Additional Information), including such information as

the amount of the loss or shortage of funds or a description of the property that was lost, how it was lost, and to what extent, if any, there has been an agreement to make restitution or any recovery by means of repayment, fidelity bond, insurance, or other means.

**14.  FIDELITY BOND —** Enter the maximum amount recoverable for a loss caused by any officer, employee, or agent of the labor organization who handled the labor organization's funds.  Enter "0" if the labor organization was not covered by a fidelity bond during the reporting period.

**NOTE:**  If a labor organization has property and annual financial receipts that exceeded $5,000, each of the labor organization's officers, employees, and agents who handles funds or other property of the labor organization must be bonded.  The amount of the bond must be at least 10% of the value of the funds handled by the individual during the last reporting period, up to a maximum bond of $500,000.  The bond must be obtained from a surety company approved by the Secretary of the Treasury.  If you have any questions or need more information about bonding requirements, contact the nearest OLMS field office listed at the end of these instructions.

**15.  ACQUISITION OR DISPOSITION OF ASSETS —** If the labor organization answered "Yes" to Item 15, describe in Item 69 (Additional Information) the manner in which the labor organization acquired or disposed of the asset(s), such as donating office furniture or equipment to charitable organizations, trading in assets, writing off a receivable, or giving away other tangible or intangible property of the labor organization.  Include the type of asset, its value, and the identity of the recipient or donor, if any.  Also report in Item 69 the cost or other basis at which any acquired assets were entered on the labor organization's books or the cost or other basis at which any assets disposed of were carried on the labor organization's books.  For example, assets may be

entered on the labor organization's books at cost and carried at that value; carried at cost less accumulated depreciation; or carried at scrap value or other nominal value because the assets were fully depreciated or were expensed when purchased (that is, the cost was charged to current expenses rather than entered on the books and periodically depreciated).

For assets that were traded in, enter in Item 69 the cost, book value, and trade-in allowance.

### 16. PLEDGED OR ENCUMBERED ASSETS — If the labor organization answered "Yes" to Item 16, identify in Item 69 (Additional Information) all of the labor organization's assets pledged or encumbered in any way (such as those pledged as collateral for a loan) at the end of the reporting period. Also report in Item 69 their fair market value, and provide details of transactions related to the encumbrance.

### 17. CONTINGENT LIABILITIES — If the labor organization answered "Yes" to Item 17, describe in Item 69 (Additional Information) the transactions or events resulting in the contingent liabilities and include the identity of the claimant or creditor. Contingent liabilities are potential obligations that may or may not develop into actual liabilities in the future. Examples of a contingent liability are a loan co-signed by the labor organization, or a pending lawsuit that could result in the labor organization being ordered to pay damages or make other payments.

A pending administrative or judicial action is considered a contingent liability that must be reported in Item 17 if, in the opinion of legal counsel, it is reasonably possible that the labor organization will be required to make some payment. Such administrative or judicial actions must be reported as contingent liabilities regardless of whether or not the possible losses would have a materially adverse effect on the labor organization's financial condition. List in Item 69 each administrative or judicial action, including the case number, court, and caption.

### 18. CHANGES IN CONSTITUTION AND BYLAWS OR PRACTICES AND PROCEDURES — If the labor organization answered "Yes" to Item 18 because the labor organization's constitution and bylaws were changed during the reporting period (other than rates of dues and fees), a dated copy of the new constitution and bylaws must be submitted to OLMS as an electronic attachment to the Form LM-2.

If the labor organization is governed by a uniform or model constitution and bylaws prescribed by the labor organization's parent national or international body, the labor organization's parent body may file the constitution and bylaws on the labor organization's behalf. If the parent body files a constitution and bylaws on the labor organization's behalf, answer "Yes" to Item 18 and state that fact in Item 69 (Additional Information). If the labor organization has any supplemental governing documents or has modified a model constitution and bylaws, the labor organization must file these documents.

If the labor organization answered "Yes" to Item 18 because the labor organization changed any of the practices/procedures listed below during the reporting period and the practices/procedures are not described in the labor organization's constitution or bylaws, the labor organization must file an amended Form LM-1 (Labor Organization Information Report) to update information on file with the Department:

- qualifications for or restrictions on membership;
- levying assessments;
- participating in insurance or other benefit plans;
- authorizing disbursement of labor organization funds;
- auditing financial transactions of the labor organization;

- calling regular and special meetings;
- authorizing bargaining demands;
- ratifying contract terms;
- authorizing strikes;
- disciplining or removing officers or agents for breaches of their trust;
- imposing fines and suspending or expelling members including the grounds for such action and any provision made for notice, hearing, judgment on the evidence, and appeal procedures;
- selecting officers and stewards and any representatives to other bodies composed of labor organizations' representatives;
- invoking procedures by which a member may protest a defect in the election of officers (including not only all procedures for initiating an election protest but also all procedures for subsequently appealing an adverse decision, e.g., procedures for appeals to superior or parent bodies, if any); and
- issuing work permits.

Information on obtaining Form LM-1 may be obtained from the OLMS Web site at http://www.olms.dol.gov or from any OLMS field office listed at the end of these instructions.

**NOTE:** Federal employee labor organizations subject solely to the Civil Service Reform Act or Foreign Service Act are not required to submit an amended Form LM-1 to describe revised or changed practices/procedures.

**19. NEXT REGULAR ELECTION** — Enter the month and year of the labor organization's next regular election of general officers (president, vice president, treasurer, secretary, etc.). Do not report the date of any interim election to fill vacancies.

**20. NUMBER OF MEMBERS** — After Schedule 13 is completed and the "Perform Calculations" button is clicked, the software will transfer the total in Line 8, Column (B) (Membership Status) to Item 20.

**21. DUES AND FEES** — Enter the dues and fees established by the labor organization. If more than one rate applies, enter the minimum and maximum rates. Enter "0" where appropriate.

**Line (a):** Enter the regular dues, fees or other periodic payments that a member must pay to be in good standing in the labor organization, including the calendar basis for the payment (per month, per year, etc.). Include only the dues or fees of regular members and not dues or fees of members with special rates, such as apprentices, retirees, or unemployed members.

**Line (b)** If individuals covered by your organization's collective bargaining agreement(s) pay "working" dues in addition to their regular dues, enter the amount or percent of "working" dues, including the basis for the payment (per hour, per month, etc.).

**Line (c):** Enter the initiation fees required from new members.

**Line (d):** Enter the fees other than dues required from transferred members. Such fees are those charged to persons applying for a transfer of membership to the labor organization from another labor organization with the same affiliation. Do not report fees charged to members transferring from one class of membership to another within the labor organization.

**Line (e):** If the labor organization issues work permits, enter the fees required and enter the calendar basis for the payment (per month, per year, etc.). Work permit fees are fees charged to nonmembers of the labor organization who work within its jurisdiction. Do not report as work permit fees those fees charged to nonmember applicants for membership pending acceptance of their membership application, or fees charged to persons applying for transfer of membership to the labor organization pending acceptance of their application for transfer.

## FINANCIAL DETAILS

### REPORT ONLY DOLLAR AMOUNTS

Report all amounts in dollars only. Round cents to the nearest dollar. Amounts ending in $.01 through $.49 should be rounded down. Amounts ending in $.50 through $.99 should be rounded up.

### REPORTING CLASSIFICATIONS

Complete all items and lines on the form. Do not use different accounting classifications or change the wording of any item or line.

### BEGINNING AND ENDING AMOUNTS

Entries in Schedules 2 and 9 and in Statement A must report amounts for both the start and the end of the reporting period. The amounts entered for the start of the reporting period on the labor organization's report should be identical to the amounts entered for the end of the reporting period on last year's report. If the amounts are not the same, fully explain the difference in Item 69 (Additional Information).

### COMPLETE SCHEDULES FIRST

Complete Schedules 1 through 20 before completing Statements A and B. Be sure to complete all applicable lines in Schedules 1 through 20. As you complete the schedules, the software will transfer some of the totals to the appropriate items in Statements A and B. You must enter the remaining totals manually.

### COMPLETE ALL ITEMS 22 THROUGH 68

Complete all items in Statement A and Statement B. Enter "0" where appropriate.

## SCHEDULES 1 THROUGH 12

### SCHEDULE 1 – ACCOUNTS RECEIVABLE AGING SCHEDULE –
The labor organization must report 1) all accounts with an entity or individual that aggregate to a value of $5,000 or more and that are 90 days or more past due at the end of the reporting period <u>or</u> were liquidated, reduced or written off during the reporting period; and 2) the total aggregated value of all other accounts receivable.

**Column (A):** Enter on Lines 1 through 24 the name of any entity or individual with which the labor organization has an account receivable of $5,000 or more that is 90 days or more past due at the end of the reporting period <u>or</u> that was liquidated, reduced or written off during the reporting period without the receipt of cash sufficient to cover the total value of the account receivable.

**Column (B):** Enter on Lines 1 through 24 the total amount of money owed to the labor organization by the entity or individual at the end of the reporting period. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed to the labor organization in all other accounts receivable not required to be reported above. The software will add Lines 26 and 27 and enter the total on Line 28. The total from Line 28, Column (B) will be forwarded to Item 23, Column (B) of Statement A.

**Column (C):** Enter on Lines 1 through 24 the total amount of money owed to the labor organization by the entity or individual at the end of the reporting period that is 90 to 180 days past due. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed to the labor organization in all other accounts receivable (those of less than $5,000) that are 90 to 180 days

past due. The software will add Lines 26 and 27 and enter the total on Line 28.

**Column (D):** Enter on Lines 1 through 24 the total amount of money owed to the labor organization by the entity or individual at the end of the reporting period that is more than 180 days past due. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed to the labor organization in all other accounts receivable (those of less than $5,000) that are more than 180 days past due. The software will add Lines 26 and 27 and enter the total on Line 28.

**Column (E):** Enter on Lines 1 through 24 the total amount of money owed to the labor organization by the entity or individual that was liquidated, reduced or written off during the reporting period by the reporting labor organization without the receipt of cash sufficient to cover the total value of the account receivable. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed to the labor organization in all other accounts receivable (those of less than $5,000) that was liquidated, reduced or written off during the reporting period by the reporting labor organization without the receipt of cash sufficient to cover the total value of the account receivable. The software will add Lines 26 and 27 and enter the total on Line 28.

Provide in Item 69 (Additional Information) all details and circumstances in connection with the liquidation, reduction or writing off of any account receivable, in accordance with the instructions for Item 15 (Acquisition or Disposition of Assets).

### SCHEDULE 2 – LOANS RECEIVABLE
— Report details of all direct and indirect loans (whether or not evidenced by promissory notes or secured by mortgages) owed to the labor organization at any time during the reporting period by individuals, business enterprises, benefit plans, and other entities including labor organizations. An example of an indirect loan is a disbursement by the labor organization to an educational institution for the tuition expense of an officer, employee, or member that must be repaid to the labor organization by that individual. Be sure to report all loans that were made and repaid in full during the reporting period. Do not include investments in corporate bonds or mortgages purchased on a block basis through a bank or similar institution that must be reported in Schedule 5 (Investments Other Than U.S. Treasury Securities).

**NOTE:** Advances, including salary advances, are considered loans and must be reported in Schedule 2 (Loans Receivable). However, advances to officers and employees of the labor organization for travel expenses necessary for conducting official business are not considered loans if the following conditions are met:

- The amount of an advance for a specific trip does not exceed the amount of expenses reasonably expected to be incurred for official travel in the near future, and the amount of the advance is fully repaid or fully accounted for by vouchers or paid receipts within 30 days after the completion or cancellation of the travel.

- The amount of a standing advance to an officer or employee who must frequently travel on official business does not unreasonably exceed the average monthly travel expenses for which the individual is separately reimbursed after submission of vouchers or paid receipts, and the individual does not exceed 60 days without engaging in official travel.

See the instructions for Schedules 7 (Other Assets), 11 (All Officers and Disbursements to Officers) and 12 (Disbursements to Employees) for reporting travel advances that meet these

criteria.

**Column (A):** Enter the following information on Lines 1 through 3 (and on continuation pages if necessary):

• The name of each officer, employee, or member whose total loan indebtedness to the labor organization at any time during the reporting period exceeded $250, and the name of each business enterprise that had any loan indebtedness, regardless of amount, at any time during the reporting period;

• The purpose of each loan;

• The security given for each loan; and

• The terms of repayment for each loan.

For each officer or employee listed, indicate after each name either "O" (officer) or "E" (employee).

**Column (B):** Enter on Lines 1 through 3 the loan amounts outstanding at the start of the reporting period from each listed individual and business enterprise. The software will enter on Line 4 the total from any continuation pages. Enter on Line 5 the total of loans made to officers, employees, or members whose total individual loan indebtedness to the labor organization at any time during the reporting period did not exceed $250, and all loans, regardless of amount, made to other individuals and entities. The software will add Lines 1 through 5 and enter the total on Line 6.

**Column (C):** Enter on Lines 1 through 3 the amount of loans made during the reporting period to each listed individual and business enterprise. The software will enter on Line 4 the total from any continuation pages. Enter on Line 5 the total of all other loans made during the reporting period. The software will add Lines 1 through 5 and enter the total on Line 6 and in Item 61 (Loans Made) of Statement B.

**Columns (D)(1) and (D)(2):** Enter on Lines 1 through 3 the amount of loan repayments during the reporting period from each listed individual and business enterprise. Report in these columns only the portion of the payments applied toward principal; interest received must be reported in Item 40 (Interest). Use Column (D)(1) to report repayments received in cash. Use Column (D)(2) to report repayments made in a manner other than cash, such as repayments made by officers or employees by means of deductions from their salaries. The software will enter on Line 4 the totals from any continuation pages. Enter on Line 5 the amount of loan repayments from all other loans. The software will add Lines 1 through 5, Columns (D)(1) and (D)(2), and enter the totals on Line 6. The software will enter the total from Line 6, Column (D)(1) in Item 45 (Repayments of Loans Made) of Statement B. Explain in Item 69 (Additional Information) any non-cash amounts reported in Column (D)(2).

**Column (E):** Enter on Lines 1 through 3 the loan amounts outstanding at the end of the reporting period for each listed individual and business enterprise. The software will enter on Line 4 the total from any continuation pages. Enter on Line 5 the total amount outstanding at the end of the reporting period for all other loans. The software will add Lines 1 through 5 and enter the total on Line 6 and in Item 24 (Loans Receivable), Column (B) of Statement A. If any loans receivable were liquidated, reduced or written off during the reporting period, the reason and the amount must be reported in Item 69 (Additional Information).

**NOTE:** Section 503(a) of the LMRDA (29 U.S.C. 503) prohibits labor organizations from making direct or indirect loans to any officer or employee of the labor organization which results in a total indebtedness on the part of such officer or employee to the labor organization in excess of $2,000 at any time.
**SCHEDULE 3 – SALE OF INVESTMENTS AND FIXED ASSETS —**

Report details of the sale or redemption by the labor organization of U.S. Treasury securities, marketable securities, other investments, and fixed assets, including those fixed assets that were expensed (that is, the cost of the asset was charged to current expenses, rather than entered on the books and periodically depreciated), during the reporting period. Include receipts from sales of mortgages that were purchased on a block basis through a bank or similar institution.  Do not include the receipts from repayments by individual mortgagors, which must be reported in Schedule 2 (Loans Receivable) as loan repayments.

**Column (A):** Enter on Lines 1 through 11 (and on continuation pages, if necessary) a general description of the type of investment or fixed asset sold, such as U.S. Treasury securities, stocks, bonds, land, automobiles, etc.  If land or buildings were sold, enter the location of the property, including the street address, if appropriate.

**Column (B):** Enter the total cost of each type of investment (including any transaction costs) or fixed asset described in Column (A).

**Column (C):** Enter the value at which the investments or fixed assets were shown on the labor organization's books.

**Column (D):** Enter the gross sales (or contract) price of the investments or fixed assets.

**Column (E):** Enter the net amount received from the sale of the investments or fixed assets.  If the amount received during the reporting period is less than the amount due (gross sales price less any deductions for selling expenses and repayments of secured loans or mortgages), the additional amount due to the labor organization must be reported in Schedule 7 (Other Assets) with a description sufficient to identify the type of asset.  However, if a mortgage or note is taken back, it must be reported as a new

loan in Schedule 2 (Loans Receivable).

The software will enter on Line 12, Columns (B) through (E), the totals from any continuation pages; add Lines 1 through 12, Columns (B) through (E); and enter the totals on Line 13.

Enter on Line 14 the total amount from the sale or redemption of U.S. Treasury securities, marketable securities, or other investments that was promptly reinvested (i.e., "rolled over") in U.S. Treasury securities, marketable securities, or other investments during the reporting period.  Calculate the total amount reinvested by adding, for each investment, the lower of each investment's original cost or the amount received from the sale or redemption that was actually reinvested.  If only a portion of the amount received was reinvested, only the reinvested portion may be included on Line 14.  Interest and dividends received during the reporting period must be reported in Items 40 (Interest) and 41 (Dividends).

The software will subtract Line 14 from Line 13, Column (E), and enter the difference on Line 15 and in Item 43 (Sale of Investments and Fixed Assets) of Statement B.

**SCHEDULE 4 – PURCHASE OF INVESTMENTS AND FIXED ASSETS —** Report details of the purchase by the labor organization of U.S. Treasury securities, marketable securities, other investments, and fixed assets, including those fixed assets that were expensed (that is, the cost of the asset was charged to current expenses, rather than entered on the books and periodically depreciated), during the reporting period.  Include disbursements for mortgages that were purchased on a block basis through a bank or similar institution.

**Column (A):** Enter on Lines 1 through 11 (and on continuation pages, if necessary) a general description of the type of investment or fixed asset purchased, such as U.S. Treasury securities, stocks,

bonds, land, automobiles, etc.  If land or buildings were purchased, enter the location of the property, including the street address, if appropriate.

**Column (B):** Enter the total cost of each type of investment (including any transaction costs) or fixed asset described in Column (A).

**Column (C):** Enter the value at which the investments or fixed assets were entered on the labor organization's books.  If assets were traded in on assets purchased, answer Item 15 (Acquisition or Disposition of Assets) "Yes," and provide in Item 69 the cost, book value, and trade-in allowance in accordance with the instructions for Item 15.

**Column (D):** Enter the total amount disbursed for each type of investment or fixed asset purchased during the reporting period.  Do not include any unpaid balance that must be reported in Schedule 9 (Loans Payable) or Item 32 (Mortgages Payable) of Statement A.

The software will enter on Line 12, Columns (B) through (D), the totals from any continuation pages; add Lines 1 through 12, Columns (B) through (D); and enter the totals on Line 13.

Enter on Line 14 the total amount from the sale or redemption of U.S. Treasury securities, marketable securities, or other investments that was promptly reinvested (i.e., "rolled over") in U.S. Treasury securities, marketable securities, or other investments during the reporting period.  Calculate the total amount reinvested by adding, for each investment, the lower of each investment's original cost or the amount received from the sale or redemption that was actually reinvested.  If only a portion of the amount received was reinvested, only the reinvested portion may be included on Line 14.  Interest and dividends received during the reporting period must be reported in Items 40 (Interest) and 41 (Dividends).  The total on Line 14 must agree with the amount

reported on Line 14 of Schedule 3 (Sale of Investments and Fixed Assets).

The software will subtract Line 14 from Line 13, Column (D), and enter the difference on Line 15 and in Item 60 (Purchase of Investments and Fixed Assets) of Statement B.

**SCHEDULE 5 – INVESTMENTS OTHER THAN U.S. TREASURY SECURITIES —** Report details of all the labor organization's investments at the end of the reporting period, other than U.S. Treasury securities.  Include mortgages purchased on a block basis and any investments in a trust as defined in Section X (Trusts in Which a Labor Organization is Interested) of these instructions.  Do not include savings accounts, certificates of deposit, or money market accounts, which must be reported in Item 22 (Cash) of Statement A.

**Line 1:** Enter in Column (B) the total cost of all the labor organization's marketable securities including transaction costs such as brokerage commissions.  Marketable securities are those for which current market values can be obtained from published reports of transactions in listed securities or in securities traded "over the counter," such as corporate stocks and bonds, stock and bond mutual funds, state and municipal bonds, and foreign government securities.

**Line 2:** Enter in Column (B) the total book value of all the labor organization's marketable securities.  Book value is the lower of cost or market value.

**Line 3:** List in Column (A) each marketable security that has a book value over $5,000 and exceeds 5% of the total book value entered on Line 2 and enter its book value in Column (B).

**Line 4:** Enter the total cost, including any transaction costs, of all the labor organization's other investments (that is, those that are not U.S. Treasury securities or marketable securities).  Include

mortgages purchased on a block basis.

**Line 5:** Enter the total book value of such other investments. Book value is the lower of cost or market value.

**Line 6:** List in Column (A) each other investment that has a book value over $5,000 and exceeds 5% of the total book value entered on Line 5 and enter its book value in Column (B).

**NOTE:** All trusts in which the labor organization is interested which are investments of the labor organization (such as real estate trusts, building corporations, etc.) must be reported in Schedule 5. On Lines 6(a) through (d) enter the name of each trust in Column (A) and the labor organization's share of its book value in Column (B).

The software will enter on Line 6(e) and Line 3(d) the total from any continuation pages.

**Line 7:** The software will add Lines 2 and 5 and enter the total on Line 7 and in Item 26 (Investments), Column (B) of Statement A.

**SCHEDULE 6 – FIXED ASSETS —**
Report details of all fixed assets, such as land, buildings, automobiles and other vehicles, and office furniture and equipment owned by the labor organization at the end of the reporting period. Land and buildings must be itemized, whereas automobiles and other vehicles, and office furniture and equipment should be aggregated. Include fixed assets that were expensed (that is, the cost of the asset was charged to current expenses, rather than entered on the books and periodically depreciated), fully depreciated, or carried on the labor organization's books at scrap value or other nominal value.

**Column (A):** Enter on Line 1 the location of any land and on Line 3 the location of any buildings owned by the labor organization. Use continuation pages if

the labor organization owns multiple parcels or buildings.

**Column (B):** Enter the cost or other basis of the fixed assets listed in Column (A). Totals from any continuation pages will automatically be calculated and entered by the software.

**Column (C):** Enter the accumulated depreciation, if any, of the fixed assets (except land) listed in Column (A) whose cost or other basis is reported in Column (B). The software will enter the totals from any continuation pages. If the labor organization "expenses" fixed assets, also include in Column (C) the amount that the labor organization charged to expenses when the assets were purchased.

**Column (D):** Enter the amount at which the fixed assets listed in Column (A) are carried on the labor organization's books. The software will enter the totals from any continuation pages. Include the nominal amount, if any, at which fully depreciated assets are carried on the labor organization's books. The amount reported in Column (D) should be the difference between Columns (B) and (C).

**Column (E):** Enter the fair market value of land and of all assets listed in Column (A) that were expensed, fully depreciated, or depreciated to scrap value or nominal value, including totals from any continuation pages. It is not necessary to secure a formal appraisal of the assets; a good faith estimate is sufficient. The value used for insurance purposes or for tax appraisals, for example, will normally be acceptable as representing the fair market value.

The software will add Lines 1 through 7 for each of Columns (B) through (E), and enter the totals on Line 8. The software will enter the total from Line 8, Column (D) in Item 27 (Fixed Assets), Column (B) of Statement A.

**SCHEDULE 7 – OTHER ASSETS —**
Report details of all the labor

organization's assets at the end of the reporting period other than Item 22 (Cash), Item 23 (Accounts Receivable), Item 24 (Loans Receivable), Item 25 (U.S. Treasury Securities), Item 26 (Investments), and Item 27 (Fixed Assets).

The labor organization's other assets must be described in Column (A) and may be classified by general groupings or bookkeeping categories, such as utility deposits, inventory of supplies for resale, or travel advances that are not required to be reported as loans as explained in the instructions for Schedule 2 (Loans Receivable), if the description is sufficient to identify the type of assets. Enter in Column (B) the value as shown on the labor organization's books of each asset or group of assets described in Column (A).

**NOTE:** If the labor organization has an ownership interest of a non-investment nature in a trust in which it is interested (such as a training fund) the value of the labor organization's ownership interest in the entity as shown on the labor organization's books must be reported in Schedule 7 (Other Assets). Enter in Column (A) the name of any such entity. Enter in Column (B) the value as shown on the labor organization's books of its share of the net assets of any such entity.

The software will enter on Line 14 the total from any continuation pages, add Lines 1 through 14, and enter the total on Line 15 and in Item 28 (Other Assets), Column (B) of Statement A.

**SCHEDULE 8 – ACCOUNTS PAYABLE AGING SCHEDULE –** The labor organization must report 1) individual accounts that are valued at $5,000 or more and that are 90 days or more past due at the end of the reporting period or were liquidated, reduced or written off during the reporting period; and 2) the total aggregated value of all other accounts.

**Column (A):** Enter on Lines 1 through 24

the name of any entity or individual with which the labor organization has an account payable of $5,000 or more that is 90 days or more past due at the end of the reporting period or that was liquidated, reduced or written off during the reporting period without the disbursement of cash sufficient to cover the total value of the account payable.

**Column (B):** Enter on Lines 1 through 24 the total amount of money owed by the labor organization to the entity or individual at the end of the reporting period. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed by the labor organization in all other accounts payable not required to be reported above. The software will add Lines 26 and 27 and enter the total on Line 28. The software will enter the total from Line 28, Column (B) in Item 30, Column (D) of Statement A.

**Column (C):** Enter on Lines 1 through 24 the total amount of money owed by the labor organization to the entity or individual at the end of the reporting period that is 90 to 180 days past due. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed by the labor organization in all other accounts payable (those of less than $5,000) that are 90 to 180 days past due. The software will add Lines 26 and 27 and enter the total on Line 28.

**Column (D):** Enter on Lines 1 through 24 the total amount of money owed by the labor organization to the entity or individual at the end of the reporting period that is more than 180 days past due. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed by the labor organization in all other accounts payable (those of less than $5,000) that are more

than 180 days past due. The software will add Lines 26 and 27 and enter the total on Line 28.

**Column (E):** Enter on Lines 1 through 24 the total amount of money owed by the labor organization to the entity or individual that was written off during the reporting period by the reporting labor organization without the disbursement of cash sufficient to cover the total value of the account payable. The software will enter on Line 25 the total from any continuation pages, add Lines 1 through 25, and enter the total on Line 26. Enter on Line 27 the total amount of money owed by the labor organization in all other accounts payable (those of less than $5,000) that was written off during the reporting period by the reporting labor organization without the disbursement of cash sufficient to cover the total value of the account payable. The software will add Lines 26 and 27 and enter the total on Line 28.

Provide in Item 69 (Additional Information) all details and circumstances in connection with the writing off of the account payable, including the reason and amount.

**SCHEDULE 9 – LOANS PAYABLE —** Report details of all loans payable on which the labor organization owed money at any time during the reporting period except those secured by mortgages or similar liens on real property (land or buildings) that must be reported in Item 32 (Mortgages Payable) of Statement A.

**Column (A):** Enter on Lines 1 through 11 (and on continuation pages, if necessary) the name of each business enterprise to which a loan was payable. Also list the source of all other loans by general categories, such as labor organizations, individuals, etc.

**Column (B):** For each loan source listed in Column (A), enter the amount, if any, owed by the labor organization at the start of the reporting period. The software will

enter on Line 12 the total from any continuation pages, add Lines 1 through 12, and enter the total on Line 13.

**Column (C):** For each loan source listed in Column (A), enter the amount, if any, obtained by the labor organization during the reporting period. The software will enter on Line 12 the total from any continuation pages, add Lines 1 through 12, and enter the total on Line 13. If, due to discounting by a bank or for any other reason, the amount received from a loan was less than the face value of the note or the amount repayable, enter the amount actually received and explain in Item 69 (Additional Information). The software will add Lines 1 through 12 and enter the total on Line 13 and in Item 44 (Loans Obtained) of Statement B.

**Columns (D)(1) and (D)(2):** For each loan source listed in Column (A), enter the amount, if any, that the labor organization repaid to the lender during the reporting period. Report only repayments of principal; interest paid must be reported in Schedule 18 (General Overhead). Use Column (D)(1) to report repayments made in cash. Use Column (D)(2) to report repayments made in a manner other than by cash, such as repayments made to a creditor by offsetting an amount owed by the creditor to the labor organization. The software will enter on Line 12 the totals from any continuation pages; add Lines 1 through 12, Columns (D)(1) and (D)(2); and enter the totals on Line 13. The software will enter the total from Line 13, Column (D)(1) in Item 62 (Repayment of Loans Obtained) of Statement B. Explain in Item 69 (Additional Information) any non-cash amounts reported in Column (D)(2).

**Column (E):** For each loan source listed in Column (A), enter the balance, if any, that the labor organization owed the listed lender at the end of the reporting period. The software will enter on Line 12 the total from any continuation pages. If any loans payable were written off during the reporting period, the reason and amount

must be reported in Item 69 (Additional Information). The software will add Lines 1 through 12 and enter the total on Line 13.

## SCHEDULE 10 – OTHER LIABILITIES —

Report details of all the labor organization's liabilities at the end of the reporting period other than Item 30 (Accounts Payable), Item 31 (Loans Payable), and Item 32 (Mortgages Payable) of Statement A.

Any portion of withheld taxes or any other payroll or other deductions, which have not been transmitted at the end of the reporting period, are liabilities of the labor organization and must be reported in Schedule 10. Payroll or other deductions that are retained by the labor organization (such as repayments of loans to officers or employees) must be fully explained in Item 69 (Additional Information).

The labor organization's other liabilities must be described in Column (A) and may be classified by general groupings or bookkeeping categories if the description is sufficient to identify the type of liability. List separately any payroll taxes withheld but not yet paid, other unpaid payroll taxes of the labor organization, such as FICA taxes, and any funds collected on behalf of affiliates or members and not disbursed by the end of the reporting period. Do not include reserves for special purposes (for example, "Reserve for Building Fund") that are actually an allocation of certain assets for specific purposes rather than a liability.

Enter in Column (B) the amount of each liability described in Column (A). The software will enter on Line 13 the total from any continuation pages, add Lines 1 through 13, and enter the total on Line 14 and in Item 33 (Other Liabilities), Column (D) of Statement A.

## SCHEDULE 11 – ALL OFFICERS AND DISBURSEMENTS TO OFFICERS — List all the labor organization's officers and report all salaries and other direct and

indirect disbursements to officers during the reporting period. Also report the percentage of time spent by each officer in the categories provided.

**NOTE:** A "direct disbursement" to an officer is a payment made by the labor organization to the officer in the form of cash, property, goods, services, or other things of value.

An "indirect disbursement" to an officer is a payment made by the labor organization to another party for cash, property, goods, services, or other things of value received by or on behalf of the officer. "On behalf of the officer" refers to a payment received by a party other than the officer or the labor organization for the personal interest or benefit of the officer. Such payments include those made through a credit arrangement under which charges are made to the account of the labor organization and are paid by the labor organization. For example, when a union, through its credit arrangements, is billed directly and pays the hotel bills of an officer who, during his workweek, resides at a hotel in the city where the union headquarters is located away from his legal residence in another city, the payments must be reported as disbursements to the officer.

**Column (A):** Enter in (A) the last name, first name, and middle initial of each person who held office in the labor organization at any time during the reporting period. Include all the labor organization's officers whether or not any salary or other disbursements were made to them or on their behalf by the labor organization. "Officer" is defined in section 3(n) of the LMRDA (29 U.S.C. 402) as "any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body."

**Column (B):** Enter in (B) the title of the position each officer listed held during the

reporting period. If an officer held more than one position during the reporting period, list each additional position and the dates on which the officer held the position in Item 69 (Additional Information).

**Column (C):** Use the drop-down menu to select the status of each officer: "N" for a new officer who took office during the reporting period; "P" for a past officer who was not in office at the end of the reporting period; or "C" for a continuing officer who was in office before the reporting period and was still in office at the end of the reporting period. If any officer was not elected at a regular election in accordance with the labor organization's constitution and bylaws or other governing documents on file with OLMS, explain the manner in which the officer was chosen in Item 69 (Additional Information).

**Column (D):** Enter the gross salary of each officer (before tax withholdings and other payroll deductions). Include disbursements for "lost time" or time devoted to union activities.

**Column (E):** Enter the total allowances made by direct and indirect disbursements to each officer on a daily, weekly, monthly, or other periodic basis. Do not include allowances paid on the basis of mileage or meals which must be reported in Column (F) or (G), as applicable.

**Column (F):** Enter all direct and indirect disbursements to each officer that were necessary for conducting official business of the labor organization, except salaries or allowances which must be reported in Columns (D) and (E), respectively.

Examples of disbursements to be reported in Column (F) include all expenses that were reimbursed directly to an officer, meal allowances and mileage allowances, expenses for officers' meals and entertainment, and various goods and services furnished to officers but charged to the labor organization. Such

disbursements should be included in Column (F) only if they were necessary for conducting official business; otherwise, report them in Column (G). Also include in Column (F) travel advances that are not considered loans as explained in the instructions for Schedule 2 (Loans Receivable).

Do not report the following disbursements in Schedule 11:

- Reimbursements to an officer for the purchase of investments or fixed assets, such as reimbursing an officer for a file cabinet purchased for office use, which must be reported in Schedule 4 (Purchase of Investments and Fixed Assets) and explained in Item 69 (Additional Information);

- Indirect disbursements for temporary lodging (room rent charges only) or transportation by public carrier necessary for conducting official business while the officer is in travel status away from his or her home and principal place of employment with the labor organization if payment is made by the labor organization directly to the provider or through a credit arrangement and these disbursements are reported in disbursement Schedules 15 through 19;

- Disbursements made by the labor organization to someone other than an officer as a result of transactions arranged by an officer in which property, goods, services, or other things of value were received by or on behalf of the labor organization rather than the officer, such as rental of offices and meeting rooms, purchase of office supplies, refreshments and other expenses of membership banquets or meetings, and food and refreshments for the entertainment of groups other than the officers and membership on official business;

- Office supplies, equipment, and facilities furnished to officers by the labor organization for use in conducting

official business; and

- Maintenance and operating costs of the labor organization's assets, including buildings, office furniture, and office equipment; however, see "Special Rules for Automobiles" below.

**Column (G):** Enter all other direct and indirect disbursements to each officer. Include all disbursements for which cash, property, goods, services, or other things of value were received by or on behalf of each officer and were essentially for the personal benefit of the officer and not necessary for conducting official business of the labor organization.

Include in Column (G) all disbursements for transportation by public carrier between the officer's home and place of employment or for other transportation not involving the conduct of official business. Also, include the operating and maintenance costs of all the labor organization's assets (automobiles, etc.) furnished to officers essentially for the officers' personal use rather than for use in conducting official business.

Do not include in Column (G) loans to officers, which must be reported in Schedule 2 (Loans Receivable) or disbursements for benefits to officers, which must be reported in disbursement Schedule 20 (Benefits).

**Column (H):** The software will add Columns (D) through (G) of each line and enter the totals in Column (H).

The software will enter on Line 6 the totals from any continuation pages for Schedule 11.

The software will enter the totals of lines 1 through 6 for each Column (D) through (H) on Line 7.

Enter on Line 8 the total amount of withheld taxes, payroll deductions, and all other deductions. The software will subtract Line 8 from Line 7, Column (H),

and enter the difference on Line 9.

**Line (I):** Enter the estimated percentage of time spent by the officer on activities that fall within Schedules 15 through 19 in the box next to that schedule. You may round to the nearest 10%. When the time reported by an individual in an activity is less than 5% of his or her total work time, the officer's best estimate to the nearest percentage should be reported rather than rounding to zero. The total must equal 100%. It is understood that these figures may be imprecise. For instance, the president of an intermediate body may spend four months working intensely on a multi-state contract negotiation, two months lobbying against a state referendum, two more months on a contentious organizing drive, and throughout these activities he had to keep up with his other duties as president. The president's good-faith estimate might be to report 50% on Schedule 15 – Representational Activities, 17% on Schedule 16 – Political Activities and Lobbying, 3% on Schedule 17 – Contributions, Gifts, and Grants, and 30% on Schedule 19 – Union Administration. The example is not intended to be a representation of a typical allocation of time but it should be used to help understand the rationale that should be employed when making these determinations.

Using these percentages, the software will aggregate the amount of total disbursements (Column (H)) allocated to each schedule for every officer and enter the total on Line 3 of the Detailed Summary Page for Schedules 15-19.

## SPECIAL RULES FOR AUTOMOBILES

Include in Column (G) of Schedule 11 that portion of the operating and maintenance costs of any automobile owned or leased by the labor organization to the extent that the use was for the personal benefit of the officer to whom it was assigned. This portion may be computed on the basis of

the mileage driven on official business compared with the mileage for personal use. The portion not included in Column (G) must be reported in Column (F).

Alternatively, rather than allocating these operating and maintenance costs between Columns (F) and (G), if 50% or more of the officer's use of the vehicle was for official business, the labor organization may enter in Column (F) all disbursements relative to that vehicle with an explanation in Item 69 (Additional Information) indicating that the vehicle was also used part of the time for personal business. Likewise, if less than 50% of the officer's use of the vehicle was for official business, the labor organization may report all disbursements relative to the vehicle in Column (G) with an explanation in Item 69 indicating that the vehicle was also used part of the time on official business.

The amount of decrease in the market value of an automobile used over 50% for the personal benefit of an officer must also be reported in Item 69.

**SCHEDULE 12 – DISBURSEMENTS TO EMPLOYEES —** Report all direct and indirect disbursements to employees of the labor organization during the reporting period. Also report the percentage of time spent by each employee in the categories provided.

Include disbursements to individuals other than officers who receive lost time payments even if the labor organization does not otherwise consider them to be employees or does not make any other direct or indirect disbursements to them. The definitions of "direct disbursements" and "indirect disbursements" are the same as the definitions stated above in Schedule 11.

**Column (A):** Enter the last name, first name, and middle initial of each employee who during the reporting period received more than $10,000 in gross salaries, allowances, and other direct and indirect

disbursements from the labor organization or from the labor organization and any affiliates and/or trusts of the labor organization. ("Affiliates" means labor organizations chartered by the same parent body, governed by the same constitution and bylaws, or having the relation of parent and subordinate.) The labor organization's report, however, should not include disbursements made by affiliates or trusts but should include only the disbursements made by the labor organization.

**Column (B):** Enter the position each listed employee held in the labor organization.

**Column (C):** Enter the name of any affiliate or trust that paid any salaries, allowances, or expenses on behalf of a listed employee.

**Columns (D) through (G):** To complete Columns (D) through (G), follow the instructions for Columns (D) through (G) of Schedule 11.

Enter on Line 6, Columns (D) through (G) the totals of all gross salaries, allowances, and other disbursements for all employees of the labor organization not required to be listed above.

The software will enter on Line 7 the totals from any continuation pages for Schedule 12.

The software will add Columns (D) through (G) for each of Lines 1 through 7, enter the totals in Column (H), and allocate the totals in Column (H) to Schedules 15 through 19 in accordance with the percentages you enter in Line (I) as described in Schedule 11. The software will enter the totals on Line 4 of the appropriate schedule on the Detailed Summary Page.

The software will enter the totals of Lines 1 through 7 for each Column (D) through (H) on Line 8.
Enter on Line 9 the total amount of withheld taxes, payroll deductions, and all

other deductions. The software will subtract Line 9 from Line 8, Column (H), and enter the difference on Line 10.

### SCHEDULE 13 – MEMBERSHIP STATUS INFORMATION— Enter in Column (A) the categories of membership tracked by the reporting labor organization. Define each category of membership in Item 69 (Additional Information). The definition should include a description of the members covered by the category and indicate whether the members pay full dues.

In Column (B) enter the number of members for each of the membership categories listed in Column (A).

**Members (Line 8) –** The software will enter the total of all members of the labor organization (Total of Lines 1 through 7) on Line 8 and in Item 20 (Number of Members).

**Agency Fee Paying Nonmembers (Line 9) –** Agency fee paying nonmembers are those who make payments in lieu of dues to the reporting labor organization as a condition of employment under a union security provision in a collective bargaining agreement.

**Total Members/Fee Payers (Line 10) –** The software will enter the total of Lines 8 and 9, which will include all members and agency fee payers. The total in Column (B) is not the total number of members of the labor organization.

Check the "Yes" box in Column (C) if the category of membership listed in Column (A) is generally eligible to vote in all union elections held by the labor organization. Describe in Item 69 (Additional Information) any voting restrictions that apply to a category in Column (A).

## SCHEDULES 14 THROUGH 19

Schedules 14 through 19 provide detailed information on the financial operations of the labor organization in categories that reflect the services provided to union members. Receipts and disbursements are allocated to Schedules 14 through 19 and are either listed as individual entries or as aggregated entries. **Note that before completing the Detailed Summary Page for Schedules 14 through 19, you must complete the itemization pages as described below.**

Allocating Receipts

Each receipt of the labor organization must be allocated to one of the receipt items in Statement B. Some of these items have backup schedules that require more detailed information. If a receipt does not conform to one of the defined items in Statement B it must be included in Schedule 14 (Other Receipts) in which any "major" receipts during the reporting period must be separately identified. A "major" receipt includes: 1) any individual receipt of $5,000 or more; or 2) total receipts from any single entity or individual that aggregate to $5,000 or more during the reporting period. All other receipts in this schedule are aggregated. This process is discussed further below.

Allocating Disbursements

Each disbursement of the labor organization must be allocated to one of the disbursement items in Statement B. Some of these items have backup schedules that require more detailed information. Schedules 15 through 19 reflect various services provided to union members by the union in which all "major" disbursements during the reporting period in the various categories must be separately identified. A "major" disbursement includes: 1) any individual disbursement of $5,000 or more; or 2) total disbursements to any single entity or individual that aggregate to $5,000 or more during the reporting period. All other disbursements in these schedules are aggregated.

All disbursements, other than those reported elsewhere in Statement B, must

be allocated to Schedules 15 though 19, as appropriate.

**Example 1:** If the labor organization received a settlement of $4,999 in a small claims lawsuit, the receipt would not be individually identified, as long as the settlement was the only receipt from the entity or individual during the reporting period. The receipt would be aggregated with other small receipts in Line 3 of Schedule 14 (Other Receipts) on the Detailed Summary Page as discussed below.

**Example 2:** If the labor organization made three payments of $1,800 each to an office supplies vendor for office supplies used by employees engaged in contract negotiations during the reporting period, a single disbursement to the vendor of $5,400 would be listed in Line I on an Initial Itemization Page for that vendor for Schedule 15 (Representational Activities) as discussed below.

**Example 3:** If a union pays a total of $5,500 to a printing company during the reporting year and determines that $5,050 should be allocated to organizing costs, that amount must be identified in an Initial Itemization Page for the printing company for Schedule 15 (Representational Activities). If the remaining $450 paid to the same printer over the course of the year was attributable to charitable expenses, that amount will be reported in Line 5 of Schedule 17 (Contributions, Gifts, and Grants) on the Detailed Summary Page but the printer need not be identified as a recipient of any funds expended for Contributions, Gifts, and Grants, since the total paid to the printer during the reporting year for services related to Contributions, Gifts, and Grants did not exceed $5,000.

**Example 4:** The labor organization has an ongoing contract with a law firm that provides a wide range of legal services. The labor organization makes a single payment of $10,000 each month to the law firm. In a particular month the law firm

spent 50% of its time on contract negotiation litigation and 50% advising the labor organization regarding, and working for the enactment of, a new Federal law. The labor organization must allocate the payment for that month as two distinct disbursements of $5,000 each to Schedule 15 (Representational Activities), and Schedule 16 (Political Activities and Lobbying).

Procedures for Completing Schedules 14 Through 19.
Before completing the Detailed Summary Page for Schedules 14 through 19, complete an Initial Itemization Page for each payer/payee for whom there is (1) an individual receipt/disbursement of $5,000 or more or (2) total receipts/disbursements that aggregate to $5,000 or more during the reporting period. Do not complete an Initial Itemization Page for disbursements to officers or employees because these disbursements are reported in Lines 3 and 4 of the Detailed Summary Page. A separate set of continuation pages must be used for each receipt and disbursement schedule.

Enter in Column (A) the full name and business address of the entity or individual from which the receipt was received or to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably attain the full address, the city and state are sufficient.

Enter in Column (B) the type of business or job classification of the entity or individual, such as printing company, office supplies vendor, lobbyist, think tank, marketing firm, legal counsel, etc.

Enter in Column (C) the purpose of each individual receipt/disbursement for that payee/payer of $5,000 or more, which means a brief statement or description of the reason the receipt/disbursement was made. Examples of adequate descriptions include the following: preparing organizing campaign pamphlets, staffing a help desk,

opposition research, litigation regarding representation issues, litigation regarding a refusal to bargain charge, grievance arbitration, get-out-the-vote, voter education, advocating or opposing legislation, job retraining, etc.

Enter in Column (D) the date that the receipt/disbursement was made. The format for the date must be mm/dd/yyyy. The date of receipt/disbursement for reporting purposes is the date the labor organization actually received or disbursed the money.

Enter in Column (E) the amount of the receipt/disbursement.

The software will enter in Line (F) the total of all transactions listed in Column (E).

The software will enter in Line (G) the totals from any continuation Itemization Pages for this payee/payer.

The software will enter in Line (H) the total of all itemized transactions with this payee/payer (the sum of Lines (F) and (G)).

Enter in Line (I) the total of all non-itemized transactions for the payee/payer (that is, all individual transactions of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with the payee/payer for this schedule (the sum of Lines (H) and (I)).

Special Instructions for Reporting Credit Card Disbursements

Disbursements to credit card companies may not be reported as a single disbursement to the credit card company as the vendor. Instead, charges appearing on credit card bills paid during the reporting period must be allocated to the recipient of the payment by the credit card company according to the same process as described above.

The Department recognizes that filers will not always have the same access to information regarding credit card payments as with other transactions. Filers should report all of the information required in the itemization schedules that is available to the union.

For instance, in the case of a credit card transaction for which the receipt(s) and monthly statement(s) do not provide the full legal name of a payee and the union does not have access to any other documents that would contain the information, the union should report the name as it appears on the receipt(s) and statement(s). Similarly, if the receipt(s) and statement(s) do not include a full street address, the union should report as much information as is available and no less than the city and state.

Once these transactions have been incorporated into the union's recordkeeping system they can be treated like any other transaction for purposes of assigning a description and purpose.

In instances when a credit card transaction is canceled and the charge is refunded in whole or part by entry of a credit on the credit card statement, the charge should be treated as a disbursement, and the credit should be treated as a receipt. In reporting a credit of $5,000 or more as a receipt, Column (C) must indicate that the receipt was in refund of a disbursement, and must identify the disbursement by date and amount.

Special Procedures for Reporting Confidential Information

Filers may use the procedure described below to report the following types of information:

- Information that would identify individuals paid by the union to work in a non-union bargaining unit in order to assist the union in organizing employees, provided that such

individuals are not employees of the union who receive more than $10,000 in the aggregate in the reporting year from the union. Employees receiving more than $10,000 must be reported on Schedule 12 – Disbursements to Employees;

- Information that would expose the reporting union's prospective organizing strategy. The union must be prepared to demonstrate that disclosure of the information would harm an organizing drive. Absent unusual circumstances, information about past organizing drives should not be treated as confidential;

- Information that would provide a tactical advantage to parties with whom the reporting union or an affiliated union is engaged or will be engaged in contract negotiations. The union must be prepared to demonstrate that disclosure of the information would harm a contract negotiation. Absent unusual circumstances information about past contract negotiations should not be treated as confidential;

- Information pursuant to a settlement that is subject to a confidentiality agreement, or that the union is otherwise prohibited by law from disclosing; and,

- Information in those situations where disclosure would endanger the health or safety of an individual.

With respect to these specific types of information, if the reporting union can demonstrate that itemized disclosure of a specific major receipt or disbursement, or aggregated receipt or disbursement would be adverse to the union's legitimate interests, the union may include the receipt or disbursement in Line 3 of Summary Schedule 14 (Other Receipts) or in Line 5 of Summary Schedules 15 (Representational Activities) or 19 (Union Administration). In Item 69 (Additional

Information) the union must identify each schedule from which any itemized receipts or disbursements were excluded because of an asserted legitimate interest in confidentiality based on one of the first three reasons listed above. No notation need be made for exclusion of information disclosure of which is prohibited by law or that would endanger the health or safety of an individual. The notation must describe the general types of information that were omitted from the schedule, but the name of the payer/payee, date, and amount of the transaction(s) is not required. This procedure may not be used for Schedules 16 through 18.

A union member, however, has the statutory right "to examine any books, records, and accounts necessary to verify" the union's financial report if the member can establish "just cause" for access to the information. 29 U.S.C. 431(c); 29 U.S.C. CFR 403.8 (2002). Any exclusion of itemized receipts or disbursements from Schedules 14, 15, or 19 for one of the first three reasons listed above would constitute a *per se* demonstration of "just cause" for purposes of this Act. Consequently, any union member (and the Department), upon request, has the right to review the undisclosed information that otherwise would have appeared in the applicable schedule if the union withholds the information in order to protect confidentiality interests. Exclusion of information disclosure of which is prohibited by law or that would endanger the health or safety of an individual creates no per se demonstration of "just cause."

Procedures for Completing the Detailed Summary Page

The Detailed Summary Page is used to summarize Schedules 14 through 19.

For Summary Schedule 14 (Other Receipts) the software will enter in Line 1 the total of all itemized receipts during the reporting period from named payers. This is the sum of the amounts entered in Line

(H) on all Initial Itemization Pages for the schedule.

The software will enter in Line 2 the total of all non-itemized receipts from named payers. This is the sum of the amounts entered in Line (I) on all Initial Itemization Pages for the schedule.
Enter in Line 3 the total of all other receipts during the reporting period relating to the schedule. This is the total from your organization's books of all receipts during the reporting period relating to this schedule for payers who did not have a single receipt of $5,000 or more or receipts that aggregated $5,000 or more.

The software will enter in Line 4 the total of Lines 1 through 3 and forward this total to Item 48 of Statement B.

For Summary Schedules 15 –19, the software will enter in Line 1 the total of all itemized disbursements during the reporting period to named vendors. This is the sum of the amounts entered in Line (H) on all Initial Itemization Pages for the schedule.

The software will enter in Line 2 the total of all non-itemized disbursements to named vendors. This is the sum of the amounts entered in Line (I) on all Initial Itemization Pages for the schedule.

The software will enter in Line 3 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11.

The software will enter in Line 4 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12.

Enter in Line 5 the total of all other disbursements during the reporting period relating to the schedule. This is the total

from your organization's books of all disbursements during the reporting period relating to this schedule for payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more.

The software will enter in Line 6 the total of Lines 1 through 5 and forward this total to the appropriate line item of Statement B.

For example, if in Schedule 15 (Representational Activities) a labor organization has $200,000 in itemized disbursements of $5,000 or more to vendors, $35,000 in non-itemized disbursements of less than $5,000 each to those vendors, $100,000 in salary disbursements to officers, $50,000 in salary disbursements to employees, and $7,000 in disbursements to vendors who did not receive a major disbursement for representational activities, then the software will enter $200,000 in Line 1, $35,000 in Line 2, $100,000 in Line 3, $50,000 in Line 4, and the filer will enter $7,000 in Line 5 of Schedule 15 on the Detailed Summary Page. The total of Lines 1 through 5 is $392,000, which the software will enter in Line 6 of the summary schedule and Item 50 (Representational Activities) of Statement B.

**SCHEDULE 14 – OTHER RECEIPTS —**
Report the labor organization's receipts from all sources during the reporting period, other than those that must be reported elsewhere in Statement B, such as reimbursements from officers and employees for excess expense payments or travel advances not reported as loans in Schedule 2 (Loans Receivable); receipts from fundraising activities such as raffles, bingo games, and dances; funds received from a parent body, other unions, or the public for strike fund assistance; and receipts from another labor organization which merged into the labor organization.

For all major receipts in this category:

Enter in Column (A) of an Initial Itemization Page the full name and business address of the entity or individual from which the union received $5,000 or more in Other Receipts during the reporting period. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the city and state are sufficient.

Enter in Column (B) the type of business or job classification of the entity or individual from which the union received $5,000 or more in Other Receipts during the reporting period.

Enter in Column (C) the purpose of each individual receipt of $5,000 or more from the payer in sufficient detail to determine why the receipt cannot be allocated to another schedule.

Enter in Column (D) the date that the receipt of $5,000 or more was received. The format for the date must be mm/dd/yyyy. The date of receipt for reporting purposes is the date the labor organization actually received the money.

Enter in Column (E) the amount of the receipt of $5,000 or more.

The software will enter in Line (F) the total of all transactions listed in Column (E).

The software will enter in Line (G) the totals from any continuation Itemization Pages for this payer.

The software will enter in Line (H) the total of all itemized receipts from this payer (the sum of Lines (F) and (G)).

Enter in Line (I) the total of all non-itemized receipts from this payer (that is, all individual receipts of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with the payer for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payer. Only one payer should be reported per page. If the Initial Itemization Page does not provide enough space, the continuation Itemization Pages should be used to report additional receipts from the payer. The software will add the total amount of itemized receipts from named vendors (the sum of the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 14) and enter the total on Line 1 of Summary Schedule 14 on the Detailed Summary Page. The software will add the total amount of non-itemized receipts from named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 14) and enter the total on Line 2 of Summary Schedule 14. Enter the total amount of all other receipts relating to this schedule from other payers during the reporting period on Line 3 of Summary Schedule 14. This is the total from your organization's books of all receipts relating to this schedule from payers who did not provide a single receipt of $5,000 or more or receipts that aggregated $5,000 or more. The software will add Lines 1 through 3 and enter the total on Line 4 of Summary Schedule 14 and in Item 48 (Other Receipts) of Statement B.

**SCHEDULE 15 – REPRESENTATIONAL ACTIVITIES –** Report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with preparation for, and participation in, the negotiation of collective bargaining agreements and the administration and enforcement of the agreements made by the labor organization. Do not include strike benefits that must be reported in Item 57 (Strike Benefits) of Statement B. The union must also report disbursements associated with efforts to become the exclusive bargaining representative for any unit of employees, or to keep from losing a unit in a decertification election or to another labor organization, or to recruit new members.

For all major disbursements in this category:

Enter in Column (A) of an Initial Itemization Page the full name and business address of the entity or individual to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the city and state are sufficient.

Enter in Column (B) the type of business or job classification of the entity or individual to which the union disbursed $5,000 or more in Representational Activities during the reporting period, such as printing company, office supplies vendor, legal counsel, etc.

Enter in Column (C) the purpose of the disbursement of $5,000 or more, which means a brief statement or description of the reason the disbursement was made. Examples of adequate descriptions include the following: contract negotiation, grievance arbitration, litigation regarding the interpretation of a collective bargaining agreement, preparing organizing campaign pamphlets, staffing a help desk, opposition research, litigation regarding representation issues, litigation regarding a refusal to bargain, etc. Neither the name of the employer nor the specific bargaining unit that is the subject of the organizing activity need be identified.

Enter in Column (D) the date that the disbursement of $5,000 or more was made. The format for the date must be mm/dd/yyyy. The date of disbursement for reporting purposes is the date the labor organization actually disbursed the money.

Enter in Column (E) the amount of the disbursement of $5,000 or more.
The software will enter in Line (F) the total of all disbursements listed in Column (E).

The software will enter in Line (G) the totals from any Continuation Itemization Pages for this payee.

The software will enter in Line (H) the total of all itemized disbursements to this payee (the sum of Lines (F) and (G)).
Enter in Line (I) the total of all non-itemized disbursements to this payee (that is, all individual disbursements of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with this payee for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payee. Only one payee should be reported per page. If the Initial Itemization Page does not provide enough space, the continuation Itemization Page(s) should be used to report additional disbursements to the payee.

The software will add the total amount of itemized disbursements to named vendors (the sum of the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 15) and enter the total on Line 1 of Summary Schedule 15 on the Detailed Summary Page. The software will add the total amount of non-itemized disbursements to named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 15) and enter the total on Line 2 of Summary Schedule 15. The software will enter in Line 3 of Summary Schedule 15 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11. The software will enter in Line 4 of Summary Schedule 15 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12. Enter the total amount of all other disbursements relating to this schedule made to other payees during the reporting period on Line 5 of Summary

Schedule 15. This is the total from your organization's books of all disbursements relating to this schedule made to payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more. The software will add Lines 1 through 5 and enter the total on Line 6 of Summary Schedule 15 and in Item 50 (Representational Activities) of Statement B.

### SCHEDULE 16 – POLITICAL ACTIVITIES AND LOBBYING– Report

the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with political disbursements or contributions in money. Also report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with dealing with the executive and legislative branches of the Federal, state, and local governments and with independent agencies and staffs to advance the passage or defeat of existing or potential laws or the promulgation or any other action with respect to rules or regulations (including litigation expenses). It does not matter whether the lobbying attempt succeeds.

A political disbursement or contribution is one that is intended to influence the selection, nomination, election, or appointment of anyone to a Federal, state, or local executive, legislative or judicial public office, or office in a political organization, or the election of Presidential or Vice Presidential electors, and support for or opposition to ballot referenda. It does not matter whether the attempt succeeds. Include disbursements for communications with members (or agency fee paying nonmembers) and their families for registration, get-out-the-vote and voter education campaigns, the expenses of establishing, administering and soliciting contributions to union segregated political funds (or PACs), disbursements to political organizations as defined by the IRS in 26 U.S.C. 527, and other political disbursements.

For all major disbursements in this category:

Enter in Column (A) of an Initial Itemization Page the full name and business address of the entity or individual to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the union may report only the city and state.

Enter in Column (B) the type of business or job classification of the entity or individual to which the union disbursed $5,000 or more for Political Activities and Lobbying during the reporting period, such as campaign advisor, lobbyist, marketing firm, fund raiser, think tank, issue advocacy group, printing company, office supplies vendor, legal counsel, etc.

Enter in Column (C) the purpose of the disbursement of $5,000 or more, which means a brief statement or description of the reason the disbursement was made. Examples of adequate descriptions include the following: a registration drive, get-out-the-vote campaign, voter education campaign, fund raising, advocating or opposing legislation (including litigation challenging such legislation) advocating or opposing regulations (including litigation challenging such regulations), etc. The specific campaign, legislation, regulation, referendum, etc. should be identified whenever possible. Distinguish between activities in the United States and activities in foreign countries.

Enter in Column (D) the date that the disbursement of $5,000 or more was made. The format for the date must be mm/dd/yyyy. The date of disbursement for reporting purposes is the date the labor organization actually disbursed the money.
Enter in Column (E) the amount of the disbursement of $5,000 or more.

The software will enter in Line (F) the total of all disbursements listed in Column (E).

The software will enter in Line (G) the totals from any continuation Itemization Pages for this payee.

The software will enter in Line (H) the total of all itemized disbursements to this payee (the sum of Lines (F) and (G)).

Enter in Line (I) the total of all non-itemized disbursements to this payee (that is, all individual disbursements of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with this payee for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payee. Only one payee should be reported per page. If the Initial Itemization Page does not provide enough space, the continuation Itemization Page(s) should be used to report additional disbursements to the payee.

The software will add the total amount of itemized disbursements to named vendors (the sum of the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 16). The software will enter the total on Line 1 of Summary Schedule 16 on the Detailed Summary Page. Add the total amount of non-itemized disbursements to named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 16). The software will enter the total on Line 2 of Summary Schedule 16. The software will also enter in Line 3 of Summary Schedule 16 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11. The software will enter in Line 4 of Summary Schedule 16 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12. Enter the total

amount of all other disbursements relating to other payees during the reporting period on Line 5 of Summary Schedule 16. This is the total from your organization's books of all disbursements relating to this schedule made to payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more. The software will add Lines 1 through 5 and enter the total on Line 6 of Summary Schedule 16 and in Item 51 (Political Activities and Lobbying) of Statement B.

**SCHEDULE 17 – CONTRIBUTIONS, GIFTS, AND GRANTS –** Report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with contributions, gifts, and grants, other than those listed on Schedules 15, 16, and 20. Include, for example, charitable contributions, contributions to scholarship funds, etc.

For all major disbursements in this category:

Enter in Column (A) of an Initial Itemization Page the full name and business address of the entity or individual to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the union may report only the city and state.

Enter in Column (B) the type of business or job classification of the entity or individual to which the union disbursed $5,000 or more in Contributions, Gifts, and Grants during the reporting period, such as charity, scholarship fund, state or local affiliate, etc.

Enter in Column (C) the purpose of the disbursement of $5,000 or more, which means a brief statement or description of the reason the disbursement was made. Examples of adequate descriptions include the following: medical research, community development, job retraining,

education, disaster and relief assistance, athletic and youth sponsorships, etc.

Enter in Column (D) the date that the disbursement of $5,000 or more was made. The format for the date must be mm/dd/yyyy. The date of disbursement for reporting purposes is the date the labor organization actually disbursed the money.

Enter in Column (E) the amount of the disbursement of $5,000 or more.

The software will enter in Line (F) the total of all disbursements listed in Column (E).

The software will enter in Line (G) the totals from any Continuation Itemization Pages for this payee.

The software will enter in Line (H) the total of all itemized disbursements to this payee (the sum of Lines (F) and (G)).

Enter in Line (I) the total of all non-itemized disbursements to this payee (that is, all individual disbursements of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with this payee for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payee. Only one payee should be reported per page. If the Initial Itemization Page does not provide enough space, the continuation pages should be used to report additional disbursements to the payee.

The software will total the itemized disbursements to named vendors (the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 17) and enter that amount on Line 1 of Summary Schedule 17 on the Detailed Summary Page. The software will total the non-itemized disbursements to named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 17) and enter that amount on

Line 2 of Summary Schedule 17. The software will enter in Line 3 of Summary Schedule 17 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11. The software will enter in Line 4 of Summary Schedule 17 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12. Enter the total amount of all other disbursements relating to this schedule made to other payees during the reporting period on Line 5 of Summary Schedule 17. This is the total from your organization's books of all disbursements relating to this schedule made to payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more. The software will total Lines 1 through 5 and enter that amount on Line 6 of Summary Schedule 17 and in Item 52 (Contributions, Gifts and Grants) of Statement B.

**SCHEDULE 18 – GENERAL OVERHEAD** – Report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with general overhead that cannot be allocated to any of the other disbursement categories in Statement B.

Some disbursements for overhead do not support a specific function, so these disbursements should be reported in this schedule. Include support personnel at the labor organization's headquarters, such as building maintenance personnel and security guards, and other overhead costs. Not all support staff should be included in General Overhead. For instance, the salary of an assistant, whenever possible, should be allocated at the same ratio as the person or persons to whom they provide support.

For all major disbursements in this category:

Enter in Column (A) of an Initial

Itemization Page the full name and business address of the entity or individual to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the union may report only the city and state.

Enter in Column (B) the type of business or job classification of the entity or individual to which the union disbursed $5,000 or more in General Overhead during the reporting period, such as office supplies vendor, landlord, mortgage lender, cleaning firm, security firm, etc.

Enter in Column (C) the purpose of the disbursement of $5,000 or more, in sufficient detail to determine why the disbursement cannot be allocated to another schedule.

Enter in Column (D) the date that the disbursement of $5,000 or more was made. The format for the date must be mm/dd/yyyy. The date of disbursement for reporting purposes is the date the labor organization actually disbursed the money.

Enter in Column (E) the amount of the disbursement of $5,000 or more.

The software will enter in Line (F) the total of all disbursements listed in Column (E).

The software will enter in Line (G) the totals from any Continuation Itemization Pages for this payee.

The software will enter in Line (H) the total of all itemized disbursements to this payee (the sum of Lines (F) and (G)).

Enter in Line (I) the total of all non-itemized disbursements to this payee (that is, all individual disbursements of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with this payee for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payee. Only one payee should be reported per page. If the Initial Itemization Page does not provide enough space, continuation pages should be used to report additional disbursements to the payee.

The software will total the itemized disbursements to named vendors (the sum of the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 18) and enter that amount on Line 1 of Summary Schedule 18 on the Detailed Summary Page. The software will total the non-itemized disbursements to named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 18) and enter that amount on Line 2 of Summary Schedule 18. The software will enter in Line 3 of Summary Schedule 18 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11. The software will enter in Line 4 of Summary Schedule 18 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12. Enter the total amount of all other disbursements relating to this schedule made to other payees during the reporting period on Line 5 of Summary Schedule 18. This is the total from your organization's books of all disbursements relating to this schedule made to payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more. The software will add Lines 1 through 5 and enter the total on Line 6 of Summary Schedule 18 and in Item 53 (General Overhead) of Statement B.

**SCHEDULE 19 – UNION ADMINISTRATION —** Report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with union administration.

Union administration includes disbursements relating to the nomination and election of union officers, the union's regular membership meetings, intermediate, national and international meetings, union disciplinary proceedings, the administration of trusteeships, and the administration of apprenticeship and member education programs (not including political education which should be reported in Schedule 16).

For all major disbursements in this category:

Enter in Column (A) of an Initial Itemization Page the full name and business address of the entity or individual to which the disbursement was made. Do not abbreviate the name of the entity or individual. If you do not know and cannot reasonably obtain the full address of the entity or individual, the union may report only the city and state.

Enter in Column (B) the type of business or job classification of the entity or individual to which the union disbursed $5,000 or more for Union Administration during the reporting period, such as printing company, office supplies vendor, legal counsel, etc.

Enter in Column (C) the purpose of the disbursement of $5,000 or more in sufficient detail to determine why the disbursement cannot be allocated to another schedule. For example, printing of election ballots, rental of meeting facilities for a union convention, printing of transcripts of trusteeship hearing, etc.

Enter in Column (D) the date that the disbursement of $5,000 or more was made. The format for the date must be mm/dd/yyyy. The date of disbursement for reporting purposes is the date the labor organization actually disbursed the money.

Enter in Column (E) the amount of the disbursement of $5,000 or more.

The software will enter in Line (F) the total of all disbursements listed in Column (E).

The software will enter in Line (G) the totals from any continuation pages for this payee.

The software will enter in Line (H) the total of all itemized disbursements to this payee (the sum of Lines (F) and (G)). Enter in Line (I) the total of all non-itemized disbursements to this payee (that is, all individual disbursements of less than $5,000 each).

The software will enter in Line (J) the total of all transactions with this payee for this schedule (the sum of Lines (H) and (I)).

An Initial Itemization Page must be completed for each payee. Only one payee should be reported per page. If the Initial Itemization Page does not provide enough space, continuation pages should be used to report additional disbursements to the payee.

The software will total the itemized disbursements to named vendors (the sum of the amounts entered in Line (H) on all Initial Itemization Pages for Schedule 19) and enter that amount on Line 1 of Summary Schedule 19 on the Detailed Summary Page. The software will total the non-itemized disbursements to named vendors (the sum of the amounts entered in Line (I) on all Initial Itemization Pages for Schedule 19) and enter that amount on Line 2 of Summary Schedule 19. The software will enter in Line 3 of Summary Schedule 19 the total of all disbursements to officers allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 11. The software will enter in Line 4 of Summary Schedule 19 the total of all disbursements to employees allocated to the schedule. This is the sum of the amounts that correspond to the percentages entered in Line (I) of Schedule 12. Enter the total amount of all other disbursements relating to this schedule made to other payees during the

reporting period on Line 5 of Summary Schedule 19. This is the total from your organization's books of all disbursements relating to this schedule made to payees who did not have a single disbursement of $5,000 or more or disbursements that aggregated $5,000 or more. The software will total Lines 1 through 5 and enter that amount on Line 6 of Summary Schedule 19 and in Item 54 (Union Administration) of Statement B.

**SCHEDULE 20 – BENEFITS – [Note: Do not use the Itemization Pages for Schedule 20. Instead use the separate Schedule 20]** Report the labor organization's direct and indirect disbursements to all entities and individuals during the reporting period associated with direct and indirect benefits for officers, employees, members, and their beneficiaries. Benefit disbursements to be reported in Schedule 20 include, for example, disbursements for life insurance, health insurance, and pensions. Do not include salary bonuses, severance payments, or payments for accrued vacation, which should be reported in Column (D) of Schedule 11 or 12.

Direct benefit disbursements are those made to officers, employees, members, and their beneficiaries from the labor organization's funds. Indirect benefit disbursements are those made from the labor organization's funds to a separate and independent entity, such as a trust or insurance company, which in turn and under certain conditions will pay benefits to the covered individuals. An example of an indirect benefit disbursement is the premium on group life insurance.

Enter in Column (A) the type of benefit, such as pension, welfare, etc.

Enter in Column (B) to whom payment was made; for example, union members, insurance company, etc. Individual union members and their beneficiaries are not required to be listed by name.

Enter in Column (C) the amount disbursed for each type of benefit.

The software will enter on Line 22 the total from any continuation pages. The software will total Lines 1 through 22 and enter that amount on Line 23 and in Item 55 (Benefits) of Statement B.

# STATEMENT A
# ASSETS AND LIABILITIES

## ASSETS

The software will pre-fill Columns A and C (Start of Reporting Period) from your organization's report for the previous fiscal year. If the data is inaccurate, however, it can be edited manually. Be sure to explain any changes in Item 69.

**22. CASH —** Enter the total of all the labor organization's cash on hand and on deposit at the start and end of the reporting period in Columns (A) and (B), respectively. Include all cash on hand, such as undeposited cash, checks, and money orders; petty cash; and cash in safe deposit boxes. Cash on deposit includes funds in banks, credit unions, and other financial institutions, such as checking accounts, savings accounts, certificates of deposit, and money market accounts. Also, include any interest credited to the labor organization's account during the reporting period.

**NOTE:** The checking account balances reported should be obtained from the labor organization's books as reconciled with the balances shown on bank statements.

**23. ACCOUNTS RECEIVABLE —** Ordinarily, accounts receivable are moneys due for goods sold or services rendered evidenced by notes, statements, invoices, or other written evidence of a present obligation. Enter in Column (A) the total of all gross accounts receivable at the start of the reporting period. The software will enter in Column (B) the total of all gross accounts receivable at the end

of the reporting period from Line 28, Column B of Schedule 1 (Accounts Receivable Aging Schedule). If accounts receivable are carried on the labor organization's books at net (gross accounts receivable less the allowance for doubtful accounts), the labor organization may report the allowance for doubtful accounts in Item 69 (Additional Information).

**24. LOANS RECEIVABLE** — Enter in Column (A) the total of all gross loans receivable at the start of the reporting period, which is also reported on Line 6, Column (B) of Schedule 2 (Loans Receivable). The software will enter the total of all gross loans receivable at the end of the reporting period in Column (B) from Line 6, Column (E) of Schedule 2.

**25. U.S. TREASURY SECURITIES** — Enter the total value of all U.S. Treasury securities as shown on the labor organization's books at the start and end of the reporting period in Columns (A) and (B), respectively. If the value reported is different from the original cost, the original cost must be reported in Item 69 (Additional Information). Other U.S. Government obligations, state and municipal bonds, and foreign government securities must be reported in Schedule 5 (Investments Other Than U.S. Treasury Securities) under "Marketable Securities" and in Item 26 (Investments).

**26. INVESTMENTS** — Enter in Column (A) the total book value at the start of the reporting period of all investments other than U.S. Treasury securities, which are reported in Item 25 (U.S. Treasury Securities). The software will enter in Column (B) the total reported on Line 7 of Schedule 5 (Investments Other Than U.S. Treasury Securities).

**27. FIXED ASSETS** — Enter in Column (A) the total value as shown on the labor organization's books at the start of the reporting period of all fixed assets, such as land, buildings, automobiles, and office furniture and equipment. The software will

enter in Column (B) the total reported on Line 8, Column (D) of Schedule 6 (Fixed Assets).

**28. OTHER ASSETS** — Enter in Column (A) the total value as shown on the labor organization's books at the start of the reporting period of all assets not reported in Items 22 through 27. The software will enter in Column (B) the total reported on Line 15 of Schedule 7 (Other Assets).

**29. TOTAL ASSETS** — The software will total Items 22 through 28, Columns (A) and (B), and enter the respective amounts in Item 29.

## LIABILITIES

**30. ACCOUNTS PAYABLE** — Ordinarily, accounts payable are those obligations incurred on an open account for goods and services rendered. Enter in Column (C) the total of all gross accounts payable at the start of the reporting period. The software will enter the total of all gross accounts payable at the end of the reporting period in Column (D) from Line 28, Column B of Schedule 8 (Accounts Payable Aging Schedule).

**31. LOANS PAYABLE** — Enter in Column (C) the total of all gross loans payable at the start of the reporting period, which is also reported on Line 13, Column (B) of Schedule 9 (Loans Payable). The software will enter the total of all gross loans payable at the end of the reporting period in Column (D) and on Line 13, Column (E) of Schedule 9.

**32. MORTGAGES PAYABLE** — Enter the total amount of the labor organization's obligations that were secured by mortgages or similar liens on real property (land or buildings) at the start and end of the reporting period in Columns (C) and (D), respectively.

**33. OTHER LIABILITIES** — Enter in Column (C) the total amount as shown on the labor organization's books at the start of the reporting period of all liabilities not

reported in Items 30 through 32. The software will enter in Column (D) the total reported on Line 14 of Schedule 10 (Other Liabilities).

**34. TOTAL LIABILITIES** — The software will total Items 30 through 33, Columns (C) and (D), and enter the respective amounts in Item 34.

**35. NET ASSETS** — The software will subtract Item 34 (Total Liabilities), Column (C) from Item 29 (Total Assets), Column (A) and enter the difference in Item 35, Column (C). The software will also subtract Item 34, Column (D) from Item 29, Column (B) and enter the difference in Item 35, Column (D).

# STATEMENT B RECEIPTS AND DISBURSEMENTS

Under Statement B, receipts must be recorded when money is actually received by the labor organization and disbursements must be recorded when money is actually paid out by the labor organization.

The purpose of Statement B is to report the flow of cash in and out of the labor organization during the reporting period. Transfers between separate bank accounts or between special funds of the labor organization, such as vacation or strike funds, do not represent the flow of cash in and out of the labor organization. Therefore, these transfers should not be reported as receipts and disbursements of the labor organization. For example, do not report a transfer of cash from the labor organization's savings account to its checking account. Likewise, the use of funds reported in Item 22 (Cash) of Statement A to purchase certificates of deposit and the redemption of certificates of deposit should not be reported in Statement B.

Since Statement B reports all cash flowing in and out of the labor organization,

"netting" is not permitted. "Netting" is the offsetting of receipts against disbursements and reporting only the balance (net) as either a receipt or disbursement. For example, if an officer received $1,000 from the labor organization for convention expenses, used only $800 and returned the remaining $200, the $1,000 disbursement must be reported in Schedule 11 (All Officers and Disbursements to Officers) and the appropriate disbursement Schedule 15 through 21, and the $200 receipt must be reported in Schedule 14 (Other Receipts). It would be incorrect to report only an $800 net disbursement to the officer.

Receipts and disbursements by an agent on behalf of the labor organization are considered receipts and disbursements of the labor organization and must be reported in the same detail as other receipts and disbursements. For example, if the labor organization owns a building managed by a rental agent, the agent's rental receipts and disbursements for expenses must be reported on the labor organization's Form LM-2. Also, if the labor organization's parent body or an intermediate body functions as an agent receiving and disbursing funds of the labor organization to third parties, these receipts and disbursements must be reported on the labor organization's Form LM-2. For example, if a parent body receives the labor organization's dues and makes disbursements from that money to pay the labor organization's bills (such as payments to an attorney for legal services), those receipts and disbursements must be reported on the labor organization's Form LM-2.

## CASH RECEIPTS

**36. DUES AND AGENCY FEES –** Enter the total dues including regular dues, working dues, etc. received by the labor organization. Include dues received directly by the organization from members, dues received from employers through a checkoff arrangement, and dues

transmitted to the organization by a parent body or other affiliate. Report the full dues received, including any portion that will later be transmitted to an intermediate or parent body as per capita tax. Also report in Item 36 payments in lieu of dues received from any nonmember employees as a condition of employment under a union security provision in a collective bargaining agreement.

If an intermediate or parent body receives dues checkoff directly from an employer on behalf of the reporting organization, do not report in Item 36 the portion retained by that organization for per capita tax or other purposes, such as a special assessment. Any amounts retained by the intermediate body or parent body other than per capita tax must be explained in Item 69 (Additional Information). For example, if the intermediate body or parent body retained $500 of the reporting organization's dues checkoff as payment for supplies purchased from that body by the reporting organization, this should be explained in Item 69, but the $500 should not be reported as a receipt or disbursement on the reporting organization's Form LM-2. If, however, the intermediate body or parent body disbursed part of the reporting organization's dues checkoff on that organization's behalf, this amount should be included in Item 36 and in the appropriate disbursement item on the reporting organization's Form LM-2. For example, if the intermediate body or parent body disbursed $500 of the reporting organization's dues checkoff to an attorney who had provided lobbying services to the reporting organization, this amount should be reported in Item 36 and as a disbursement in Schedule 16 (Political Activities and Lobbying) of the reporting organization's Form LM-2.

Do not report in Item 36 dues that the reporting organization collected on behalf of other organizations for transmittal to them. For example, if the reporting organization received dues from a member of an affiliate who worked in the

reporting organization's jurisdiction, the dues collected on the affiliate's behalf must be reported in Item 46.

**37. PER CAPITA TAX —** Enter the total per capita tax received by your organization if your organization is an intermediate or parent body; otherwise, enter "0" in Item 37. Include the per capita tax portion of dues received directly by your organization from members of affiliates, per capita tax received from subordinates, either directly or through intermediaries, and the per capita tax portion of dues received through a checkoff arrangement whereby local dues are remitted directly to an intermediate or parent body by employers. Do not include dues collected on behalf of subordinate organizations for transmittal to them. For example, if a parent body received dues checkoff directly from an employer and returned the local's portion of the dues, the parent body must report the dues received on behalf of the local in Item 46 (On Behalf of Affiliates for Transmittal to Them).

**38. FEES, FINES, ASSESSMENTS, WORK PERMITS —** Enter the labor organization's receipts from fees, fines, assessments, and work permits. Receipts by the labor organization on behalf of affiliates for transmittal to them must be reported in Item 46 (On Behalf of Affiliates for Transmittal to Them).

**39. SALE OF SUPPLIES —** Enter the total amount received by the labor organization from the sale of supplies such as union logo clothing, lapel pins, bumper stickers, etc.

**40. INTEREST —** Enter the total amount of interest received by the labor organization from savings accounts, bonds, mortgages, loans, and all other sources.

**41. DIVIDENDS —** Enter the total amount of dividends from stocks and other investments received by the labor organization. Do not include "dividends"

from credit unions, savings and loan associations, etc., which must be reported in Item 40 (Interest).

**42. RENTS —** Enter the total amount of rents received by the labor organization.

**43. SALE OF INVESTMENTS AND FIXED ASSETS —** The software will enter the total reported on Line 15 of Schedule 3 (Sale of Investments and Fixed Assets).

**44. LOANS OBTAINED —** The software will enter the total reported on Line 13, Column (C) of Schedule 9 (Loans Payable).

**45. REPAYMENTS OF LOANS MADE —** The software will enter the total reported on Line 6, Column (D)(1) of Schedule 2 (Loans Receivable).

**46. ON BEHALF OF AFFILIATES FOR TRANSMITTAL TO THEM —** Enter the total amount of dues, fees, fines, assessments, and work permit fees received by the labor organization, through a checkoff arrangement or otherwise, on behalf of affiliates for transmittal to them.  Do not include the amount withheld by the labor organization for per capita taxes or other purposes, such as loan repayments, which must be reported elsewhere in Statement B.  When the receipts reported in Item 46 are transmitted, the disbursement must be reported in related Item 63 (To Affiliates of Funds Collected on Their Behalf).

**47. FROM MEMBERS FOR DISBURSEMENT ON THEIR BEHALF —** Enter the total receipts from members that are specifically designated by them for disbursement on their behalf; for example, contributions from members for transmittal by the labor organization to charities. When receipts that are reported in Item 47 are transmitted, the disbursement must be reported in related Item 64 (On Behalf of Individual Members).

**48. OTHER RECEIPTS —** The software will enter the total reported on Summary Schedule 14, Line 4.

**49. TOTAL RECEIPTS —** The software will add Items 36 through 48 and enter the total in Item 49.

## CASH DISBURSEMENTS

**50. REPRESENTATIONAL ACTIVITIES –** The software will enter the total from Summary Schedule 15, Line 6.

**51. POLITICAL ACTIVITIES AND LOBBYING –** The software will enter the total from Summary Schedule 16, Line 6.

**52. CONTRIBUTIONS, GIFTS, AND GRANTS –** The software will enter the total from Summary Schedule 17, Line 6.

**53. GENERAL OVERHEAD –** The software will enter the total from Summary Schedule 18, Line 6.

**54. UNION ADMINISTRATION –** The software will enter the total from Summary Schedule 19, Line 6.

**55. BENEFITS –** The software will enter the total from Line 23 of Schedule 20.

**56. PER CAPITA TAX —** Enter your organization's total amount of per capita tax paid as a condition or requirement of affiliation with your parent national or international union, state and local central bodies, a conference, joint or system board, joint council, federation, or other labor organization.

**57. STRIKE BENEFITS –** Enter the total amount of all disbursements made to, or on behalf of the members (or agency fee paying nonmembers) of the labor organization, and others, associated with strikes (including recognitional strikes), work stoppages and lockouts during the reporting period.

**58. FEES, FINES, ASSESSMENTS, ETC. —** Enter the total amount of fees, fines, assessments, and similar disbursements made by the labor organization to a parent body or other

labor organization.

**59. SUPPLIES FOR RESALE —** Enter the labor organization's total disbursements for purchases of supplies such as union logo clothing, lapel pins, bumper stickers, etc. for resale.

**60. PURCHASE OF INVESTMENTS AND FIXED ASSETS —** The software will enter the total reported on Line 15 of Schedule 4 (Purchase of Investments and Fixed Assets).

**61. LOANS MADE —** The software will enter the total reported on Line 6, Column (C) of Schedule 2 (Loans Receivable).

**62. REPAYMENT OF LOANS OBTAINED —** The software will enter the total reported on Line 13, Column (D)(1) of Schedule 9 (Loans Payable).

**63. TO AFFILIATES OF FUNDS COLLECTED ON THEIR BEHALF —** Enter the total disbursements of funds collected on behalf of affiliates by the labor organization. This amount usually is the same as the amount reported in related Item 46 (On Behalf of Affiliates for Transmittal to Them). Any such funds not disbursed by the end of the reporting period are liabilities of the labor organization and must be reported in Schedule 10 (Other Liabilities).

**64. ON BEHALF OF INDIVIDUAL MEMBERS —** Enter the total disbursements of funds collected from members by the labor organization that were specifically designated by them for disbursement on their behalf. This amount usually is the same as the amount reported in related Item 47 (From Members for Disbursement on Their Behalf). Any such funds not disbursed by the end of the reporting period are liabilities of the labor organization and must be reported in Schedule 10 (Other Liabilities).

**65. DIRECT TAXES –** Enter all taxes assessed against and paid by your

organization, including your organization's FICA taxes as an employer. Do not include disbursements for the transmittal of taxes withheld from the salaries of officers and employees which must be reported in Item 67 (Withholding Taxes and Other Payroll Deductions). Also, do not include indirect taxes, such as sales and excise taxes, for purchases reported in other disbursement items.

**66. SUBTOTAL —** The software will add Items 50 through 65 and enter the result in Item 66.

**67. WITHHOLDING TAXES AND OTHER PAYROLL DEDUCTIONS –**
 a. Total Withheld—Enter the total amount of withholding taxes and all other payroll deductions during the reporting period.
 b. Total Disbursed—Enter the total amount of withholding taxes and all other payroll deductions that were disbursed by your organization during the reporting period. This includes your organization's total disbursements to Federal, state, county, and municipal government agencies for the transmittal of taxes withheld from the salaries of officers and employees, including officers' and employees' portion of FICA taxes and all disbursements for the transmittal of other payroll deductions.
 c. Total Withheld But Not Disbursed— The software will subtract Item 67b from Item 67a and enter the result in Item 67c.

**68. TOTAL DISBURSEMENTS –** The software will subtract Item 67c from Item 66 and enter the result in Item 68.

*NOTE: The following worktable may be used to determine that the figures for receipts, disbursements, and cash are correctly reported on the labor organization's Form LM-2:*

A. Cash at Start of Reporting     $
    Period — Item 22, Column (A)
B. Add:  Total Receipts — Item 49   $

C. Total of Lines A and B        $

D. Subtract:  Total Disbursements    $
— Item 68

E. Cash at End of Period    $

If Line E does not equal the amount
reported in Item 22, Column (B), there is
an error in the labor organization's report,
which should be corrected.

# ADDITIONAL INFORMATION AND SIGNATURES

**69. ADDITIONAL INFORMATION —** Use
Item 69 to provide additional information
as indicated on Form LM-2 and in these
instructions.  Enter the number of the item
to which the information relates in the Item
Number column if the software has not
entered the number.

**70-71. SIGNATURES —** The completed
Form LM-2 that is filed with OLMS must
be signed by both the president and
treasurer, or corresponding principal
officers, of the labor organization.  If an
officer other than the president or
treasurer performs the duties of the
principal executive or principal financial
officer, the other officer may sign the
report.  If an officer other than the
president or treasurer signs the report,
enter the correct title in the title field next
to the signature and explain in Item 69
(Additional Information) why the president
or treasurer did not sign the report.  Forms
must be signed with digital signatures.
Information about digital signatures can be
obtained on the OLMS Web site at
http://www.olms.dol.gov.

Before signing the form, enter the
telephone number at which the signatories
conduct official business and the date.

# XII. LABOR ORGANIZATIONS THAT HAVE CEASED TO EXIST

If a labor organization has gone out of
existence as a reporting labor
organization, the last president and

treasurer or the officials responsible for
winding up the affairs of the labor
organization must file a terminal financial
report for the period from the beginning of
the fiscal year to the date of termination.
A terminal financial report must be filed if
the labor organization has gone out of
business by disbanding, merging into
another organization, or being merged
and consolidated with one or more labor
organizations to form a new labor
organization.  A terminal financial report is
not required if the labor organization
changed its affiliation but continues to
function as a separate reporting labor
organization.

The terminal financial report must be filed
on Form LM-2 if the labor organization
filed its previous annual report on Form
LM-2 and must be submitted within 30
days after the date of termination.

To complete a terminal report on Form
LM-2, follow the instructions in Section XI
and, in addition:

- Enter the date the labor organization
  ceased to exist in Item 2 after the word
  "Through." The format for the date must
  be mm/dd/yyyy.

- Select Item 3(c) indicating that the labor
  organization ceased to exist during the
  reporting period and that this is the labor
  organization's terminal Form LM-2.

- Provide in Item 69 (Additional
  Information) a detailed statement of the
  reason the labor organization ceased to
  exist.  Also report in Item 69 plans for
  the disposition of the labor
  organization's cash and other assets, if
  any (for example, transfer of cash and
  assets to the parent body).  Provide the
  name and address of the person or
  organization that will retain the records
  of the terminated organization.  If the
  labor organization merged with another
  labor organization, report that
  organization's name, address, and 6-
  digit file number.

Contact the nearest OLMS field office listed below if you have questions about filing a terminal report.

## *If You Need Assistance*

The Office of Labor-Management Standards has field offices located in the following cities to assist you if you have any questions concerning LMRDA and CSRA reporting requirements.
Atlanta, GA
Birmingham, AL
Boston, MA
Buffalo, NY
Chicago, IL
Cincinnati, OH
Cleveland, OH
Dallas, TX
Denver, CO
Detroit, MI
Grand Rapids, MI
Guaynabo, PR
Honolulu, HI
Houston, TX
Kansas City, MO
Los Angeles, CA
Miami (Ft. Lauderdale), FL
Milwaukee, WI
Minneapolis, MN
Nashville, TN
New Haven, CT
New Orleans, LA
New York, NY
Newark (Iselin), NJ
Philadelphia, PA
Pittsburgh, PA
St. Louis, MO
San Francisco, CA
Seattle, WA
Tampa, FL
Washington, DC

Consult the OLMS Web site listed below or local telephone directory listings under United States Government, Labor Department, Office of Labor-Management Standards, for the address and telephone number of the nearest field office.

Copies of labor organization annual financial reports, employer reports, and labor relations consultant reports filed for the year 2000 and after can be viewed and printed at http://www.union-reports.dol.gov. Copies of reports for the year 1999 and earlier can be ordered through the Web site.

Information about OLMS, including key personnel and telephone numbers, compliance assistance materials, the text of the LMRDA, and related Federal Register and Code of Federal Regulations documents, is also available on the Internet at:

**http://www.olms.dol.gov**

## U.S. Department of Labor
**Employment Standards Administration**
**Office of Labor-Management Standards**
*www.dol.gov/esa*



Search / A to Z Index

Find It!: By Topic | By Audience | By Top 20 Requested Items | By Form | By Organization | By Location

**June 19, 2008**     DOL Home > ESA > OLMS > Form T-1

## Form T-1 Trust Annual Report

### NOTE

On July 16, 2007, in AFL-CIO v. Chao, the United States District Court for the District of Columbia vacated the September 29, 2006 Final Rule implementing Form T-1, Trust Annual Report. As a result of this ruling, no Form T-1 is now required to be filed. If any further developments result in a change to the Form T-1 reporting requirement, OLMS will inform the public through the OLMS Mailing List and other means.

To download a copy of the Form T-1 software from this page, please go through the following steps in order.

Step One -     Apply for a Digital Signature

Step Two -     Download Adobe Reader version 6-8.

Step Three -     Download the Electronic Forms Plug-in.

Step Four -     Download the Form T-1 PDF

Labor organizations may choose to complete this form manually by typing financial data directly into the form. The software will also permit unions that keep records electronically to import financial data from their accounting programs into the electronic Form T-1. For electronic importation, the Department has provided technical specifications to assist unions in converting their financial data into a format supported by the software.

The User Guide (pdf) to the Form T-1 guides users through the process of preparing and completing the form, providing instructions and navigation tips to help users download the form, enter information directly onto the form, import data files extracted from the union's accounting system into the form, and add digital signatures.

The Form T-1 Instructions (pdf) provide specific item-by-item instructions for completing this form.

If you have difficulty navigating the software, or have questions about its functions and features, please call the Department's National Call Center for toll free assistance at: 1-866-487-2365. Or you can call the OLMS Help Desk directly at (toll-free)1-866-401-1109. You may also send such questions by email to olms-public@dol.gov.

**Hardware and Software Requirements for Use**

**Form T-1 Information and FAQs**

**Step 1:** To electronically sign and submit Form T-1, you must have purchased an electronic digital signature. This digital signature enables you to electronically sign your report so that you can submit it to OLMS. More information about digital signatures is available on the OLMS Digital Signature Page.

You can purchase an ACES (Access Certificates for Electronic Services) digital certificate

OLMS Links

Compliance Assistance

LMRDA Enforcement

Compliance Audits
    CAP

    . I-CAP

Union Reports and Collective Bargaining Agreements: Online Public Disclosure Room

Forms Download

    Which Form Do I Use?

    . Form T-1

    Form LM-2

    Form LM-3 (Adobe Reader Version)

    Form LM-4 (Adobe Reader Version)

    All Other Forms

Publications and Outreach

Laws and Regulations

Newsroom

About OLMS
    Mission
    History
    Org. Chart
    Offices
    Customer Service
    OLMS Annual Reports

Freedom of

through IdenTrust at: http://www.identrust.com/dol/index.html. The charge for a digital signature certificate is $70 for an individual certificate or $119 for a business certificate. Individuals required to sign Form T-1 may use either type of certificate. If you have any questions or problems with the purchasing procedure, you can contact IdenTrust's Help Desk directly at 1-888-339-8904.

If you currently have an AT&T ACES digital signature (government), you may use that signature to sign this form.

**Step 2:** To download a free copy of Adobe® Reader® - version 6-8
http://www.adobe.com/products/acrobat/reader_archive.html#Win

First, select the appropriate operating system and version you are using on your computer and click continue.

Then check Adobe Reader version 6-8 and click download.

**Step 3:** After you have downloaded and installed Adobe® Reader®, you must download and install the Electronic Forms Plug-in. The plug-in enables the data import features in the form. The same plug-in is used for both the Form LM-2 and the Form T-1 and only needs to be installed once. To do this, click on the link below. Click open and follow the instructions.

Download the Electronic Forms Plug-in

**Step 4:** Download the Form T-1 PDF to your computer and follow the instructions.

Filers will need the following minimum PC hardware requirements:

- Intel® Pentium III® series processor (or equivalent)
- 64MB RAM
- 60MB of available hard-disk space

The following operating systems will support the Form T-1 software:

- Microsoft® Windows 98 Second Edition
- Windows Millennium Edition
- Windows NT® 4.0 with Service Pack 6
- Windows 2000 with Service Pack 2
- Windows XP Professional
- Windows XP Home

Note: For optimum performance, OLMS recommends using an Intel Pentium IV (or equivalent) processor running at a minimum speed of 2.4 GHZ with 1 GB of memory.

You will need one of the following browsers:

- Microsoft Internet Explorer - version 5.5 or higher
- Netscape Navigator - version 4.7 or higher
- Mozilla - version 1.3 or higher

In addition, to complete Form T-1, you will need Adobe® Reader® - version 6-8.

Once you have applied digital signatures to your completed report, electronically submit it to OLMS through the Upload Form page. When you click the "Submit" button on the form, you are taken to the Upload Form page. Follow the instructions on that page to complete the electronic submission process and receive a receipt of your submission.

Last Updated: 11/02/07

Information Act(FOIA)

Contact OLMS

Transit Employee Protections

---

⊕ Back to Top          www.dol.gov/esa          www.dol.gov

**Freedom of Information Act | Customer Survey**
**Privacy & Security Statement | Disclaimers | E-mail to a Friend**

**U.S. Department of Labor**                     **1-866-4-USA-DOL**
Frances Perkins Building                          TTY: 1-877-889-5627
200 Constitution Avenue, NW                         **Contact Us**
Washington, DC 20210